UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                                                                                               24-00676-VEC

ALON ALEXANDER, OREN
ALEXANDER, and TAL ALEXANDER,

    Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT 5

Alon Alexander and Tal Alexander move, pursuant to Fed. R. Crim. P. 12(b)(3)(B) and the Fifth and Sixth Amendments, to dismiss Count 5 of the indictment, charging him with sex trafficking of a minor and also sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591.[1] Count 5 also charges "at least one" commercial sex act with respect to the alleged victim, but does not provide notice of how many commercial sex acts the government will attempt to prove at trial on this count, rendering the count duplicitous in more ways than one and woefully inadequate in terms of notice and double jeopardy. And Count 5 does not provide any reasonable notice as to the nature of the accusations, or even reasonably inform the defendants as to the date they occurred.

This charging of "at least" two offenses — which carry different mandatory minimums, *see* 18 U.S.C. § 1591 (b)(1)-(2) — in a single count results in a duplicitous charge. The count charged also fails to provide adequate notice of the conduct, in violation of the Sixth Amendment guarantee that a criminal defendant be "informed of the nature and the cause of the accusation," U.S. Const.

---

[1]Section 1591 identifies two separate crimes: sex trafficking by force, fraud, and coercion; and sex trafficking of a person who has not attained 18 years of age. Sex trafficking by force, fraud, or coercion carries a mandatory minimum of 15 years. § 1591(b)(1). Sex trafficking of an individual between 14 and 18 years of age is punishable by 10 years. § 1591(b)(2). *Cf. Alleyne v. United States*, 570 U.S. 99 (2013).

Amend. VI, and the Fifth Amendment rights to due process and to indictment by a grand jury. The duplicitous count is also invalid on its face, and raises significant concerns that the grand jury returned a non-unanimous verdict, in violation of the defendants' Fifth Amendment rights to indictment by a grand jury. The count therefore must be dismissed.

Fed. R. Crim. P. 12(b)(3)(B) enables a district court to hear a motion to dismiss alleging that the indictment fails to comply with pleading requirements by "(i) joining two or more offenses in the same count (duplicity)" and "(v) failure to state an offense."

"[T]he prohibition of duplicity is said to implicate a defendant's rights to notice of the charge against him, to a unanimous verdict, to appropriate sentencing and to protection against double jeopardy in a subsequent prosecution." *United States v. Murray*, 618 F.2d 802, 896 (2d. Cir. 1980). These constitutional concerns are all implicated here, and the defendants are severely prejudiced by the duplicitous charge, which fails to provide adequate and constitutionally required notice. *See also United States v. Slim*, 2020 WL 3790681, at *3 (D.S.D. July 27, 2020) ("Duplicity is the joining in a single count of two or more distinct and separate offenses. The problem with a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense. Count I of the indictment accuses defendant of soliciting a minor for a commercial sex act. It does not mention the use of force or coercion at all. The indictment thus does not duplicitously charge defendant with multiple offenses in a single count."). (citing *United States v. Paul*, 885 F. 3d 1099, 1104 (8th Cir. 2018)).

Concerns about verdict unanimity are central to the duplicity doctrine. The Second Circuit has emphasized the need to avoid "the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another" and also expressed concern about "the risk that jurors may not have been unanimous as to any one of the crimes charged."

*United States v. Margiotta*, 646 F.2d 729, 732-33 (2d. Cir. 1981) (quoting *Murray*, 618 F.2d at 896-97 (2d. Cir. 1980)). The rule against duplicity is "more than mere formalism" and "must be invoked" when "an indictment affects the policy considerations" including adequate notice, lack of unanimity, and double jeopardy bars. *Id*.

The pleading requirements regarding adequate notice (a factor in the duplicity analysis) arise from similar constitutional concerns. "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). This requirement performs three constitutionally required functions the Sixth Amendment right to be informed of the nature and cause of the accusation; the double jeopardy bar mandated by the Fifth Amendment; and the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury. The wording of Rule 7(c)(1) imposes *two* requirements the statement of the essential facts *and* the citation of the statute. *United States v. Gonzalez*, 686 F.3d 122, 128 (2d. Cir. 2012). "*They are separate requirements and not a restatement of one another*." *Id*. (emphasis in original). Deficiencies in an indictment's factual allegation are not cured by citation to the statute. *Id*.

### Lack of Adequate Notice

The lack of adequate notice provided by Count 5 does not just warrant dismissal under the duplicity doctrine enunciated in Rule 12(b)(3)(B)(i) dismissal is independently warranted under 12(b)(3)(B)(v), for failure to state offense, and relatedly under the Fifth and Sixth Amendments. As to duplicity, the Second Circuit has acknowledged that problems with notice are a significant form of prejudice arising out of duplicitous counts. *United States v. Sturdivant*, 244 F.3d 71, 77 (2d. Cir. 2001).

Count 5, DE:86 at 8, charges that defendants did "recruit, entice, harbor, transport, provide,

obtain, and maintain," in violation of subsection (a)(1). It does not provide any notice whatsoever of how such conduct allegedly occurred, or which statutory alternative or combination of statutory alternatives is alleged. The count also charges a violation of the statutory alternative subsection (a)(2) — that the defendants "did benefit, financially or receiving anything of value." This is the *only* substantive sex trafficking count in the indictment that alleges the defendants benefitted financially or by receiving anything of value. Count 5 does not disclose in any way how defendants benefitted financially or by receiving a thing of value; who benefitted; and who paid. Count 5 alleges that "means of force, threats of force, fraud and coercion" were used to cause the individual to engage in a sex act, but it does not allege what means of force, what means of fraud, and what means of coercion were used. The count does not identify the alleged minor victim even by initials. The count does not say *which* of the defendants — or even if any of them — engaged in a commercial sex act with the minor; it does not say who was the principal and who aided and abetted. The count does not say what thing of value was given to or received by any person in exchange for the commercial sex act. It does not say who paid or who received this thing of value. And the count alleges that "in or about May 2009" — a period covering *over a month* — the alleged victim was caused to engage in "at least one commercial sex act." This is particularly problematic because two other counts in the Indictment, Counts 4 and Counts 7, occurred "in or about June 2009" — creating the same or at least an overlapping statutory time frame. Count 5 also does not provide notice as to where it allegedly happened — just "in the Southern District of New York and elsewhere," *again* creating duplicitous offenses. This provides absolutely no notice whatsoever as to what charge the defendants must prepare to face at trial. And these notice problems are exacerbated by the duplicitous nature of the count.

Defendants are left guessing. They do not have notice of who the alleged victim is, what they

are accused of doing, who is accused of doing what, when it supposedly happened, where it supposedly happened, or how many separate acts are charged in a single count. This fails to satisfy constitutional requirements of adequate notice. "Where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, it must descend to particulars*.*" *Russell v. United States*, 369 U.S. 749, 765 (1962) (citing *United States v. Cruikshank*, 92 U.S. 542, 558 (1876)); *see also id*. at 770 ("a bill of particulars cannot save an invalid indictment"). "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute.'" *Id*. at 765 (citing *United States v. Simmons*, 96 U.S. 360, 362 (1877)). "[I]t is not sufficient to set forth the offence in the words of the statute, unless those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id*. (citing *United States v. Carll*, 105 U.S. 611, 612 (1881)). "Undoubtedly, the language of the statute may be used in the general description of an offense, but ***it must be accompanied with such a statement of the facts and circumstances as well inform the accused of the specific offense***, coming under the general description, with which he is charged." *Id*. (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)) (emphasis added). These pleading requirements have been described as "basic principles of fundamental fairness," *id.* at 765-66, and they were not satisfied here. "A cryptic form of indictment in cases of this kind requires the defendant to go to trial with the chief issue undefined." *Id*.

In *Russell*, the count charged that defendants refused to answer certain questions when summoned before a congressional subcommittee. The statute prohibited the refusal to answer

questions "pertinent to a grand jury inquiry" and the indictments alleged that the questions to which answers were refused "were pertinent to the question then under inquiry by the subcommittee." *Id*. at 752. The Supreme Court found this to be constitutionally inadequate notice, and reversed the judgments of convictions, finding: "[T]he very core of criminality under 2 U.S.C. § 192 is pertinency to the subject under inquiry of the questions which the defendant refused to answer. What the subject actually was, therefore, is central to every prosecution under the statute. ***Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute***." *Id*. (emphasis added). The Supreme Court observed in *Russell* that "[i]t is difficult to imagine a case in which an indictment's insufficiency resulted so clearly in the indictment's failure to fulfill its primary office  to inform the defendant of the nature of the accusation against him." *Id*. at 767.

This is one such case. Unlike in *Russell*, where the indictment failed to apprise the defendants of the nature of the accusation *as to one element of the offense*, the government in this case failed to apprise the defendants of the nature of the accusation as to *every single element*, as to *how many acts charged*, as to *when they occurred*, as to *how they occurred*, as to *who was the accuser*, as to *where they occurred*, and as to *who did what*. *Russell* controls here, and Count 5 of the Indictment must be dismissed. The count does no more than track the statutory language. It does not apprise the defendants in any way of the nature of the accusations. And because Count 5 charges multiple offenses, the failure to apprise the defendants of any relevant facts and circumstances is that much more prejudicial.

*Unanimity Concerns*

There are also significant unanimity concerns with Count 5 as charged. The government cannot ask the jury to pick and choose in this manner, nor may it proceed with a throw-it-at-the-wall-

and-see-what-sticks theory of prosecution. Count 5 does precisely that. But the jury must unanimously find as to either force, fraud and coercion or as to sex trafficking of a minor; otherwise, the jury cannot said to be unanimous. The jury likewise must unanimously find as to *which* commercial sex act occurred, with "at least one" charged over a period of "at least" a month.

These unanimity concerns cannot be cured with a special verdict form because as the count is charged, there is significant concern that the grand jury did not return a unanimous verdict as to Count 5 both with respect to whether it was force, fraud, and coercion; or, alternatively, a minor victim; and, more significantly, with respect to which commercial sex act of an apparently limitless amount ("at least one") the grand jury returned an indictment on. The government thus cannot proceed with prosecution of Count 5, due to this structural infirmity in grand jury proceedings, which violated defendants' Fifth Amendment grand jury rights.

"An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial on the merits. The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 363 (1956). This indictment is not valid on its face it is duplicitous and it fails to apprise of the nature of the accusation, creating substantial concerns that the government will prosecute an entirely different offense at trial than the one indicted by the grand jury. "The grand jury, presumably under the guidance of the prosecutor, may charge few or many counts depending on a variety of factors, and, ***absent oppression or impermissible duplicity***, the decision with respect thereto is within the realm of grand jury and prosecutorial discretion." *United States v. Shorter*, 608 F. Supp. 871, 876 (D.D.C. 1985) (emphasis added). The grand jury clause is part of the bill of rights and serves as a fundamental protection against the federal government. The exceptions to the grand jury clause are few and are constitutionally based. As the Supreme Court explained over six decades ago, "the

substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules." *Smith v. United States*, 360 U.S. 1, 9 (1959). "[T]he intervention of a grand jury was a substantial safeguard against oppressive and arbitrary proceedings." *Id*. For this safeguard to function properly, the government cannot bring duplicitous charges to the grand jury and then pursue prosecution notwithstanding those deficiencies. Count 5 therefore must be dismissed.

### *Double Jeopardy Bar*

The charging of "at least one" commercial sex act "in or about August 2014" offers the defendants no protection against double jeopardy in a future prosecution, warranting dismissal under the Fifth Amendment and Fed. R. Crim. P 12(b)(3)(B)(i) and (v).

### Conclusion

For all of these reasons, Alon and Tal Alexander move to dismiss Count 5 of the Indictment, charging him with sex trafficking of a minor in violation of 18 U.S.C. § 1591. Counsel for Tal Alexander has represented to undersigned counsel that Tal joins in this motion.

    Respectfully submitted,

BLACK SREBNICK
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
(305) 371-6421

/s/ Howard Srebnick
HOWARD SREBNICK
Florida Bar No. 919063
HSrebnick@RoyBlack.com
*Counsel for Alon Alexander*