USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/23/2025

June 20, 2025

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United Courthouse
40 Foley Square New York, New York 10007

## MEMO ENDORSED

Re: *United States v. Oren Alexander*, No. 24-cr-00676 (VEC)

Dear Judge Caproni:

On behalf of Oren Alexander and Alon Alexander, we write pursuant to this Court's Individual Rules of Practice in Criminal Cases, Rule 3, to request redaction of various materials filed in connection with motions to suppress. *See* DE:108; DE:110; DE:111.

Heavily redacted versions of such motions were previously filed, and we sought more time to identify specific redactions and to move for sealing to protect information not subject to the public's right of access to court records. After review of this Court's June 13, 2025, order, and applicable public records law, the defendants move for narrowly tailored sealing to protect from public filing: (1) personal identifying information (such as email addresses, phone numbers, home addresses, and birth dates); and (2) any uncharged juvenile claims.

The motions to suppress, and their attachments, are judicial documents to which the presumption of access under both the common law and the First Amendment attaches. The motions are dispositive filings; the warrant applications "are made part" of these dispositive motions by attachment and reference. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) ("Once the [sealed discovery] documents are made part of a dispositive motion" they "lose their status of being raw fruits of discovery") (citing *In re "Agent Orange" Product Liability Litigation*, 98 F.R.D. 539, 544–45 (E.D.N.Y.1983)). "Discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." In the civil context, "documents used by parties moving

for, or opposing, summary judgment should not remain under seal absent the most compelling reasons"—and in the criminal context, motions for suppression tend to be similarly dispositive. *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). *See also Lugosch v. Pyramid Co. of Onondaga*, 453 F.3d 110, 119-20 (2d Cir. 2006); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents"). *See also Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("[T]he traditional way for judges to accommodate the legitimate competing interests is to keep the secrets themselves under seal, referring to them only indirectly in the opinion," rather than "releasing copies with sentences and paragraphs blotted out, as if Glavlit (the Soviet Union's censorship bureau) had got its hands on the document."). The public access cases establish that when sealing is warranted, it must be narrowly tailored and supported by a compelling reason.

The redactions to protect emails and phone numbers are narrowly tailored, and similar redactions have been deemed warranted by courts in this district. *See United States v. Adams*, No. 24-CR-556 (DEH), 2025 WL 844340, at *4 (S.D.N.Y. Mar. 18, 2025); *Fams. for Freedom v. U.S. Customs & Border Prot.*, 837 F. Supp. 2d 287, 302 (S.D.N.Y. 2011) (in Freedom of Information Act context, government may redact email addresses and phone numbers, which provide the public with no substantive information); *Seife v. United States Dep't of State*, 298 F. Supp. 3d 592, 629 (S.D.N.Y. 2018) (in Freedom of Information Act context, weighing "even a *de minimis* privacy right in the email addresses" with the public interest asserted, court found that disclosure of redacted information would not be proper).

The redactions proposed by the defense are also narrowly tailored and supported by the compelling reasons that justify blocking access to any juvenile-related allegations, which have historically been blocked from public access. In considering whether closure is warranted, courts are instructed to consider "whether the place and process have historically been open to the press and general public." *Press-Enterprise Co. v. Superior Court of California for Riverside Cnty.*, 478 U.S. 1, 8 (1986) ( "*Press-Enterprise II*"). "It is a hallmark of our juvenile justice system in the United States that virtually from its inception at the end of the last century its proceedings have been conducted outside of the public's full gaze and the youths brought before our juvenile courts have been shielded from publicity." *Smith v. Daily*

*Mail Pub. Co.*, 443 U.S. 97, 107 (1979) (Rehnquist, J., concurring). *See also id.* at 105 ("all 50 states have statutes that provide in some way for confidentiality" of juvenile records); *United States v. Three Juveniles*, 61 F.3d 86, 94 n.9 (1st Cir. 1995) (referencing "long, sound tradition of preserving the confidentiality of juvenile proceedings" and noting that courts have declined to hold or even suggest that juvenile proceedings ought to be open). The public right of access is generally understood to apply to criminal proceedings involving adult conduct, with routine sealing for any allegations of juvenile conduct.

The defense-requested redactions are narrowly tailored to protect the relevant compelling interests. To be sure, there are no allegations of any charged juvenile conduct in this case. *See, e.g.*, DE:86 (indictment charging that the conspiracy began in or around 2009). The defense has proposed redaction only to the supporting documents, and not to the motions themselves, which do not purport to provide any accusatory detail; proceeding in this manner is relevant to the centrality analysis discussed in *Lugosch*, 453 F.3d at 119-20, and demonstrates narrow tailoring.

The government does not oppose the requested redactions. The government has proposed additional redactions to protect victim and witness identity, and to protect the confidentiality of an ongoing investigation. The defense defers to the court on these additional redaction requests.

Thank you for your consideration.

Respectfully submitted,

**KLUGH WILSON LLC**

BY:    /s/ Richard C. Klugh
Richard  C. Klugh
40 NW Third St. PH 1
Miami, Florida 33128
Tel: 305-536-1191
klughwilson.com
*Counsel for Oren Alexander*

Application GRANTED. The materials to be filed in redacted form are "judicial documents" to which the common law right of public access attaches. *United States v. Akhavan*, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). The weight of that presumption is moderate, as the Court will consider those documents in connection with ruling on Defendants' motion to suppress, but the documents do not bear on the "adjudication of a dispositive motion." *Id.* at 185. The interests in protecting the privacy of alleged victims and witnesses and maintaining the confidentiality of ongoing investigations outweigh that presumption.

By **Tuesday, June 24, 2025**, Defendants must file redacted versions of the documents that include both Defendants' and the Government's proposed redactions.

SO ORDERED.

6/23/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE