

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 11, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
> S3 24 Cr. 676 (VEC)

Dear Judge Caproni:

The Government respectfully submits this letter in opposition to the defendants' motion to quash pending grand jury subpoenas. *See* Dkt. 134. The motion should be denied without a hearing.

**I.   Background**

Alon Alexander, Oren Alexander, and Tal Alexander are charged in the S3 Superseding Indictment, returned under seal on May 8, 2025, with: (i) participating in a sex trafficking conspiracy from at least 2009 to 2021; (ii) six counts of sex trafficking by force, fraud or coercion; (iii) two counts of inducement to travel to engage in unlawful sexual activity; and (iv) one count of aggravated sexual abuse by force or threat or intoxicant. This indictment was returned approximately five months after the defendants' initial arrests in December 2024, following additional investigation of their and others' criminal conduct.

The defendants' motion challenges the continued use of grand jury proceedings in this case. Because the grand jury has now returned the S3 Superseding Indictment, they ask the Court to "quash the grand jury subpoenas issued" to third parties. Dkt. 134 at 9. They also ask specifically that the Court quash a grand jury subpoena that was issued on March 11, 2025 (but for which production remains incomplete) to a third party referred to as "the Company" because the defendants contend that use of a grand jury subpoena was improper and that the subpoena would otherwise fail to satisfy the requirements of Rule 17.[1]

---

[1] In this letter, the Government relies on facts proffered by the defendants in their motion. Additional, relevant information about the Company and the subpoena have been submitted in a letter that the Government requests be kept under seal because the information relates to

## II. Applicable Law

"[A] grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed." *United States v. Calk*, 87 F.4th 164, 186 (2d Cir. 2023), *cert. denied*, 145 S. Ct. 144 (2024).[2] Charging a defendant does not end the proper use of the grand jury, and the "investigative power of a grand jury does not necessarily end with the return of an indictment." *United States v. Jones*, 129 F.3d 718, 723 (2d Cir. 1997).

It is "improper for the Government to use the grand jury for the sole or dominant purpose of preparing for trial under a pending indictment." *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). But "the grand jury process is afforded a presumption of regularity," and a defendant challenging the use of a grand jury "has the initial burden of presenting concrete allegations of Government misconduct." *Calk*, 87 F.4th at 186; *see also United States v. Punn*, 737 F.3d 1, 6 (2d Cir. 2013) ("To satisfy this burden, the defendant must present particularized proof of an improper purpose."). An otherwise proper grand jury investigation is not made improper because evidence gathered during the continuing investigation may have relevance to already brought charges. *See United States v. Sasso*, 59 F.3d 341, 351–52 (2d Cir. 1995).

## III. Discussion

The Court should deny the defendants' motion without a hearing. The defendants have not met their burden to "present particularized proof of an improper purpose" for the grand jury subpoenas. *Punn*, 737 F.3d at 6. And because they cannot carry their burden, piercing the secrecy of the grand jury proceedings is unwarranted. *See Leung*, 40 F.3d at 582 ("A review of grand jury minutes should not be permitted without concrete allegations of Government misconduct.").

For more than a decade, the defendants worked together and with others to drug and violently sexually assault and rape dozens of female victims. To date the defendants have been indicted and charged with participating in a long running sex trafficking conspiracy and with the substantive sex trafficking and sexual assault of seven victims. Though significant, these charges do not, however, address the full scope of the defendants' conduct that is under investigation or charge all individuals whose conduct is the subject of investigation. The return of the S3 Superseding Indictment in May 2025 has not changed the ongoing nature of the investigation. The Government and the FBI are continuing to investigate conduct that may result in additional charges against these defendants or others, and the use of the grand jury to investigate those charges is

---

proceedings in front of a grand jury. *See In re Grand Jury Subpoenas Dated March 2, 2015*, No. 15 Misc. 71 (VEC), 2016 WL 6126392, at *2-5 (S.D.N.Y. Oct. 19, 2016). As more fully described in the sealed letter, the parties have agreed to expedite the briefing schedule on this motion to facilitate a faster resolution of the motion. The Government is filing this opposition today, and the defendants will file any reply by August 13, 2025.

[2] Unless otherwise noted, any citations, internal quotation marks, and prior alterations have been omitted from case quotations.

appropriate. *See Marc Rich & Co. v. United States*, 707 F.2d 663, 665 (2d Cir. 1983) ("[A] grand jury has both the right and the duty to inquire into the existence of possible criminal conduct ….").

The defendants, understandably, want to end the continuing investigation. In February, at the initial arraignment and pretrial conference, defense counsel asked the Court, in the context of setting a trial date, to "pick a date that you think is appropriate for the government to finalize their investigation [and] identify the alleged victims." Dkt. 54 at 18. The Court's response was direct, "I'm not going to do that." Dkt. 54 at 19. But now the defendants again ask the Court to do just that. By asking the Court to quash all pending third-party grand jury subpoenas, the defendants, in effect, seek to enjoin the grand jury investigation of any uncharged crimes and uncharged co-conspirators. This extraordinary relief would be improper and unwarranted. *Cf. Jones*, 129 F.3d 718, 723 (2d Cir. 1997) ("Post-indictment action is permitted to identify or investigate other individuals involved in criminal schemes or to prepare superseding indictments against persons already charged.").

The defendants' specific request to quash the grand jury subpoena issued to "the Company," must also fail. This subpoena was issued as part of an ongoing investigation into prolonged and expansive conduct that is properly under investigation by a grand jury. The defendants cannot come close to meeting their "initial burden of presenting concrete allegations of Government misconduct," that could even potentially justify quashing the subpoena, and their motion should be denied. *Calk*, 87 F.4th at 186. The defendants' argument to quash the subpoena boils down to this: after the grand jury returned the S3 Superseding Indictment in May, any continued enforcement of the subpoena is improper, and the Government must desire the records as part of trial preparation and not as part of a continued investigation. *See* Dkt. 134 at 3. This conjecture is not enough to carry their burden. *See, e.g.*, *Leung*, 40 F.3d at 581-82 (issuance of a post-indictment grand jury subpoena, without more, did not meet defendant's burden, even where no superseding indictment was ever returned). Because the defendants have failed to meet their initial burden, the motion can be denied without further analysis. *See id.* Nevertheless, the Government notes for the Court additional circumstances that further undermine the defendants' argument.

*First*, the defendants' argument is built on the false premise that the Government is done investigating uncharged criminal conduct. But from the outset of the case, the Government has said that it is continuing its investigation into uncharged conduct, even while preparing for trial on existing charges. At the initial arraignment, the Government informed the Court that it was likely to bring additional charges. *See* Dkt. 54 at 16. The Government expected to seek an additional superseding indictment within the following two to three months, which it did, but the Government made clear it would continue to investigate into the summer and beyond, as warranted, and would not stop its investigation or decline to bring new charges simply because a trial date was approaching. Dkt. 54 at 19.[3] As noted above, and as the Government has informed the defendants'

---

[3] Jury selection is not scheduled to begin for approximately five more months, on January 5, 2026. Even if the grand jury were to return additional charges in the fall, that would not be a basis to adjourn the trial. But in any event, the remedy for the defendants' purported concerns about trial preparation, *see* Dkt. 134 at 5, is not to halt a proper grand jury investigation into uncharged criminal conduct.

attorneys, the investigation remains active still, and the subpoena to the Company is plainly part of that continued investigation.

*Second*, the timing of the subpoena indicates that the subpoena was issued as part of a continuing investigation. The subpoena was issued to the company on March 11, 2025, approximately a month after the initial arraignment and nearly two months before the S3 Superseding Indictment was returned. Issuing a subpoena in the middle of an investigation that then results in an additional indictment is nearly conclusive proof that the subpoena was not issued principally for trial preparation purposes. *See United States v. LaPorta*, 46 F.3d 152, 161 (2d Cir. 1994) ("By bringing a superseding indictment, the government here was not preparing an already pending indictment for trial."). The defendants note that "the Company is [still] in the process of gathering / producing non-privileged documents to comply with the grand jury subpoena," that was issued in March, Dkt. 134 at 3, but the fact that the Company is still complying with its production requirements under the subpoena does not change the analysis. As described above, the return of the S3 Superseding Indictment did not end the investigation, and the records sought pursuant to the subpoena were and are relevant to an ongoing investigation.

*Third*, the scope of the subpoena makes clear that the intent of the subpoena is to investigate uncharged crimes and not only to secure evidence to be used at trial for already charged conduct. As the defendants note in their motion, the subpoena issued to the Company sought a wide array of records. If the Government's intent was to get records from the Company only for use at trial—rather than to identify additional victims and conspirators or otherwise advance the investigation—the Government would not have issued such a broad subpoena, which will require significant time and effort to parse the returns. If the goal was only to put forward evidence of already charged, discrete conduct, the Government would have asked the Company for the needles, not the haystack. That that Government sought the broader set of records and that it subpoenaed the records two months before seeking a superseding indictment shows the true, investigatory nature of the subpoena.

The Court should deny the defendants' motion without a hearing.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:   /s                    
    Kaiya Arroyo
    Elizabeth A. Espinosa
    Andrew Jones
    Madison Reddick Smyser
    Assistant United States Attorneys
    (212) 637-2226/-2216/-2249/-2381

cc: All defense counsel