**MANDATE**

25-222(L)
*United States v. Alexander*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED  8/14/2025

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.

ALON ALEXANDER, OREN ALEXANDER, TAL ALEXANDER,

> *Defendants-Appellants.*

Nos. 25-222(L),
25-223(CON),
25-224(CON)

_____

MANDATE ISSUED ON 08/14/2025

| | |
|---|---|
| **For Defendant-Appellant Alon Alexander:** | HOWARD M. SREBNICK (Jackie Perczek, Alexa Klein, Jeanelle Gomez, *on the brief*), Black Srebnick, Miami, FL. |
| **For Defendant-Appellant Oren Alexander:** | Richard C. Klugh, Law Office of Richard C. Klugh, Miami, FL. |
| **For Defendant-Appellant Tal Alexander:** | MILTON L. WILLIAMS, Walden Macht Haran & Williams LLP, New York, NY. |
| **For Appellee:** | KAIYA ARROYO (Elisabeth Espinosa, Andrew Jones, Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 15, 2025 order of the district court is **AFFIRMED** and the motion for pretrial release is **DENIED**.

Defendants-Appellants Alon Alexander, Oren Alexander, and Tal Alexander appeal from an order of the United States District Court for the Southern District of New York (Caproni, *J.*) denying their applications for pretrial release under the Bail Reform Act ("BRA"), 18 U.S.C. § 3142(e). Defendant-Appellant Tal Alexander additionally requests that this Court grant him pretrial

2

release under Federal Rule of Appellate Procedure 9. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The BRA requires that a defendant be detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Section 3142(g) sets forth several factors that a district court must consider as part of making this determination. We review the findings of fact underlying a district court's order of pretrial detention for clear error and questions of law *de novo*. *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011).

Here, the record supports the district court's findings that Defendants-Appellants presented both a danger to the community and a flight risk if they were released pretrial. As part of its reasoning, the district court considered Defendants-Appellants' personal characteristics and the nature of the charged offenses, *see* 18 U.S.C. § 3142(g), including "the government's proffer . . . that more than 40 women have made such allegations," before finding that Defendants-Appellants "pose a danger to unsuspecting women [of] be[ing] drugged and raped." App'x at 517–18. The district court also specifically considered the

3

strength of the evidence underlying the charges against Defendants-Appellants, which included conspiracy to commit sex-trafficking in violation of 18 U.S.C. § 1594 and sex trafficking a victim by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591 and 2, to conclude that the risk of jail time, "a horrible trial," and "very substantial reputational harm," App'x at 519, created a flight risk. We cannot say that the district court clearly erred in either of these determinations.

Furthermore, the record supports the district court's finding that Defendants-Appellants' proposed conditions, which included a private security force, could not reasonably assure the safety of the community and Defendants-Appellants' appearance. Given its finding that Defendants-Appellants posed a danger to others, the district court did not err in finding that private detention would be inappropriate, as it "did not rely primarily on [Defendant-Appellants'] personal wealth in finding that [they] posed a flight risk." *United States v. Boustani*, 932 F.3d 79, 83 (2d Cir. 2019).

\* \* \*

4

For these reasons, we **AFFIRM** the order of the district court and **DENY** Tal Alexander's request for pretrial release under Federal Rule of Appellate Procedure 9.

                                              FOR THE COURT:
                                              Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5