

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 5, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
             **S3 24 Cr. 676 (VEC)**

Dear Judge Caproni:

      The Government submits this letter in advance of the defendants' deadline on November 10, 2025 to provide notice of evidence the defendants intend to submit at trial pursuant to Federal Rule of Evidence 412(b). The Government respectfully requests that the Court order the defendants to include in their notice any evidence, including photographs, videos or other depictions or descriptions of victims, that show or describe the victims nude or in revealing or provocative clothing.

      In a meet and confer about the motions *in limine*, defense counsel informed of their view that they need not provide notice of any such evidence because in their view, the rule covers only "sexual 'predisposition' and 'behavior.'" The Government disagrees.

      In cases involving allegations of "sexual misconduct," Federal Rule of Evidence 412 deems inadmissible "evidence offered to prove that a victim engaged in other sexual behavior" and "evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). According to the Advisory Committee Notes accompanying that section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Fed. R. Evid. 412, Advisory Committee Notes (1994).

Congress intended for this prohibition on admitting evidence of a victim's sexual behavior or predisposition to be interpreted broadly and to apply to all sexual behavior of a victim outside of the charged acts. *See generally* Fed. R. Evid. 412, Advisory Committee Notes (1994). Accordingly, for purposes of this rule, "sexual behavior" includes not only all "activities that involve actual physical conduct, *i.e.*, sexual intercourse or sexual contact," but also extends to matters that "do[] not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder." *Id.*; *see also Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000) (the ban on sexual predisposition evidence encompasses any evidence "relating to the alleged victims' mode of dress, speech, or lifestyle"). Even "[e]vidence, which might otherwise be admissible under ... some other evidence rule, must be excluded if Rule 412 so requires." Advisory Committee Notes (1994).

The defendants' position that they need not notice nude or sexually provocative photographs of victims is inconsistent with the law. Prohibited evidence of sexual predisposition and behavior includes evidence that "may have a sexual connotation for the factfinder" such as evidence of "the alleged victim's mode of dress." Fed. R. Evid. 412, Advisory Committee Notes (1994). Because the defendants have demonstrated in the meet and confer process a misunderstanding of Rule 412 or an unwillingness to comply with it, the Government seeks an order directing the defendants to comply with the explicit requirements of Rule 412. Should the defendants continue to fail to comply with the rule, the Court should exclude any such evidence from being offered at trial both for lack of notice and because such evidence would clearly run afoul of Rule 412's dictates.

The Government will be prepared to discuss this issue further at Thursday's conference.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

cc: All defense counsel