

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 14, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
             S3 24 Cr. 676 (VEC)

Dear Judge Caproni:

      The Government respectfully writes in response to the Court's order that directed the defendants to propose more-limited redactions to their supplemental filing in support of their motion to suppress in-court identifications by certain witnesses. *See* Dkt. 181. As described more below, in order "to protect the identity of alleged victims and government witnesses," the Court should permit the defendants to file their letter with minimal redactions that are intended to prevent the public identification of specific victims and should permit the defendants to file their exhibits under seal. The defendants join the request for the proposed redactions and sealing.

      The parties have proposed limited redactions to the defendants' supplemental letter. The proposed redactions do not redact all information provided by victims during interviews and leave unredacted most of the information and argument the defendants made in support of their motion. Indeed, the proposed redactions are limited to information in the defendants' letter that would enable the broader public to identify specific victims by connecting the victims to other information. The parties believe that these narrow redactions are appropriate and will protect the identities of victims. *See* 18 U.S.C. § 3771(a)(8).

      In support of their supplemental letter, the defendants submitted seven exhibits that are reports and notes of interviews the Government had with Victims-1, -4, -5, -9, and -23. The Government gave these documents to the defendants in advance of trial as early productions of materials that are disclosable pursuant to 18 U.S.C. § 3500. The documents contain detailed accounts of information provided by the victims, including personally identifying information and information about the actions of others who have not been charged.

      The Court should maintain the exhibits under seal. The submitted exhibits were the complete records of the Government's interviews with victims and did not excerpt only that information from the reports that was relevant to the defendants' motion. Thus, the information in the exhibits extends far beyond that relied upon by the defendants in their motion. For example, Exhibit 1 is a six-page record of an interview with Victim-1 that the defendants cited only twice,

once to reflect that Victim-1 had talked to a reporter (Def. Ltr. at 2), and again to reflect that Victim-1 had not met Tal before the weekend when he assaulted her (Def. Ltr. at 3). The defendants' other exhibits were similarly referenced only for limited purposes. The public's right of access to overbroad documents that were submitted as exhibits is low. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").[1] And on the other side of the ledger, the risk to law enforcement investigations if victims expect their statements will be released is high. *Id.* ("Officials with law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality. If that confidentiality cannot be assured, cooperation will not be forthcoming."). The privacy interests of victims in not having their voluntary statements released publicly is also high. *Id.* ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up).

With the various interests at stake, the parties' proposal of minimal redactions to the defendants' letter and maintaining the exhibits under seal strikes the right balance. The identities and privacy rights of victims will be reasonably protected; the public will know the limited information from the exhibits that the defendants' cited in their motion; and the interests of law enforcement investigations and victims in maintaining the confidentiality of interview records will likewise be maintained.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:     /s/
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew W. Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

---

[1] Additionally, the Court has denied the defendants' motion for a *Wade* hearing in a decision that did not rely on the exhibits to the defendants' letter. *See* Dkt. 184 at 4. This also supports maintaining the exhibits under seal. *See In re Accent Delight Int'l Ltd.*, No. 16-MC-00125 (JMF), 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019) ("Although there is a presumption in favor of public access to judicial documents, in reaching its decisions above the Court did not need to reference or otherwise rely on the sealed exhibits or the redacted portions of Petitioners' application and memorandum of law. At best, therefore, the weight of any presumption is limited.").