# AGNIFILO INTRATER

November 14, 2025

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

   Re: *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
     24 Cr. 676 (VEC)

Dear Judge Caproni:

  We submit this joint letter pursuant to this Court's November 7, 2025, Order directing the parties to file a joint letter regarding jury questionnaires, *voir dire*, and an anonymous jury. (ECF 177.)

**Anonymous Jury**

  The parties agree that juror names should remain anonymous to the public, but not to the parties.

**Jury Questionnaires:**

  Defense Position:

  The defense reiterates its preference for a jury questionnaire due to the sensitive nature of the case, the efficiency of the process, and press this case has received thus far.[1] (*See* ECF 164.) The defense recognizes that at the November 6, 2025, appearance, the Court expressed that it was "on the fence" about a questionnaire. 11/6/2025 Tr. at 4. However, as stated at the appearance, the defense believes that the jury selection process that took place in *United States v. Combs*, 24-cr-542 (AS), the last sex trafficking case tried in the Southern District of New York, would be efficient, would allow potential jurors to explain sensitive issues on a questionnaire rather than in an unfamiliar setting of a courtroom, and would easily ferret out jurors who would be out for cause. In *Combs*, the parties were able to go through 250 jury questionnaires per day and agree on those

---

[1] The government itself has agreed that "since the defendants' arrest, this case has garnered considerable media attention, and the government expects that members of the media will attend and report on the trial." Gov't Motions *in Limine* at 131.

who should be struck and those who should proceed to individual questioning. This led to an efficient jury selection process that lasted three days despite over 700 questionnaires.

Here, the Court is planning on pulling 125 jurors. 11/6/2025 Tr. at 32. If the Juror Office distributes to those 125 jurors questionnaires, both parties will be able to get through the 125 questionnaires in one evening, and decide based on the jury questionnaires who should be brought in for individual and group questioning the next day. The Court would then likely get through questioning of the remaining jurors the next day. This would lead to a jury selection process of just two days.

Government Position:

For the reasons identified in its letter to the court dated October 31, 2025, the Government believes that a juror questionnaire is neither warranted nor necessary and would make jury selection less efficient in this case. (*See* ECF 168).

*First*, as the Court stated at the most recent status conference, this case has not garnered the sort of publicity that would typically give rise to the need for a questionnaire. 11/6/2025 Tr. at 4. Courts in other high-profile cases in this District have typically proceeded without a questionnaire, (*see* ECF 168 at 3-4 (collecting cases)), and this case is no different. Although the defendants argue that this case should be treated like *Combs*, the publicity in this case is "very different" than that in *Combs*. 11/6/2025 Tr. at 6. Indeed, defense counsel even acknowledged at the status conference that there was not a significant press presence in the courtroom. *Id*. at 4-5.

*Second*, although this case involves sensitive topics, courts often deal with these topics through oral questioning, (*see* ECF at 168 at 4 (collecting cases)), and a juror questionnaire does not guarantee candor of the venire. Not only may jurors be reluctant to disclose experiences with sexual assault and other sexual activity in a written questionnaire, they are also more likely to rush through or otherwise misunderstand the context of written questions without the ability to receive real time feedback about the questions that can only be offered with in-person questioning. *See Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981); *see also United States v. Maxwell*, No. 20 Cr. 330 (AJN) (S.D.N.Y. Apr. 1, 2022), ECF 653 at 9-11, 15-18 (detailing that juror rushed through questionnaire resulting in inaccurate answers). Oral individualized questioning, especially when paired with anonymizing the jurors, will allow the potential jurors a safe space to discuss these topics and will allow the Court to efficiently address these topics and ask follow-up questions as needed.

*Third*, as the Court recognized, jury questionnaires would undoubtedly lengthen the jury selection process (and the trial) unnecessarily. If the Court were to use a questionnaire, it could

The Honorable Valerie E. Caproni
November 14, 2025
Page 3 of 4

not be distributed on January 5, 2026 (a Monday) but would instead need to be distributed on January 6 or January 7, 2026 (either Tuesday or Wednesday). 11/6/2025 Tr. at 32. The Government will need time to copy and distribute the questionnaires, and the parties and the Court will need time to review them. *Id.* Even if the Court were able to seat a jury after just one day of in-person *voir dire*—which is not a guarantee, given that the Court will still need to conduct some level of individualized questioning—it is highly unlikely that the trial would begin before January 12, 2026, at the earliest. *Id.* As a result, the questionnaires will not make the jury selection process more efficient as a whole and will instead create an additional burden for the Court and the parties in reviewing the questionnaires.

**Oral Voir Dire:**

Defense Position:

The defense appreciates that Court's willingness to conduct individual *voir dire* and suggests that we conduct a process similar to *Combs*, where the remaining jury venire is brought into the courtroom the day after jury questionnaires are distributed, sworn, read the oral *voir dire* questions, then brought in individually for questioning on the oral *voir dire* questions and any follow-ups from the jury questionnaires.

Government Position:

The Government requests that the Court implement its proposal of conducting a two-part, oral *voir dire* of all prospective jurors. 11/06/2025 Tr. at 11. In this process, the Court would first question the venire about non-sensitive questions that are asked of every jury in every case (*e.g.*, personal knowledge of the case or parties, or relationships with law enforcement). Second, the Court would review with the venire a set of questions regarding the sensitive topics relevant to this case and instruct them to make a notation of any question that may be relevant to them. The Court would then conduct individual *voir dire* by asking each juror whether they have responses to any of the sensitive topics raised.

The Honorable Valerie E. Caproni
November 14, 2025
Page 4 of 4

Thank you for your consideration.

                                                      Respectfully submitted,

JAY CLAYTON
United States Attorney

  s/
_____                    _____
Kaiya Arroyo                                        Marc Agnifilo
Elizabeth A. Espinosa                    Teny Geragos
Andrew Jones                                     Zach Intrater
Madison Reddick Smyser
Assistant United States Attorneys          *Attorneys for Oren Alexander*

                                                        Howard Srebnick
                                                        Jackie Perczek
                                                        Jason Goldman

                                                        *Attorneys for Alon Alexander*

                                                        Milton L. Williams
                                                        Alex Kahn
                                                       Deanna Paul

                                                        *Attorneys for Tal Alexander*