# AGNIFILO INTRATER

November 21, 2025

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

  Re: *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
     24 Cr. 676 (VEC)

Dear Judge Caproni:

  We write on behalf of the defendants in the above-captioned case to respectfully request that the Court direct the United States Marshals Service to unshackle the defendants prior to bringing them into the courtroom for November 24, 2025, hearing and for all future court appearances. During the conference held on November 6, 2025, all three defendants appeared in hand and leg shackles throughout the entire proceeding. This hampered the defendants' ability to write notes for themselves and to communicate with counsel via written notes.

  "It is beyond dispute that a defendant may not be tried in shackles unless the trial judge finds on the record that it is necessary to use such a restraint as a last resort to satisfy a compelling interest such as preserving the safety of persons in the courtroom." *United States v. Haynes*, 729 F.3d 178, 188 (2d Cir. 2013). While the Second Circuit declined to extend this rule to other pretrial proceedings, that decision was premised on the assumption that shackling during pretrial proceedings, unlike trial, would not impact the "paramount concern" of "juror bias." *United States v. Zuber*, 118 F.3d 101, 103-04, (1997). While juror bias may be the paramount concern, it is not the only concern.

  In addition to the concern that shackles will prejudice the jury, the Supreme Court has identified three other "fundamental legal principles" that weigh against shackling: (1) the presumption of innocence and the fact that shackling "undermines the presumption of innocence and the related fairness of the factfinding process"; (2) the Sixth Amendment right to counsel and participation in one's own defense, and the fact that shackles "interfere with the accused's ability to communicate with his lawyer"; and (3) the dignity and decorum of judicial proceedings, including the "respectful treatment of defendants." *Deck v. Missouri*, 544 US. 622, 630-31 (2005) (holding that blanket shackling during penalty phase offends due process); *see also Zuber*, 118 F.3d at 106 (Cardamone, J., concurring). For these reasons, the Ninth Circuit has held that shackling during pretrial proceedings absent a finding of necessity is unconstitutional. *See United States v. Sanchez-Gomez*, 859 F.3d 649 (2017), *vacated and remanded*, 584 U.S. 381 (2018)

The Honorable Valerie E. Caproni
November 21, 2025
Page 2 of 2

(vacating on mootness grounds and not reaching the merits).  Most importantly here, and for the upcoming conference on November 24, it is essential that the defendants be able to participate in their own defense and communicate with counsel through notetaking. All three defendants have been actively participating in the motions *in limine* and the upcoming responses, and to have them shackled during oral argument would "interfere" with their ability to communicate with counsel.

    These defendants do not have a criminal history.  They are not affiliated with a gang or violent organization.  They have shown that they respect the court process and meticulously follow any direction given to them by the Marshal Service and other court personnel.  As a result, there is no reason to shackle the defendants during court proceedings.  In addition, because such shackling interferes with their ability to communicate with counsel, potentially prejudices the potential jury pool (if written about), undermines their presumption of innocence, and offends the dignity and decorum of the proceedings, as the Supreme Court has already noted, we respectfully request that the Court direct the U.S. Marshals Service to remove all three defendants' shackles before bringing them into the courtroom.

    We appreciate the Court's consideration.

Respectfully submitted,

_____
Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Jason Goldman

*Attorneys for Alon Alexander*

Milton L. Williams
Alex V. Kahn
Deanna M. Paul

*Attorneys for Tal Alexander*

cc:     All counsel (via ECF)