```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
 :
UNITED STATES OF AMERICA, :
 :
            -against- : 24-CR-676 (VEC)
 :
ALON ALEXANDER, OREN ALEXANDER, and : ORDER
TAL ALEXANDER, :
 :
                        Defendants. :
 :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 24, 2025, the Court heard oral argument on the parties' motions *in limine*, *see* Dkts. 174, 188, 201, 202;

IT IS HEREBY ORDERED that, for the reasons stated at the hearing:

- The Government's motion to admit evidence of the Defendants' sexual assaults and abuse of Minor Victim-8, Minor Victim-25, and Victims-9, -10, -11, -12, -13, -14, -15, -16, -17, -18, -19, -20, -21, and -24, is GRANTED in part and DENIED in part.

- The Court RESERVES judgment on the Government's motion to admit evidence of statements by Defendants and other co-conspirators pursuant to Rule 801(d)(2)(E).

- The Government's motion to admit evidence of Defendants' lack of response to test-messages alluding to sexual assault as adoptive admissions under Rule 801(d)(2)(B) is DENIED.

- The Court RESERVES judgment on the Government's motion to admit evidence of the victims' prior consistent statements about experiences with Defendants pursuant to Rule 801(d)(1)(B).

- The Court RESERVES judgment on the Government's motion to preclude evidence or argument concerning Minor Victim-3's alleged consent to sexual abuse.

- The Government's motion to preclude evidence or argument concerning Defendants' failure to commit other bad acts, including other alleged consensual sex acts, is GRANTED.

- The Government's motion to preclude evidence or argument concerning the Government's motives for the investigation or prosecution of Defendants is DENIED as moot.[1]

- The Court RESERVES judgment on the Government's motion to preclude evidence or argument concerning the "#MeToo" movement.[2]

- The Court RESERVES judgment on the Government's motion to preclude evidence or argument concerning the Defendants' personal circumstances.

- The Government's motion to preclude evidence or argument concerning the Defendants' possible punishment or their desire to be released from prison is DENIED as moot.[3]

- The Government's motion to preclude evidence or argument concerning the legal basis for the Court's holding that Alon and Oren Alexander were arrested for Count Ten in the Southern District of New York is GRANTED.

---

[1] Defendants have stated to the Court and the Government that they are not going to pursue this argument at trial.

[2] As the Court stated at the November 24, 2025, hearing, the Court is skeptical that such evidence would be relevant and is therefore likely inadmissible. Nonetheless, the Court has instructed the parties to re-raise this argument if they believe such evidence has become relevant during trial.

[3] Defendants have stated to the Court and the Government that they are not going to pursue this argument at trial.

- The Court RESERVES judgment on the Government's motion to preclude evidence or argument concerning victims' counsel.

IT IS FURTHER ORDERED that, by **December 3, 2025**, Defendant Alon Alexander must submit additional letter briefing via ECF, **not to exceed five (5) pages**, setting forth his legal argument regarding whether/how Alon Alexander's marriage constitutes withdrawal from the alleged conspiracy. The Government's response to the Defendants' letter brief, if any, is due by **Monday, December 8, 2025**.

IT IS FURTHER ORDERED that the parties meet and confer to discuss the Government's motion to preclude evidence or argument concerning victims' counsel. At the hearing currently scheduled for December 2, 2025, the parties should be prepared to discuss (i) what evidence Defendants may seek to introduce on this topic, and (ii) whether there exists a set of operative facts on this topic, the admission of which the Government does not object to.

IT IS FURTHER ORDERED that oral arguments on motions *in limine* not addressed in this Order, including arguments on motions *in limine* related to the parties' proposed expert witnesses, will be heard on **Tuesday, December 2, 2025**. If the parties wish to change that date and time, **as soon as practicable**, they must submit a joint letter informing the Court of their availability for oral argument on a different date during the week of December 1, 2025.

SO ORDERED.

Date:   November 24, 2025
        New York, NY

_____
VALERIE CAPRONI
United States District Judge

3