**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

     - v. -

Case No.:  24-cr-676 (VEC)

TAL ALEXANDER, ALON ALEXANDER,
and OREN ALEXANDER

              Defendants.

**DEFENDANTS' REQUESTS TO CHARGE**

# <u>TABLE OF CONTENTS</u>

**Page**

**TABLE OF CONTENTS** ................................................................................................... i

**Introduction** ................................................................................................................... 1

**Defense Request No. 1** ................................................................................................. 2

**Defense Request No. 2** ................................................................................................. 4

**Defense Request No. 3** ................................................................................................. 6

    I.    Knowledge and Intent ............................................................................................ 6

    II.   Conspiracy ............................................................................................................. 6

**Defense Request No. 4** ............................................................................................... 11

    I.    Summary of the Indictment ................................................................................. 11

    II.   The Elements of Sex Trafficking by Force, Fraud, or Coercion ....................... 11

        A.    First Element – Recruiting, Enticing, Transporting, or Harboring ............ 12

        B.    Second Element – Use of Force, Fraud, or Coercion ................................. 13

        C.    Third Element – Affecting Interstate Commerce ....................................... 15

        D.    Unanimity .................................................................................................... 15

**Defense Request No. 5** ............................................................................................... 17

**Defense Request No. 6** ............................................................................................... 18

**Defense Request No. 7** ............................................................................................... 20

    I.    Summary of the Indictment ................................................................................. 20

    II.   The Elements of Inducement to Travel to Engage in Unlawful Sexual Activity ............ 20

        A.    First Element— Enticement to Engage in Illegal Sexual Activity ...................... 21

            1.    "Knowingly persuaded or induced or enticed or coerced" ...................... 21

            2.    Venue   21

        B.    Second Element— Inducement to Travel to Engage in Unlawful Sexual Activity ............ 22

        C.    Third Element—Inducement to Travel to Engage in Unlawful Sexual Activity ............ 22

            1.    "Intent"  23

            2.    Violation of New York Criminal Law – Count Four ................................ 23

            3.    Violation of New York Criminal Law - Count Nine ............................... 26

i

D.    Unanimity ................................................................................................27

**Defense Request No. 8**................................................................................................**28**
I.    Summary of the Indictment ....................................................................... 28

II.    The Elements of Sex Trafficking of a Minor .............................................. 28
A.    First Element ...........................................................................................28

B.    Second Element .......................................................................................29

C.    Third Element .........................................................................................29

D.    Fourth Element .......................................................................................30

E.    Fifth Element ..........................................................................................31

**Defense Request No. 9**................................................................................................**32**
I.    Summary of the Indictment ....................................................................... 32

II.    The Elements of Aggravated Sexual Abuse by Force and Intoxicant ............................. 32
A.    Fourth Element—sexual act ...................................................................33

B.    Venue ......................................................................................................33

**Defense Request No. 10**..............................................................................................**35**
I.    Summary of the Indictment ....................................................................... 35

II.    The Elements of Sexual Exploitation of a Minor ........................................... 35

**Defense Request No. 11**..............................................................................................**37**

**Defense Request No. 12 [IF APPLICABLE]** ........................................................**39**

**Defense Request No. 13**..............................................................................................**40**

**Defense Request No. 14**..............................................................................................**42**

## Introduction

Defendants Tal, Alon and Oren Alexander, through their undersigned attorneys, respectfully submits his requests to charge the jury. Defendants submit a list of requested standard instructions followed by proposed charging language for the substantive case-specific charges on the law. Defendants respectfully reserve the right to supplement or amend these requests to charge in response to the government's requests, any pretrial rulings on motions *in limine* and in light of the evidence as it is presented at trial, as well as any proposed charge furnished by the Court.

**<u>Defense Request No. 1</u>**

**List of Standard Charges**

Defendants requests that the Court give its standard *Sand* instructions on the following:

- Role of Court and Role of Jury

- Government as a Party

- Presumption of Innocence and Burden of Proof

- Direct and Circumstantial Evidence

- Number of Witnesses

- Witness Credibility

- Law Enforcement/Government Employee Witnesses

- Indictment Not Evidence

- Defendant's Testimony and/or Defendant's Right Not to Testify

- Expert Witnesses

- Uncalled/Missing Witnesses

- Charts and Summaries

- Audio/Video Evidence and Transcripts as Aid

- Redaction of Evidentiary Items[1]

- Stipulations

- Limiting Instructions

- Jury Notes

- Right to See Exhibits and Testimony

---

[1] This charge is only applicable in the event that the Court grants the government's motion to seal exhibits.

- Publicity; No Independent Research or Contact

- Improper Considerations

- Multiple Counts

- Proof Beyond A Reasonable Doubt

- Duty to Consult

- Verdict Must Be Unanimous

- Selection of a Foreperson

- Communication with the Court

- Separate Consideration of Each Defendant

### Defense Request No. 2

#### Summary of the Indictment

With these preliminary instructions in mind, let us turn to the specific charges.

The indictment contains a total of eleven counts.  Each count charges a separate crime.  Each count and each defendant must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One charges that:  From at least in or about 2008, through in or about 2021,  Alon, Oren and Tal Alexander, and others, knowingly agreed to combine, conspire, confederate and agree to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit, by any means, persons, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion , as described in Title 18, United States Code Section 1591(e)(2), and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(2).

Counts Two, Three, Six, Seven and Eight each charge sex trafficking by force, fraud, or coercion, in violation of Title 18, United States Code, Section 1591(a) and (b)(1) and (2).  Count Two charges that in or about May 2011, Tal Alexander committed sex trafficking of ▮▮▮▮▮ ▮▮▮▮ Count Three charges that from at least in or about September 2016, Alon, Oren and Tal Alexander committed sex trafficking of ▮▮▮▮▮▮▮.  Count Six charges that in or about June 2009, Alon, Oren, and Tal Alexander committed Sex Trafficking of ▮▮▮▮▮▮▮.  Count Seven charges that in or about June 2009, Alon, Oren and Tal Alexander committed sex trafficking of ▮▮▮▮▮▮▮.  Count Eight charges that in or about August 2014, Tal Alexander committed sex trafficking of ▮▮▮▮▮▮▮.

4

Count Five charges that in or about May 2009, Alon and Tal Alexander committed sex trafficking of ███████, a minor, in violation of Title 18, United States Code, Section 1591(b)(2)

Counts Four and Nine each charge inducement to travel to engage in unlawful sexual activity in violation of Title 18, United States Code, Section 2422(a) and 2. Count Four charges that in or about September 2016, Alon, Oren and Tal Alexander knowingly persuaded, induced, enticed and coerced ███████ in interstate and foreign commerce to travel from Illinois to New York so that Alon, Oren, and Tal could engage and attempt to engage in unlawful sexual activity with ███████ in violation of the New York Penal Law. Count Nine charges that in or about August 2014, Tal Alexander knowingly persuaded, induced, enticed and coerced ███████ in interstate and foreign commerce to travel from Nevada to New York so that Tal could engage and attempt to engage in unlawful sexual activity with ███████ in violation of the New York Penal Law.

Count Ten charges that in or about January 2012, Alon and Oren Alexander with aggravated sexual abuse by force or threat or intoxicant with ███████ in violation of Title 18, United States Code, Sections 2241(a)(1), (b)(2), 3238, 7, and 2.

Count Eleven charges that on or about April 16, 2009, Oren Alexander recorded himself and another person engaging in sexual activity with a 17-year-old in Manhattan and transmitting the visual depiction, in violation of Title 18, United States Code, Section 2251(a).

I will now instruct you on the elements of each of these counts.

**<u>Defense Request No. 3</u>**

**Definitions[2]**

**I.        Knowledge and Intent**

During these instructions, you will hear me use the words "knowingly" and "intentionally" from time to time. A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proved by his conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the Defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the Defendant's state of mind. Indeed, in your everyday affairs, you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

**II.       Conspiracy**

I will now instruct you on the law of conspiracy. You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy. That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its

---

[2] Adapted from *United States v. Raniere*, 18-Cr-00204 (NGG) (E.D.N.Y.), ECF 728 (Jun. 18, 2019).

purpose, it is still punishable as a crime. The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful.

The two elements of the crime of conspiracy are as follows:

*First*, that two or more persons entered the unlawful agreement charged in the conspiracy count that you are considering; and

*Second*, that the Defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

Let me discuss these two elements of a conspiracy charge in a little more detail.

*First*, as to the existence of a charged conspiracy, the government must prove that two or more persons entered into the unlawful agreement that is charged in the count or racketeering act that you're considering. One person cannot commit the crime of conspiracy alone. Rather, the proof must convince you that at least two people joined together in a common criminal scheme. The government does not have to prove an express or formal agreement when it seeks to prove a conspiracy. It need not prove that the conspirators stated in words or in writing what the scheme was, its object or purpose, or the means by which it was to be accomplished. It's sufficient if the proof establishes that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or a common design.

Put another way, to establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out or the part to be played by each conspirator. It would be extraordinary if there were such a formal document or specific oral agreement.

Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common scheme. Moreover, since a conspiracy is, by its very nature, characterized by secrecy, you may infer its existence from the circumstances of the case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

*Second*, if you find that a conspiracy existed, you must determine whether the defendant was a member. That is, you must determine whether he participated in the conspiracy willfully and with knowledge of its unlawful purpose and in furtherance of its unlawful purpose.

To act "willfully" means to act knowingly and purposely with an intent to do something the law forbids. A defendant's knowledge is a matter of inference from the facts proved. To become a member of the conspiracy, the Defendant need not have known the identities of every member, nor need he have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part. However, that defendant must agree on the essential nature of the plan and be conscious of its general nature and extent.

The extent or duration of a defendant's participation does not necessarily bear on the issue of that defendant's guilt. An equal role in the conspiracy is not what the law requires. If you find that the conspiracy existed and if you further find that the Defendant participated in it knowingly and willfully, the extent or degree of his participation is not material. Moreover, it is not required that a person be a member of the conspiracy from its very start.

I want to caution you, however, that the defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make that defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Thus, while someone who is present during a conspiracy is not necessarily a member, I further instruct you that you may find that the defendant knowingly and willfully became and was a member of a conspiracy if you find that his presence was purposeful—that is, that the

9

Defendant's presence on one or more occasions was intended to serve the purposes of the conspiracy.

In sum, the defendant, in order to be a member of a conspiracy, must have intentionally engaged, advised, or assisted in that conspiracy for the purpose of furthering the illegal undertaking and must have done so with an understanding of the unlawful character of the conspiracy. In so doing, the defendant would have become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

**Defense Request No. 4**

**Sex Trafficking[3]**

**(18 U.S.C. §§ 1591(a)(1), (b)(1), 1594(a), and 2)**

### I.    Summary of the Indictment

I will now explain Counts Two, Three, Six, Seven and Eight, which charge sex trafficking by force, fraud, or coercion in violation of Title 18, United States Code, Section 1591(a)(1).

Count Two charges that in or about May 2011, Tal Alexander committed sex trafficking by force, fraud, or coercion, with respect to ▮▮▮▮▮▮▮▮

Count Three charges that from at least in or about September 2016, Alon, Oren and Tal Alexander committed sex trafficking by force, fraud, or coercion, with respect to ▮▮▮▮▮▮▮▮.

Count Six charges that in or about June 2009, Alon, Oren, and Tal Alexander committed Sex Trafficking by force, fraud, or coercion, with respect to ▮▮▮▮▮▮▮▮.

Count Seven charges that in or about June 2009, Alon, Oren and Tal Alexander committed sex trafficking by force, fraud, or coercion, with respect to ▮▮▮▮▮▮▮▮.

Count Eight charges that in or about August 2014, Tal Alexander committed sex trafficking by force, fraud, or coercion, with respect to ▮▮▮▮▮▮▮▮.

You must consider and render a verdict on each count separately.

### II.    The Elements of Sex Trafficking by Force, Fraud, or Coercion

In order to prove the defendant guilty of sex trafficking by force, fraud, or coercion, or any combination of such means, the government must prove each of the following elements beyond a reasonable doubt.

---

[3] Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 47A.03 and the jury instructions from *United States v. Combs*, 24-cr-00542 (AS) (S.D.N.Y.).

*First*, that the defendant knowingly transported or recruited or enticed or harbored or provided or obtained or maintained or patronized or solicited[4] a person by any means;

*Second*, that the defendant knew or was in reckless disregard of the fact that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the alleged victim to engage in a commercial sex act;

*Third*, that the defendant's conduct was in or affecting interstate or foreign commerce.

### A.    First Element – Recruiting, Enticing, Transporting, or Harboring

The first element of the offense that the government must prove beyond a reasonable doubt is that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained ▮▮▮▮▮▮, for Count Two, or ▮▮▮▮▮▮, for Count Three, ▮▮▮▮▮▮ for Count Six, ▮▮▮▮▮▮ for Count Seven and ▮▮▮▮▮▮ for Count Eight.

With respect to your consideration of whether the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person, I instruct you to use the ordinary, everyday definitions of those terms. "Recruit" means to seek to enroll. "Entice" means to attract, induce, or lure. "Harbor" means to provide shelter, such as in a house or other place. "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply, or make available. "Obtain" means to gain possession of or acquire. "Maintain" means to keep in an existing state or support.

An act is done "knowingly" when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

---

[4] The "patronized or solicited" language only applies to conduct after May 29, 2015.

**B.    Second Element – Use of Force, Fraud, or Coercion**

The second element of the offense that the government must prove beyond a reasonable doubt is that the defendant knew or recklessly disregarded that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the alleged victim to engage in a commercial sex act.

"Force" means the exertion of strength.

"Fraud," as I just used that term, means that the defendant knowingly made a misstatement or omission of a material fact. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

There are two ways for the government to prove "coercion." First, coercion may be demonstrated through any threat of serious harm or physical restraint against a person. A "threat" is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat. The term "serious harm" includes both physical and non-physical types of harm, including psychological, financial, or reputational harm, that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm. In determining whether the defendant made a threat of serious harm that could reasonably be believed by the alleged victim, you should consider the alleged victim's particular station in life, physical and

13

mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to overcome the will of an ordinary person having the same general station in life as that of the alleged victim, causing a reasonable belief that there was no reasonable choice except to engage in a commercial sex act as directed by the defendant.

"Coercion" can also be proved if the defendant engaged in a scheme, plan, or pattern intended to cause the alleged victim to believe that if he or she did not engage in a commercial sex act, he or she would suffer serious harm.

In determining whether this element has been met, you may consider the cumulative effect of the conduct of a defendant on the alleged victim or conduct of the defendant on others of which the alleged victim is aware.

To satisfy the second element of this offense, the government must also prove that the defendant knew or was in reckless disregard of the fact that force, threats of force, fraud, coercion, or any combination of such means would be used to cause a person to engage in a commercial sex act.

Whether or not the defendant had this intent is a question of fact to be determined by you on the basis of all the evidence. An act is done "knowingly" when it is done purposely and intentionally, as opposed to mistakenly or inadvertently. Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that the defendant acted with reckless disregard that force, threats of force, fraud, coercion, or a combination of such means, would be used to cause an alleged victim to engage in a commercial sex act. The phrase "reckless disregard of the facts" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that force, threats of force, fraud, or coercion, or any combination of such means, would be used

to cause the alleged victim to engage in a commercial sex act. In order to prove beyond a reasonable doubt that a defendant "recklessly disregarded" this fact, the government must prove that such person deliberately closed his or her eyes to what would otherwise have been obvious to him or her. A finding beyond a reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit the jury to find that this element has been satisfied.

A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person.[5]

### C.    Third Element – Affecting Interstate Commerce

The third element that the government must prove beyond a reasonable doubt is that the defendant's conduct was in or affecting interstate or foreign commerce. "Interstate or foreign commerce" simply means the movement of goods, services, money, and individuals between any two or more states, or between one state and the District of Columbia, or between a state and a U.S. Territory or possession, or between the United States and a foreign country.

It is not necessary for the government to prove that the defendant specifically knew or intended that his conduct would affect interstate commerce; it is only necessary that the natural consequences of such conduct would affect interstate commerce in some way, even if minor.

### D.    Unanimity

The government has argued that Tal Alexander committed sex trafficking with respect to ███████████ in or about May 2011 for Count Two; that defendants Alon, Oren and Tal Alexander committed sex trafficking of ███████████ in or about September 2016 for Count

---

[5] The defendants maintain that for a "sex act" to be "commercial," there must be a monetary or financial component to the "thing of value" that is given or received, and the sexual exploitation must be for profit. However, *United States v. Raniere*, 55 F.4th 354 (2d Cir. 2022), rejected that argument. Accordingly, while preserving his right to argue that an actual commercial motive is required to satisfy the "commercial" element, the defendants request an instruction consistent with *Raniere* because it is presently binding on this Court.

Three; that defendants Alon, Oren, and Tal Alexander committed Sex Trafficking of ███████ ███ in or about June 2009 for Count Six; that defendants Alon, Oren, and Tal Alexander committed Sex Trafficking of ████████████ in or about June 2009 for Count Seven; that defendant Tal Alexander committed sex trafficking of ████████████ in or about August 2014 for Count Eight.

For each count, to find the defendant guilty, you must be unanimous that the government proved beyond a reasonable doubt all the elements of the charge with respect to at least one specific instance of alleged sex trafficking within that period.

**Defense Request No. 5**

**Conspiracy to Commit Sex Trafficking**

**(18 U.S.C. § 1594(c))**

I will now explain Count One of the indictment, which charges conspiracy to commit sex trafficking in violation of Title 18, United States Code, Section 1594(c). The indictment charges that from at least in or about 2008 up to in or about 2021, Alon, Oren and Tal Alexander and others knowingly agreed to combine, conspire, confederate and agree to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit, by any means, persons, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion in violation of Title 18, United States Code, Section 1594(c).

I have already instructed you on the general definition of conspiracy, which, as I said, is an agreement among two or more people to commit a crime. Here, the defendants are charged with conspiracy to commit the crime of sex trafficking, which I will refer to as the underlying crime. I previously instructed you on the elements of the crime of sex trafficking. You should apply those instructions here.

17

## Defense Request No. 6

### Withdrawal as a Defense to Conspiracy
### Based on the Statute of Limitations[6]

The government has alleged that the defendants have engaged in a conspiracy, starting in 2008 up to and including 2021, to commit sex trafficking. As I have already instructed you, the government has the burden of proving this conspiracy beyond a reasonable doubt.

The defendants have pled not guilty to all of the conspiracy counts. In addition to pleading not guilty, Alon Alexander has set forth an affirmative defense that he is not guilty of the conspiracy charged in the indictment because he withdrew from any alleged agreement in the indictment when he began exclusively dating his wife in 2018, and therefore the five-year statute of limitations expired before the government obtained the indictment in December 2024 charging him with the conspiracy to commit sex trafficking.

The statute of limitations is a law that puts a limit on how much time the government has to obtain an indictment. The defendant has the burden of proving to you that he did in fact withdraw, and that he did so at least five years before the date he was indicted in December 2024.

If you find, based on the evidence, that the defendant withdrew from the alleged conspiracy before December 2019, then you must find the defendant not guilty of conspiracy.

To prove this defense, the defendant must establish each of the following by a preponderance of the evidence:

> (1) That he abandoned the objectives of the alleged conspiracy. A partial or temporary cessation is not sufficient.

> (2) That he took some affirmative step to renounce or defeat the purpose of the alleged conspiracy. An affirmative step would include an act that is inconsistent

---

[6] Mod. Crim. Jury Instr. 3rd Cir. 6.18.371J-2 (2024); Pattern Crim. Jury Instr. 11th Cir. O101.2 (2025); *Smith v. United States,* 568 U.S. 106 (2013); *United States v. Borelli*, 336 F.2d 376, 388 (2d Cir. 1964); *U.S. v. Minicone*, 960 F.2d 1099, 1108 (2d Cir. 1992); *U.S. v. Nerlinger*, 862 F.2d 967 (2d Cir. 1988).

with the purpose of the alleged conspiracy and is communicated in a way that is reasonably likely to reach the other members. But some affirmative step is required. Just doing nothing, or just avoiding contact with the other members, would not be enough.

(3) That he withdrew before the date of December 2019.

If the defendant proves each of these elements by a preponderance of the evidence, then you must find him not guilty.

Preponderance of the evidence is a lower standard than proof beyond a reasonable doubt. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.

In making this determination, you should consider all of the evidence presented during the trial, regardless of who offered it. You should evaluate the evidence and its credibility according to the instructions I gave you earlier.

You should also remember that the fact that the defendant has raised this defense does not relieve the government of its burden of proving, beyond a reasonable doubt, the underlying conspiracy.

**Defense Request No. 7**

**Inducement to Travel to Engage in Unlawful Sexual Activity[7]**

**(18 U.S.C. §§ 2422(a) and 2)**

I.    **Summary of the Indictment**

I will now explain Counts Four and Nine, Inducement to Travel to Engage in Unlawful Sexual Activity.

Count Four charges that in or about September 2016, Alon, Oren and Tal Alexander knowingly persuaded, induced, enticed and coerced ███████ to travel in interstate and foreign commerce, from Illinois to New York, so that Alon, Oren, and Tal Alexander could engage and attempt to engage in unlawful sexual activity with ███████.

Count Nine charges that in or about August 2014, Tal Alexander knowingly persuaded, induced, enticed and coerced ███████ to travel in interstate and foreign commerce, from Nevada to New York, so that Tal Alexander could engage or attempt to engage in unlawful sexual activity with ███████.

You must consider and render a verdict on each count separately.

II.    **The Elements of Inducement to Travel to Engage in Unlawful Sexual Activity**

In order to prove the defendant guilty of knowingly persuading, inducing, enticing and coercing an individual to travel in interstate and foreign commerce so the individual would engage and attempt to engage in unlawful sexual activity, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendants knowingly persuaded or induced or enticed or coerced an individual to travel in interstate commerce, as alleged in the Indictment;

---

[7] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 64.01; 2B Fed. Jury Prac. & Instr. § 60:03 (6th ed.)

*Second,* that the individual traveled in interstate or foreign commerce; and

*Third,* the defendants acted with the intent that the individual would engage or attempt to engage in sexual activity for which that person can be charged with a criminal offense under New York law, as alleged in the Indictment.

### A.    First Element—Enticement to Engage in Illegal Sexual Activity

#### 1.    "Knowingly persuaded or induced or enticed or coerced"

The first element of Inducement to Travel to Engage in Unlawful Sexual Activity which the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded or induced or enticed or coerced the alleged victim to travel in interstate or foreign commerce, as alleged in the Indictment. The terms "persuaded," "induced," "enticed," and "coerced" have their ordinary, everyday meanings.

The defendant must have acted knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.

#### 2.    Venue[8]

Additionally, venue is proper only where the acts constituting the offense—meaning, the crime's essential conduct elements—took place.  Relevant here, the government is required to prove that venue was proper in the Southern District of New York as to Count Four, and that the defendants committed the act of enticement or persuasion from the Southern District of New York or that ███████████ or ███████████ traveled to or from the Southern District of New York.

---

[8] *Purcell v. United States*, No. 23-6985-PR, 2025 WL 3073106 (2d Cir. Nov. 4, 2025).

### B.    Second Element—Inducement to Travel to Engage in Unlawful Sexual Activity

The second element of Inducement to Travel to Engage in Unlawful Sexual Activity which the government must prove beyond a reasonable doubt is that the alleged victim traveled in interstate commerce, as alleged in the Indictment. The term "interstate commerce" simply means movement from one state to another. The term "State" includes a State of the United States and the District of Columbia. The government must prove beyond a reasonable doubt that the defendant formed that intent before he transported or moved her across state lines.[9]

### C.    Third Element—Inducement to Travel to Engage in Unlawful Sexual Activity

The third element of Inducement to Travel to Engage in Unlawful Sexual Activity which the government must prove beyond a reasonable doubt is that the defendant acted with the intent that the individual would engage or attempt to engage in sexual activity for which that person can be charged with a criminal offense under New York law, as charged in the indictment.

To be clear, the Government must prove that, at the time that the defendant induced the alleged victim to travel, they did so with the intent of committing unlawful sexual activity. If the government proves only that the defendant induced the alleged victim to travel with the intent of engaging in consensual sexual activity, and it was only after the alleged victim arrived in New York that the defendant decided to commit a sex offense, the government will not have satisfied its burden of proof.[10]

---

[9] Adapted from 2B Fed. Jury Prac. & Instr. § 60:07 (6th ed.).

[10] *See* ECF 179. *Cf. United States v. Miller*, 148 F.3d 207, 211–13 (2d Cir. 1998) (finding no error in jury instructions that it must have been defendant's conscious purpose to induce travel to have victims engage criminal sexual conduct but that need not have been his only purpose). The "so . . . could engage" construction used in the to wit clause describes the former scenario, which is the activity punished by the statute. *Cf. Kelly*, 128 F.4th at 414 ("With a proper focus on Kelly's intent in his interactions with Jane and Faith, we conclude that there was sufficient evidence for a jury to find that he coerced and enticed them both to travel to engage in sexual activity for which Kelly could be charged with a criminal offense.").

1.    <u>"Intent"</u>

A person acts intentionally when the act is the product of her conscious objective, that is, when he acts deliberately and purposefully and not because of a mistake or accident. Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time, she committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence.

2.    <u>Violation of New York Criminal Law[11] – Count Four</u>

Count Four alleges that Alon Alexander, Oren Alexander, and Tal Alexander enticed ███ █████ to travel across state lines with the intent that she would engage in sexual activity for which a person could be charged with a crime under the penal law of New York State, namely New York Penal Law, Sections 130.35, 130.30, 130.25, 130.20, and 130.52.

---

[11] As the defense previously raised in its motion to dismiss, an indictment must allege with specificity the "*particular* sexual activity for which any person can be charged with a criminal offense." *United States v. Thompson*, 141 F. Supp. 3d 188, 195 (E.D.N.Y. 2015), *aff'd*, 896 F.3d 155 (2d Cir. 2018) (emphasis added). The Government has made no attempt to specify which subsections are applicable. **Indeed, the Government has <u>added, not removed,</u> Penal Law violations.** S4 states that the "unlawful sexual activity" is violative of five distinct sections of the New York Penal Law. Each of these statutes has multiple subsections, which vary dramatically and criminalize materially different conduct.

As a result, the scope of possible conduct is so broad, it is the functional equivalent of pleading "any sexual activity for which a person could be charged with a criminal offense," which is deficient because it encompasses a multitude of state and federal crimes. *Id.* at 197 (dismissing charges with prejudice); s*ee also United States v. Lanzon*, No. 06-20783-CR, 2008 WL 3271092, at *1 (S.D. Fla. Aug. 8, 2008) (dismissing indictment charging 18 U.S.C. § 2422 that cited Fla. Stat. § 800.04 because that statute "codifies multiple types of prohibited conduct within different subsections"); *United States v. Peel*, 14–CR–106, 2014 WL 3057523 (E.D. Cal. July 7, 2014) (requiring charges under 18 U.S.C. §§ 2422 and 2423 to cite a specific statute or describe particular sexual activity). Defense maintains that this warrants dismissal of the Inducement Counts.

I instruct you as a matter of law that, 130.35, 130.30, 130.25, 130.20, and 130.52, the offenses set forth in Count Four of the indictment, were violations of New York State Penal law in September 2016, at the time the acts are alleged to have been committed.

        i.        Penal Law § 130.35 (Rape in the First Degree)

A person violates New York State Penal Law § 130.35, Rape in the First Degree, when he or she engages in sexual intercourse with another person by forcible compulsion,[12] or with another person who is incapable of consent by reason of being physically helpless.[13] Under our law, it is also an element of this offense that the sexual act was committed without consent. Sexual intercourse takes place without a person's consent when the lack of consent results from forcible compulsion.

The following terms used in that definition have a special meaning:

- "Sexual Intercourse" "means any penetration, however slight, of the penis into the vaginal opening.

- "Forcible compulsion" means to intentionally compel either: (1) by the use of physical force or (2) by a threat, express or implied, which places a person in fear of immediate death or physical injury to himself or herself or in fear that he or she will immediately be kidnapped.

- "Physically helpless" means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act. Under our law, sexual intercourse with a physically helpless person is deemed to be without that person's consent.

        ii.        Penal Law § 130.30 (Rape in the Second Degree)

A person violates New York State Penal Law § 130.30, Rape in the Second Degree, when he or she engages in sexual intercourse with another person who is incapable of consent by reason of being mentally incapacitated.[14] Under our law, a person is deemed incapable of consenting to

---

[12] Penal Law § 130.35(1) (Committed on or after Feb. 1, 2001)
[13] Penal Law § 130.35 (2) (Committed on or after Feb. 1, 2001)
[14] Penal Law § 130.30 (2) (Committed on or after Nov. 1, 2003)

sexual intercourse when he or she is mentally incapacitated. Mentally incapacitated means that a person is rendered temporarily incapable of appraising or controlling his or her conduct owing to the influence of a narcotic or intoxicating substance administered to him or her without his or her consent, or to any other act committed upon him without his or her consent.

iii.    Penal Law § 130.25 (Rape in the Third Degree)

A person violates New York State Penal Law § 130.25, Rape in the Third Degree, when he or she engages in sexual intercourse without such person's consent.[15] Lack of consent results from circumstances under which, at the time of the act of intercourse, the complainant clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor's situation would have understood the complainant's words and acts as an expression of lack of consent to such act under all the circumstance.

iv.    Penal Law § 130.20 (Sexual Misconduct)

A person violates New York State Penal Law § 130.20, Sexual Misconduct, when he or she engages in sexual intercourse with another person without such person's consent.[16] Sexual intercourse takes place without a person's consent when it is the result of forcible compulsion or a person is deemed incapable of consent because he or she is mentally incapacitated or physically helpless.

v.    Penal Law § 130.52 (Forcible Touching)

A person violates New York State Penal Law § 130.52, Forcible Touching, when he or she intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person or for the purpose of gratifying

---

[15] Penal Law § 130.25(3) (Committed on or after February 1, 2001)
[16] Penal Law § 130.20 (1) (Committed on or after Nov. 1, 2003) (Revised December 2013)

25

the actor's sexual desire. Under our law, it is also an element of this offense that the sexual act was committed without consent. Forcible touching takes place without a person's consent when it results from any circumstances in which a person does not expressly or impliedly acquiesce to the actor's conduct.

The following terms used in that definition have a special meaning:

- "Forcibly touching" another includes squeezing, grabbing, pinching, rubbing, or other bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts.

- Intent means conscious objective or purpose.  Thus, a person "intentionally" forcibly touches the sexual or other intimate parts of another person when that person's conscious objective or purpose is to do so.

      vi.     Attempt

Under New York law, a person is guilty of an attempt to commit a crime when, with intent to commit a crime, he or she engages in conduct which tends to effect the commission of such crime.

The following terms used in that definition have a special meaning:

- Intent means a conscious objective or purpose.  Thus, a person acts with intent to commit a crime when his or her conscious objective or purpose is to commit that crime.

- Conduct which tends to effect the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

If a person intends to commit a crime and engages in conduct which carries his or her purpose forward within dangerous proximity to the completion of the intended crime, he or she is guilty of an attempt to commit that crime.

      3.     <u>Violation of New York Criminal Law – Count Nine</u>

Count Nine charges that in or about August 2014, Tal Alexander knowingly persuaded, induced, enticed and coerced ██████████ in interstate and foreign commerce to travel from Nevada to New York so that Tal could engage or attempt to engage in unlawful sexual activity

with ██████████. I instructed you regarding the elements of this crime above. You should refer to those instructions when considering this count.

Count Nine alleges that the defendants enticed ████████████ to travel across state lines with the intent that she would engage in sexual activity for which a person could be charged with a crime under the penal law of New York State, namely New York Penal Law, Sections 130.35, 130.30, 130.25, and 130.20.

I previously instructed you on the elements of the crimes of Penal Law § 130.35 (Rape in the First Degree), § 130.30 (Rape in the Second Degree), § 130.25 (Rape in the Third Degree), and § 130.20 (Sexual Misconduct). You should apply those instructions here.

### D.    Unanimity

In order to convict the defendants, you must be unanimous that the government proved beyond a reasonable doubt all the elements of inducement to travel to engage in unlawful sexual activity.  It is not enough that some elements are satisfied with respect to some occasions, and other elements satisfied with respect to other occasions.  If you do not unanimously agree that the government proved the elements beyond a reasonable doubt with respect to at least one occasion specifically, the government has not met its burden and you must return a verdict of not guilty as to that count.

## Defense Request No. 8

### Sex Trafficking of a Minor[17]

**I.      Summary of the Indictment**

I will now explain Count Five, which charges Alon and Tal Alexander with engaging in sex trafficking of ███████████ in or about May of 2009.

**II.     The Elements of Sex Trafficking of a Minor**

In order to prove the defendant guilty of sex trafficking of a minor, the government must prove each of the following elements beyond a reasonable doubt.

*First,* defendants knowingly recruited, enticed, harbored, transported, provided, or obtained ███████████;

*Second*, the person had not attained the age of 18 years;

*Third*, the defendants knew or were in reckless disregard of the fact that the person had not attained the age of 18 years;

*Fourth*, the defendants knew that the person would be caused to engage in a commercial sex act; and

*Fifth*, the defendants' acts were in or affecting interstate commerce.

**A.      First Element[18]**

The first element of Count Five which the Government must prove beyond a reasonable doubt is that Alon Alexander and Tal Alexander knowingly recruited, enticed, harbored,

---

[17] This charge is adapted from *United States v. Maxwell*, 20-cr-00330 (PAE), ECF 562 (Dec. 17, 2021) and S3 Modern Federal Jury Instructions-Criminal 20.25 (2025).

[18] *United States v. Maxwell*, 20-cr-00330 (PAE), ECF 562 (Dec. 17, 2021); S3 Modern Federal Jury Instructions-Criminal 20.25 (2025); *United States v. Thompson*, 141 F. Supp. 3d 188, 199 (E.D.N.Y. 2015), *aff'd*, 896 F.3d 155 (2d Cir. 2018).

transported, provided, or obtained ███████. The terms "recruited," "enticed," "harbored," "transported," "provided," and "obtained" have their ordinary, everyday meanings.

In considering whether Alon Alexander and Tal Alexander acted knowingly, please apply the definition of "knowingly" previously provided to you.

### B.    Second Element[19]

The second element of Count Five which the Government must prove beyond a reasonable doubt is that ██████████ was under eighteen years of age during the time period of May 2009.

### C.    Third Element[20]

The third element of Count Five which the Government must prove beyond a reasonable doubt is that Alon Alexander and Tal Alexander knew or recklessly disregarded that ██████████ was under eighteen years of age during the time period of May 2009.

"Reckless disregard" involves a situation where the defendant consciously disregards a substantial risk that the person is under 18 years old, such as the defendant being informed of the person's true age or observing information indicating the person's true age.[21]

The Government is not required to prove the third element—that the Defendants knew, or recklessly disregarded the fact, that ██████████ was under 18 years of age—if the Defendants had a reasonable opportunity to observe ██████████.

"Reasonable opportunity to observe" is based on the defendant's direct, considerable, and sufficient interaction with ██████████.[22]

---

[19] *United States v. Maxwell*, 20-cr-00330 (PAE), ECF 562 (Dec. 17, 2021).

[20] 18 U.S.C.A. §§ 1591(a), (c).

[21] *See, e.g., United States v. Corley*, 679 F. App'x 1, 8 (2d Cir. 2017)

[22] *United States v. Concepcion*, 139 F.4th 242, 248 (2d Cir. 2025) ("Three weeks living and sleeping together unquestionably satisfied statutory requirement [of reasonable opportunity to observe"); *United States v. Rivera*, No. 13-CR-149 (KAM), 2015 WL 7455504, at *21 (E.D.N.Y. Nov. 23, 2015), *aff'd sub nom. United States v. Garrett*, No. 17-59, 2022 WL 2979588 (2d Cir.

**D.    Fourth Element[23]**

The fourth element of Count Five which the Government must prove beyond a reasonable doubt is that Alon Alexander and Tal Alexander knew that ███████ would be caused to engage in a commercial sex act.

This means the Government must prove the defendants knowingly recruited, enticed, harbored, transported, provided, or obtained ████████ for the *purpose* of a commercial sex act—that means the defendants knew ███████ would be caused to commit a commercial sex act.

The term "commercial sex act" means "any sex act, on account of which anything of value is given to or received by any person."

To secure a conviction under § 1591, the Government must therefore prove two things related to this element:

1. A "thing of value" was given to or received by someone on account of a commercial sex act.

The defendants engaged in the prohibited conduct with the specific *purpose* of bringing about this commercial exchange.

---

July 28, 2022) (finding sufficient evidence that defendant had a reasonable opportunity to observe the victim where the defendant had sex with the victim on at least two occasions); *United States v. Whyte*, 928 F.3d 1317, 1331 (11th Cir. 2019) ("five or six interactions, including the "considerable interaction" of a 20-minute erotic photo session, provided a defendant with a reasonable opportunity to observe the victim") (internal quotations omitted).

[23] *United States v. Maxwell*, 20-cr-00330 (PAE), ECF 562 (Dec. 17, 2021); S3 Modern Federal Jury Instructions-Criminal 20.25 (2025).

**E.      Fifth Element**[24]

The fifth and final element of Count Five which the Government must prove beyond a reasonable doubt is that Alon Alexander and Tal Alexander's acts were in or affecting interstate commerce

---

[24] *United States v. Maxwell*, 20-cr-00330 (PAE), ECF 562 (Dec. 17, 2021); S3 Modern Federal Jury Instructions-Criminal 20.25 (2025)

**Defense Request No. 9**

**Aggravated Sexual Abuse by Force or Threat or Intoxicant[25]**

**(18 U.S.C. §2241(a)(1), (b)(2), 3238,7, and 2)**

**I.    Summary of the Indictment**

I will now explain Count Ten of the indictment, which charges Aggravated Sexual Abuse by Force and Intoxicant in violation of Title 18, United States Code, Sections 2241(a)(1), (b)(2), 3238, 7, and 2.

Count Ten charges that in or about January 2012, Alon and Oren Alexander with aggravated sexual abuse of ████████ by force and by knowingly administering a drug, intoxicant, or other similar substance without ████████ knowledge or permission such that ████████ ability to evaluate or control her own conduct was substantially impaired.

**II.    The Elements of Aggravated Sexual Abuse by Force and Intoxicant**

In order to prove the defendant guilty of aggravated sexual abuse by force and intoxicant, the government must prove each of the following elements beyond a reasonable doubt.

*First*, the defendant knowingly administered a drug, intoxicant, or other similar substance to ████████ without her knowledge or permission;

*Second*, as a result, ████████ ability to evaluate or control her own conduct was substantially impaired;

*Third*, the defendant used non-consensual force against ████████ to cause her to engage in a sexual act;

---

[25] Adapted from Pattern Crim. Jury Instr. 11th Cir. OI O79.1 (2025); Fed. Crim. Jury Instr. 7th Cir. 2241(a) (2023 ed.); Fed. Crim. Jury Instr. 7th Cir. 2241(b)(2) (2023 ed.); 18 U.S.C. § 2241(a)(1) and (b)(2); *United States v. Rivera*, 799 F.3d 180, 188 n. 6 (2d Cir. 2015).

*Fourth,* The Defendant thereby engaged in a non-consensual sexual act with ███

███

*Fifth,* the defendant did each of these acts knowingly; and

*Sixth,* the acts occurred within the special maritime jurisdiction of the United States.

## A.    Fourth Element—sexual act[26]

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration, however slight, of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

## B.    Venue[27]

The district or geographical location where a criminal trial is held is known as venue.

Count Ten alleges that the conduct occurred within the special maritime and territorial jurisdiction of the United States. Under this Count, venue is proper only in the district where the defendants were arrested on Count Ten.

The government contends that the defendants were arrested on Count Ten in Manhattan, which is in the Southern District of New York.

The defendants contend that they were arrested on Count Ten in Brooklyn, which is in the Eastern District of New York.

---

[26] Pattern Crim. Jury Instr. 11th Cir. OI O79.1 (2025); see also Fed. Crim. Jury Instr. 7th Cir. 2241(a) (2023 ed.); 18 U.S.C. § 2246(2) (defines "sexual act").
[27] 18 U.S.C § 3238; *United States v. Catino,* 735 F.2d 718, 724 (2d Cir. 1984); *United States v. Provoo,* 215 F.2d 531, 537 (2d Cir.1954); Mod. Crim. Jury Instr. 3rd Cir. 3.09 (2024).

A defendant is "arrested" as set forth in 18 U.S.C. § 3238 when the defendant is "first restrained of his liberty *in connection with the offense charged*."[28]

If you find that the defendants were arrested on Count Ten in the Eastern District of New York, you must find the defendants not guilty of Count Ten.

Unlike the other elements of the offenses which must be proven by the government beyond a reasonable doubt, the government is required to prove venue by a preponderance of the evidence. This means the government has to prove that it is more likely than not that the defendants was arrested in Manhattan.

Remember that the government must prove all the other elements of every count charged in the indictment beyond a reasonable doubt.

---

[28] *United States v. Catino*, 735 F.2d 718, 724 (2d Cir. 1984) (emphasis in original).

**Defense Request No. 10**

**Sexual Exploitation of a Minor**[29]

**(18 U.S.C. §2251(a))**

## I.    Summary of the Indictment

I will now explain Count Eleven of the indictment, Sexual Exploitation of a Minor.

Count Eleven charges that in or about April 16, 2009, Oren Alexander employed, used, persuaded, induced, enticed, and coerced ███████████ to engage in a sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing that the visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce.

## II.    The Elements of Sexual Exploitation of a Minor

In order to prove the defendant guilty of sexual exploitation of a minor, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that at the time alleged, ███████████ was under the age of eighteen years;

*Second*, that the defendant knowingly employed used persuaded induced enticed coerced ███████████ to engage in sexually explicit conduct;

*Third*, that the defendant acted with the purpose of producing a visual depiction of such conduct; and

*Fourth*, that the defendant knew or had reason to know that such visual depiction would be transported across state lines or in foreign commerce or the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign

---

[29] Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 47A.03.

commerce by any means, including by computer; or the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce.

**Defense Request No. 11**

**Aiding and Abetting Liability[30]**

**(18 U.S.C. § 2(a))**

Counts Two through Ten of the indictment charge a separate theory of criminal liability known as aiding and abetting.  Aiding and abetting is a theory of liability that permits a defendant to be convicted of a specific crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code provides that:  "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed.  To counsel means to give advice or recommend.  To induce means to lead or move by persuasion or influence as to some answer or state of mind.  To procure means to bring about by unscrupulous or indirect means.  To cause means to bring something about, to effect something.

As you can see, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

I emphasize, however, that in order to aid or abet another to commit a crime, it is necessary that the defendant knowingly and willfully associate himself in some way with the crime, and that

---

[30] Adapted from *United States v. Ray*, No. 20 Cr. 110 (LJL) (S.D.N.Y. 2022), Tr. 2956-58; 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 11.01.

he willfully and knowingly sought by some act to help make the crime succeed. I have already instructed you on the definitions of knowingly and willfully.

To establish that any of the defendants participated in the commission of the crime, the government must prove that the alleged aider and abettor had some interest in the criminal venture and engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime. The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly and willfully associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

## **Defense Request No. 12 [IF APPLICABLE]**

### **Attempt**[31]

Counts Four and None of the indictment charge a separate theory of criminal liability known as attempt.  In order to prove that the defendant attempted to commit one of these crimes, the government must prove beyond a reasonable doubt the following two elements:

First, that the defendant intended to commit the crime; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

---

[31] 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 10.01.

## **Defense Request No. 13**

### **Venue**

With respect to each of the counts you are considering, the government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of each charge occurred in the Southern District of New York.  This is called establishing venue.

The Southern District of New York includes Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

To satisfy the venue requirement, the government must prove that some act constituting the essential conduct of the charged offense occurred in this District.[32]  Venue is proper in a district where (1) the defendant intentionally or knowingly causes such an act in furtherance of the charged offense to occur in the district of venue, or (2) it is foreseeable that such an act would occur in the district.

The act itself need not be a criminal act.  And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.  Purely ministerial functions and preparatory acts occurring in the district, however, are insufficient.  The government must prove that the criminal conduct bore substantial contacts with the Southern District of New York.[33]

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the government is required to prove venue only by a preponderance of the evidence.  A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

---

[32] *United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir. 2005); *United States v. Royer*, 549 F.3d 886, 896 (2d Cir. 2008).

[33] *United States v. Kirk Tang Yuk*, 885 F.3d 57, 70 (2d Cir. 2018); *see United States v. Mackey*, No. 23-7577 (2d Cir.) (pending appeal considering scope of venue requirements).

Because venue must be proper for each count, if you find that the government has failed to prove this venue requirement by a preponderance of the evidence with respect to any of the counts charged in the Indictment, then you must acquit the defendant of that count.

**Defense Request No. 14**

**Defense Theory of the Case**

[Defendants respectfully requests that the jury be charged with Defendants' defense theory of the case, to be supplied following the close of trial, prior to the charge conference]

Dated: December 1, 2025
      New York, New York

                              Respectfully submitted,

                              _____
                              Marc Agnifilo
                              Zach Intrater
                              Teny Geragos

                              *Attorneys for Oren Alexander*

                              Howard Srebnick
                              Jackie Perczek
                              Jason Goldman

                              *Attorneys for Alon Alexander*

                              Milton L. Williams
                              Alex V. Kahn
                              Deanna Paul

                              *Attorneys for Tal Alexander*

42