# AGNIFILO
# INTRATER

---

January 11, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

   Re: *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
      24 Cr. 676 (VEC)

Dear Judge Caproni:

   The defendants object to several aspects of the Court's draft preliminary jury instruction. As a general matter, to the extent that the Court will advise the jury of elements of the various charges, the defense requests that the Court inform the jury that the government has the burden to prove each of those elements beyond a reasonable doubt, that the defendants are presumed innocent and that the burden never is on the defendant to prove or disprove anything. In regard to the Court's draft Preliminary Jury Instructions, the defendants request the following modifications.

1. Evidence In This Case (Page 2, Section 3)

   (P.2) (Section 3) (Evidence in this case). After the first sentence of the second paragraph in Section 3, the Court should state as follows:[1]

   **I will give you additional guidelines for determining the credibility of witnesses at the end of the case. But, for now, please understand that it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward. In short, it is important to keep an open mind throughout the entire trial.**

   **Also, I suggest that it is equally important to observe the witnesses as they testify. The reason for this is that the credibility of most witnesses, if not all of them, will be an issue. You will be called upon to appraise the credibility or the truthfulness of a particular witnesses testimony. Often times it is not what a witness says, but how the witness says it that may give you a clue as to whether or not to accept his or her version of an incident or an event as credible or believable. In short, the witness's manner of testifying before you, the witnesses appearance – that is general demeanor – is a factor that may play an important part in your reaching a judgment as to whether or not you can accept that witness's testimony as reliable.**

---

[1] These next four paragraphs are taken directly from Sand's Modern Federal Jury Instructions, Lexis, Nexis Publishing, 2018, Instruction 1-1 (Instructions at Beginning of Trial).

The Honorable Valerie E. Caproni
January 11, 2026
Page 2 of 5

**We know from experience that frequently we will hear a person give a version of an event which sounds most impressive and even compelling, and yet, when we hear another person's version of the same event or even the same witness cross examined with respect to it – what seemed so very compelling and impressive may be completely dissipated or weakened.**

**I am simply saying to you in plain English that usually there may be another side to every story. Thus, it is important to keep an open mind throughout the taking of evidence.**

The Court can segue from the above instruction back to the third sentence of the second paragraph and say "Also, I will just tell you to bring into this courtroom…."

2. What Is Not Evidence

As to the first paragraph, we propose: **Questions by lawyers alone are not evidence. It is the question combined with the answer that is the evidence.** Our objection to the court's current formulation of this concept is that it gives too much weight to testimony based on non-leading questions and too little to cross examination.

3. Sex Trafficking (Page 3)(V. A)

The defense objects to the Court's draft preliminary instruction on Sex Trafficking as it concerns the definition of "commercial sex act," which is inconsistent with the jury charge as stated in Sand's Modern Federal Jury Instructions, Lexis, Nexis Publishing 2018, Instruction 47A-18 (Sex Trafficking Elements of the Offense). 47A-22 (Third Element – Commercial Sex Act). The full Sand instruction as to "commercial sex act" is as follows: "the third element that the government must prove beyond a reasonable doubt is that the defendant knew that (the victim) would be engaged in a commercial sex act. A commercial sex act is any act on account of which anything of value is given or received by any person."

The Sand charge on commercial sex act does not contain anything in the last six lines of the first paragraph on page 4, and the defense objects to the Court departing from the Sand charge as a general matter, and certainly as to preliminary instructions. Also, for the court to give cursory instructions as to virtually all the other elements and then to give so much greater detail as to commercial sex, especially when that detail varies completely from the Sand instruction, is unfair.

Accordingly, as to commercial sex act, we request that court to advise as follows**: that the government must prove beyond a reasonable doubt that the defendant knew that (the victim) would be engaged in a commercial sex act. A commercial sex act is any act on account of which anything of value is given or received by any person."**

The defense objects to any further description of the term "commercial sex act."

The Honorable Valerie E. Caproni
January 11, 2026
Page 3 of 5

4. <u>Conspiracy To Commit Sex Trafficking</u>

The defense objects to the court telling the jury that "a conspiracy is "just" an agreement." The word "just," in this context, minimizes the concept of a conspiracy. The court should advise the jury that, **a conspiracy is an agreement between two or more persons to do something the law forbids.** There is no reason to define it any differently than this.

5. <u>Sex Trafficking of a Minor Victim</u>

Page 4, para. C states "Alon and Oren Alexander are charged with sex trafficking a minor victim." Oren Alexander is not charged in that count, and it should read **Alon and Tal**.

The defense objects to the last sentence of the proposed preliminary charge.

6. <u>Enticement To Travel To Engage in Illegal Sex Act</u>

The defense objects to this draft charge on several grounds. First, the law is clear that travel alone is insufficient. The travel must be in interstate or foreign commerce. Second, the court's statement that the "defendant did so in order that he could sexually assault her," is not an accurate statement of the statute's elements nor of the government's theory. Accordingly, we ask the Court to instruct the jury as follows:

**That to sustain its burden, the Government must prove the following elements beyond a reasonable doubt. First, that the defendant persuaded or induced or enticed or coerced a person to travel in interstate or foreign commerce; second, that this person traveled in interstate or foreign commerce; and third, that the defendant acted with the intent that this person would engage in illegal sexual activity as specifically alleged in the indictment.**

7. <u>Aggravated Sexual Abuse (Counts Ten and Eleven)</u>

The Court's proposed preliminary instruction on Aggravated Sexual Abuse is inconsistent with the Sand instruction and with the allegations in Counts Ten and Eleven. It also appears to be based on the S-4, rather than S-5, Indictment.[2]

As to Count Ten, the established Sand instruction is found at Instruction 61-2 (Elements of the Offense of Aggravated Sexual Abuse By Force Or Threat (18 USC 2241(a)).

---

[2] The government's last-minute addition of Count Eleven to the S-5 Indictment, charging Sexual Abuse By Physical Impairment, prejudices the defendant in many ways (which will be set out in pre-trial motions as to the S-5 Indictment). One of those ways is that the parties have not had sufficient time to understand the government's theory and the jury charges that apply, as reflected by the fact that even the Court's preliminary proposed instruction does not contain a proposal as to Count Eleven.

3

As to Count Eleven, the established Sand instruction is found at Instruction 61-21 (Elements of the Offense of Sexual Abuse of Incapacitated Person)(18 USC 2242(2).

8. <u>Sexual Exploitation of a Minor (Count Twelve)</u>

The draft instruction is not an accurate statement of the law. We ask that the Court advise the jury consistent with the established Sand instruction (Instruction 62-2 (Elements of the Offense), which states as follows:

**First, that the (name of purported victim) was under the age of eighteen; second, that the defendant used or employed or persuaded or induced or enticed or coerced (the purported victim) to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and third, that the visual depiction was mailed or actually transported in interstate or foreign commerce.**

9. <u>General Instructions</u>

We request that the Court add: **If you are exposed to any information about the case other than when you are in the courtroom during the trial, even if accidentally, please alert the Courtroom deputy.**

10. <u>Outline of Trial</u>

The defendants maintain their objection to the Court's proposed charge regarding witness pseudonyms.

                Respectfully submitted,

                _____
                Marc Agnifilo
                Zach Intrater
                Teny Geragos

                *Attorneys for Oren Alexander*

                Howard Srebnick
                Jackie Perczek

                *Attorneys for Alon Alexander*

                Milton L. Williams
                Alexander V. Kahn
                Deanna Paul

*Attorneys for Tal Alexander*

cc: All counsel (via ECF)