

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 14, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
     **S5 24 Cr. 676 (VEC)**

Dear Judge Caproni:

  The Government respectfully writes in response to the Court's order that the Government: (1) provide its position as to whether the "knowledge" requirement should be imposed on the first and second elements of the offense charged in Count Eleven; (2) provide a proposed preliminary instruction for the offense; and (3) respond to the defendants' motion to dismiss Count Eleven of the indictment.

  1. **Knowledge**

  First, the Court instructed the Government to provide its position regarding whether Section 2242(2)(B) imputes a scienter requirement for both the "sexual act" element and the "physically incapable of declining participation in, or communicating unwellness to engage in, that sexual act" element of Count Eleven.

  In relevant part, Section 2242 states that:

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly … (2) engages in a sexual act with another person if that other person is . . . (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act . . . or attempts to do so . . .

[is guilty of a crime].

  At the outset, "[t]here is some controversy concerning . . . whether the government must prove that the defendant knew that the victim was incapacitated" for purposes of satisfying the elements of this statute. 3 Sand, Model Federal Jury Instructions-Criminal P. 61.04 fn. 3. It does not appear that the Second Circuit has directly addressed this issue. At least the Eighth and Tenth

Circuits have held that knowledge is required for both elements. *See United States v. Bruguier*, 735 F.3d 754, 758-59 (8th Cir. 2013); *United States v. Freeman*, 70 F.4th 1265, 1276 (10th Cir. 2023). Because the Government intends to prove at trial that the defendants conduct here satisfied a knowledge requirement for both elements, the Government at this time does not oppose a jury instruction which includes a knowledge requirement for both elements. However, given that it is a matter of first impression in this Circuit, the Government reserves the right to more fully brief this issue in advance of the charge conference in this case.

### 2. **Preliminary Instruction for Count Eleven**

As stated in the draft preliminary instructions, the preliminary instructions are not meant to replace the detailed jury charges at the end of trial. (1/9/2026 Draft Prel. Instructions at 3). Accordingly, the Government proposes instructions that mirror the preliminary instructions already provided by the Court (including in the immediately preceding Count Ten):

Sexual Abuse

Alon and Oren Alexander are also charged with one count of sexual abuse on a cruise ship. To sustain its burden as to this charge, the Government must prove:

First, that the Defendant engaged in a sexual act with the victim;

Second, that the victim was physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.

### 3. **Motion to Dismiss**

As the defendants have highlighted, Count Eleven in the S5 Indictment omits the word "knowingly" from the Indictment. In light of that, the Government intends to expeditiously present a superseding indictment to the Grand Jury.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By:   /s_____
    Kaiya Arroyo
    Elizabeth A. Espinosa
    Andrew Jones
    Madison Reddick Smyser
    Assistant United States Attorneys
    (212) 637-2226/-2216/-2249/-2381