UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALON ALEXANDER,<br>OREN ALEXANDER, and<br>TAL ALEXANDER,<br><br>　　　　　　　Defendants. | **SUPERSEDING INDICTMENT**<br><br>S6 24 Cr. 676 (VEC) |

### COUNT ONE
### (Conspiracy to Commit Sex Trafficking)

The Grand Jury charges:

1.　　From at least in or about 2008, up to and including at least in or about 2021, in the Southern District of New York and elsewhere, in and affecting interstate and foreign commerce, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, knowingly agreed to combine, conspire, confederate and agree to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, persons, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(2).

(Title 18, United States Code, Section 1594(c).)

## COUNT TWO
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-1)

The Grand Jury further charges:

2.     In or about May 2011, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-1, and caused Victim-1 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that Victim-1 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT THREE
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-2)

The Grand Jury further charges:

3.     In or about September 2016, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described

in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited, and aided and abetted and willfully caused the recruitment, enticement, harboring, transportation, obtaining, maintaining, patronizing, and soliciting of, Victim-2, and caused Victim-2 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that Victim-2 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

### COUNT FOUR
**(Inducement to Travel to Engage in Unlawful Sexual Activity)**
**(Victim-2)**

The Grand Jury further charges:

4. In or about September 2016, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted, aided and abetted, and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, persuaded, induced, and enticed Victim-2 to travel from Illinois to New York, so ALON ALEXANDER, OREN ALEXANDER, and TAL

ALEXANDER could engage and attempt to engage in unlawful sexual activity with Victim-2, in violation of New York Penal Law Sections 130.35, 130.30, 130.25, 130.20, and 130.52.

(Title 18, United States Code, Sections 2422(a) and 2.)

### COUNT FIVE
(Sex Trafficking of a Minor)
(Minor Victim-3)

The Grand Jury further charges:

5. In or about May 2009, in the Southern District of New York and elsewhere, ALON ALEXANDER and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means a person, knowing and in reckless disregard of the fact and having had reasonable opportunity to observe the person, that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, ALON ALEXANDER and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Minor Victim-3, and knowing and in reckless disregard of the fact and having had a reasonable opportunity to observe Minor Victim-3, that Minor Victim-3 had not yet attained the age of 18 years, and would be caused to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a) and (b)(2) and (2).)

## COUNT SIX
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-4)

The Grand Jury further charges:

6.  In or about June 2009, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-4, and caused Victim-4 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that force, threats of force, fraud and coercion would be used to cause Victim-4 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT SEVEN
### (Sex Trafficking by Force, Fraud, or Coercion)
### (Victim-5)

The Grand Jury further charges:

7.  In or about June 2009, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide,

obtain, and maintain by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited, and aided and abetted, and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-5, and caused Victim-5 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim-5 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a), (b)(1), and (2).)

## COUNT EIGHT
(Sex Trafficking by Force, Fraud, or Coercion)
(Victim-6)

The Grand Jury further charges:

8.     In or about August 2014, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted and willfully caused the same, to wit, TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted and willfully caused the recruitment, enticement, harboring, transportation, obtaining, and maintaining, of Victim-6, and caused Victim-

6 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim-6 to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT NINE
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Victim-6)

The Grand Jury further charges:

9.    In or about August 2014, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted, aided and abetted, and willfully caused the same, to wit, TAL ALEXANDER persuaded, induced, and enticed Victim-6 to travel from Nevada to New York, so TAL ALEXANDER could engage and attempt to engage in unlawful sexual activity with Victim-6, in violation of New York Penal Law Sections 130.35, 130.30, 130.25, and 130.20.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT TEN
### (Aggravated Sexual Abuse by Force or Threat or Intoxicant)
### (Victim-7)

The Grand Jury further charges:

10.    In or about January 2012, within the special maritime and territorial jurisdiction of the United States, namely, on a foreign vessel during a voyage having a scheduled departure from and arrival in the United States with respect to an offense committed by and against a United States national, ALON ALEXANDER and OREN ALEXANDER, the defendants, at least one of whom was arrested for this offense in the Southern District of New York, (i) by use of force against a

person, and (ii) by knowingly administering a drug, intoxicant, or other substance without the knowledge of the person and thereby substantially impaired the ability of the person to appraise and control her conduct, did knowingly cause and attempt to cause the person to engage in a sexual act as defined in Title 18, United States Code, Section 2246(2)(A), to wit, ALON ALEXANDER and OREN ALEXANDER, both United States nationals, after administering a drug, intoxicant, or other substance to Victim-7 without Victim-7's knowledge, used force against Victim-7 to cause Victim-7 to engage in a sexual act while on a Bahamian flagged cruise ship which departed from and arrived in the United States.

(Title 18, United States Code, Sections 2241(a)(1), (b)(2), 3238, 7, and 2.)

## COUNT ELEVEN
### (Sexual Abuse by Physical Incapacitation)
### (Victim-7)

The Grand Jury further charges:

11. In or about January 2012, within the special maritime and territorial jurisdiction of the United States, namely, on a foreign vessel during a voyage having a scheduled departure from and arrival in the United States with respect to an offense committed by and against a United States national, ALON ALEXANDER and OREN ALEXANDER, the defendants, at least one of whom was arrested for this offense in the Southern District of New York, knowingly engaged in a sexual act with another person who was physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act, and attempted to do so, to wit, ALON ALEXANDER and OREN ALEXANDER, both United States nationals, engaged in a sexual act with Victim-7 while she was physically incapable of declining participation in the sexual act, while on a Bahamian flagged cruise ship which departed from and arrived in the United States.

(Title 18, United States Code, Sections 2242(2)(B), 3238, 7, and 2.)

## COUNT TWELVE
### (Sexual Exploitation of a Minor)
### (Minor Victim-8)

The Grand Jury further charges:

12.     On or about April 16, 2009, in the Southern District of New York and elsewhere, OREN ALEXANDER, the defendant, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, OREN ALEXANDER recorded himself and another person engaging in sexual activity with a incapacitated 17-year-old girl in Manhattan.

(Title 18, United States Code, Section 2251(a).)

### FORFEITURE ALLEGATIONS

13.     As a result of committing the offenses alleged in Counts One, Two, Three, Five, Six, Seven, and Eight of this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said

offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

14. As a result of committing the offenses alleged in Counts Four and Nine of this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

15. As a result of committing the offenses alleged in Counts Ten and Count Eleven of this Indictment, ALON ALEXANDER and OREN ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offenses and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offenses or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

16. As a result of committing the offense alleged in Count Twelve of this Indictment, OREN ALEXANDER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to

gross profits or other proceeds obtained from said offense and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offense or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 1594, 2428, and 2253;
Title 21, United States Codes, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

*Jay Clayton*
JAY CLAYTON
United States Attorney