```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
UNITED STATES OF AMERICA                                            :
                                                                    :
             -against-                                              :     24-CR-676 (VEC)
                                                                    :
ALON ALEXANDER, OREN ALEXANDER, and                                 :     MEMORANDUM
TAL ALEXANDER,                                                      :     OPINION & ORDER
                                                                    :
                                    Defendants.                     :
                                                                    :
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On December 30, 2025, the Government requested from Defendants notice of an alibi defense "as to the substantive victims and those victims whose assaults the Court ruled could be admitted as conspiracy evidence."[1] Dkt. 303 at 1–2 & n.1. On January 3, 2026, Defendants responded to the Government's request with a letter refusing to provide notice of any alibi defenses. *See id.* at 1; *see also id.*, Ex. B. Following Defendants' refusal, on January 12, 2026, the Government filed a letter motion requesting that the Court order Defendants to provide notice of any such alibi defense pursuant to Federal Rule of Criminal Procedure 12.1 ("Rule 12.1"). *See* Dkt. 303.

On January 13, 2026, Defendants opposed the Government's letter motion, arguing that the Government's Rule 12.1 request was deficient. *See* Dkt. 319. On January 16, 2026, the Court granted the Government's motion and ordered that Defendants "provide notice of any intended alibi defense as to the substantive victims and those victims whose assaults the Court

---

[1] The Court understands that the Government's initial request asked that Defendants also provide alibi notice as to incidents that the Court deemed admissible under Federal Rules of Evidence 404(b) and 413. *See* Dkt. 303, Ex A. The Government has since narrowed its request and "no longer seeks notice of an alibi defense for sexual assaults being admitted under Rule 413 or 404(b) only." Dkt. 303 at 1.

ruled could be admitted as direct evidence of the conspiracy" not later than Thursday, January 22, 2026. *See* Dkt. 335. The Court's order indicated that a memorandum opinion further elucidating its decision would be forthcoming. *Id.*

Rule 12.1(a)(1) provides that "[a]n attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense." Fed. R. Crim. P. 12.1(a)(1). Within fourteen days, "or at some other time the court sets, the defendant must serve written notice . . . of any intended alibi defense." *Id.* 12.1(a)(2).

In refusing to submit alibi defenses as requested, Defendants argue that the Government's request is deficient for two primary reasons. *See* Dkt. 319 at 1. First, according to Defendants, "the [G]overnment's request [as to both the substantive victims and the conspiracy victims] fails to set forth the date, the time and the place in regard to the events for which it seeks notice," making only "[v]ague references" to "three-day weekends, two-day weekends and other nonspecific dates and times." This argument is not compelling. The Government has provided Defendants with precise dates, exact addresses, and "often the particular late night or early morning" for which it is seeking notice of an alibi. *See* Dkt. 303 at 6. This is more than sufficient to inform Defendants of the events about which the Government is referring and to trigger Defendants' obligations to investigate such events and, if applicable, provide notice per Rule 12.1. Moreover, because this case alleges a sex trafficking conspiracy that occurred over the course of more than a decade, Defendants' preferred level of specificity regarding any discreet act is a near impossibility.[2] To be sure, Defendants may "respond with the same level of

---

[2] So as not to completely nullify Rule 12.1 in these situations, *United States v. Bickman*, 491 F. Supp. 277 (E.D. Pa. 1980), the sole case on which Defendants rely, draws this exact distinction. In *Bickman*, the Government's requested 12-hour period was insufficient because, unlike the present case, it did *not* involve "criminal acts [that]

specificity as the Government," *United States v. Young*, No. 08-CR-285 (KMK), 2008 WL 4178190, at *4 n.4 (S.D.N.Y. Sept. 4, 2008), and indicate only "whether they intend to offer evidence that they were not at the particular locations on the particular weekends noted by the Government," Dkt. 303 at 6. But respond they must.

Second, Defendants argue that Rule 12.1 does not permit the Government to seek alibi notice for any acts that were not charged as substantive offense – *e.g.*, sexual assaults that are not alleged as particular counts in the indictment but which the Court has ruled are admissible as to the conspiracy (Count One).[3] The Second Circuit has not has occasion to decide whether Rule 12.1 requires notice-of-alibis as to discrete acts within a conspiracy that are not included as standalone criminal counts. And while the cases that the Government cites are helpful, they are not directly on point.[4]

Nonetheless, the Court is persuaded that Defendants' constricted conception of their Rule 12.1 obligations would flout the very purpose of the rule. "Notice-of-alibi rules . . . are based on the proposition that the ends of justice will best be served by a system of liberal discovery which

---

occurred over a long period of time, thereby justifiably necessitating a lack of specificity as to the time of the alleged offense in a demand for notice of an alibi defense." *Id.* at 279.

[3]     Defendants argue that the phrase "alleged offense" in Rule 12.1(a)(1) encompasses only the criminal acts that are included as specific counts in the indictment, thus limiting their Rule 12.1 obligations to the "precise conduct [that] was [] actually charged by a grand jury." Dkt. 319 at 3.

[4]     *United States v. Vela* held that it is "permissible and consistent with [Rule 12.1's] purpose for the prosecution to seek notice-of-alibi with respect to a discrete temporal aspect of the crime charged," including a conspiracy, which is "accomplished over a long period of time." *Id.* at 89. But the Government's request in *Vela* (for an alibi related to a 3-hour window on a specific date) was decidedly narrower than those requested in the present action. 673 F.2d 86, 88 (5th Cir. 1982). And while *United States v. Dupuy* suggests that the Government may properly seek alibi notice for overt acts in a conspiracy, the act about which the Government sought alibi notice in *Dupuy* was expressly listed in the indictment as a conspiracy act, even if not itself a discreet count. *See* 760 F.2d 1492, 1498 (9th Cir. 1985) ("[T]he Government requested that Dupuy disclose any alibi defense to an act alleged to in Count I . . . [which] was the basis of overt act 10."). In *United States v. Martoma*, too, the overt act about which the Government requested alibi notice "loom[ed] large in the Indictment and in the Government's theory of the case." No. 12-CR-973 (PGG), 2014 WL 31700, at *6 (S.D.N.Y. Jan. 6, 2014). Although these cases are imperfect analogs, the Court finds their reasoning to accord with the stated purpose of Rule 12.1 and, as such, the principles espoused therein are generally applicable here.

3

gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." *Wardius v. Oregon,* 412 U.S. 470, 473 (1973). Rule 12.1 is "for the primary benefit of the [G]overnment," and "should it so desire, [the Government] has the ability to obtain advance notice of an alibi defense in order to avoid unfair surprise and delays at trial." *United States v. Bouye,* 688 F.2d 471, 475 (7th Cir. 1982). Consistent with these objectives, this District has endorsed the notion that "the Government can demand alibi notice under Rule 12.1 concerning a discrete act that merely constitutes one event in a larger conspiracy." *See United States v. Martoma*, No. 12-CR-973 (PGG), 2014 WL 31700, at *6 (S.D.N.Y. Jan. 6, 2014) (noting that "[t]he reasoning of *Vela* and *Dupuy* appears sound"). Defendants' contrary position, which would render Rule 12.1 inapplicable to most (if not all) conspiracy charges, is untenable. *See, e.g.*, *United States v. Vela*, 673 F.2d 86, 88–89 (5th Cir. 1982) (Rule 12.1 would be rendered "unworkable if the prosecution could not narrow its notice-of-alibi demand to a more limited interval" within a larger criminal scheme, and to hold otherwise would require the Government "either to use the notice-of-alibi procedure for an entire criminal transaction of to eschew use of the rule entirely").

    The Court is "vested with 'considerable discretion' to tailor the requirements under Rule 12.1 to fairly and justly serve the underlying goals of the Rule." *United States v. Bickman*, 491 F. Supp. 277, 279 (E.D. Pa. 1980) (quoting *United States v. Hutton*, 558 F.2d 1265, 1266 (6th Cir. 1977)). Given the conspiracy alleged in Count One and the ample notice that the Government has provided Defendants regarding the overt acts that form the basis of the charged conspiracy, the Government's request that Defendant's provide alibi notice as to those overt acts, even if not specifically charged or referenced in the indictment, is both necessary and reasonable. As such, and consistent with the Court's prior Order, *see* Dkt. 335, the Government's request

that the Court order Defendants to provide notice of any intended alibi defense as to (i) the substantive victims and (ii) those victims whose assaults the Court ruled could be admitted as direct evidence of the alleged conspiracy is GRANTED. Defendants must provide such notice pursuant to Rule 12.1 not later than **Thursday, January 22, 2026**.

SO ORDERED.

Date: January 23, 2026
New York, NY

VALERIE CAPRONI
United States District Judge