**TCA** P.C.
Torgan Cooper + Aaron
Achieving a better future for our clients

17 State Street
39th Floor
New York, NY 10004

Office 212·232·2500
Fax 212·232·2509

TorganCooperAaron.com

ATTORNEYS AT LAW
EVAN TORGAN
EDWARD T. COOPER
MITCHELL K. AARON

JONATHAN TABAR
BRENDAN BROWN

MITCHELL R. DRACH
Of Counsel

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/27/2026

January 26, 2026

**VIA ECF - REDACTED**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007



Re:   *United States v. Alexander et al.*, Docket No. 24-CR-00676 (VEC)
Emergency Letter Motion to Quash Rule 17(c) Subpoena & for
Protective Relief on behalf of Victim 12.

Your Honor:

    We represent Victim 12 in the above matter. We respectfully submit this letter motion on an emergent basis pursuant to Federal Rule of Criminal Procedure 17(c)(2) seeking to quash or stay enforcement of a subpoena served on Victim 12 at approximately 5:50 p.m. on January 26, 2026, less than twenty-four hours before she is expected to testify at trial. *See* Subpoena Annexed hereto as Exhibit A.

    The subpoena was accompanied by an email from defense counsel stating that they intend to elicit testimony concerning Victim 12's alleged reposts on Instagram regarding "genocide in Israel," and requesting that she "bring to Court tomorrow all her posts / reposts on social media, and all her written statements" on that subject, without any showing that such materials presently exist, remain accessible, or are within the witness's possession or control. Defense counsel further represents that the Government does not possess these materials and that the request arises from statements Victim 12 allegedly made during prior debriefings.

    This subpoena constitutes an impermissible use of Rule 17 and reflects precisely the type of trial-by-ambush tactics the rule is intended to prevent. Rule 17 subpoenas may not be deployed on the eve of testimony to compel a witness to assemble new materials for anticipated cross-examination.

1

| TORGAN, COOPER + AARON, P.C. |

As the Supreme Court held in *United States v. Nixon*, Rule 17(c) permits subpoenas only for specifically identified, admissible evidence and may not function as a discovery device or as a tool to obtain impeachment material. 418 U.S. 683, 700 (1974). The request here fails that standard.

First, the subpoena does not seek identifiable evidence tied to the charged conduct. Rather than seeking discrete, identifiable evidence, the demand encompasses broad categories of alleged political and social-media expression bearing no connection to the charged conduct

Second, the stated purpose of the demand — to support anticipated cross-examination — confirms its improper character. Rule 17 may not be used to obtain collateral impeachment or credibility testing material, particularly where the Government neither relied upon nor possesses the requested content.

Third, service at approximately 5:50 p.m. on the night before testimony renders the subpoena unreasonable and oppressive, depriving the witness of any meaningful opportunity to consult counsel or seek judicial review. That timing is especially significant where the defense was presumably aware of the factual basis for this request well in advance of trial, and no newly discovered material is alleged. The eleventh-hour service thus confirms that the subpoena functions not as a legitimate evidentiary request, but as an attempt to obtain impeachment material through surprise rather than through proper judicial process.

Victim 12 does not seek to avoid her obligation to appear and testify. She respectfully seeks only protection from compelled production of purported social-media materials and from inquiry into alleged political expression unrelated to the charged conduct, pending review by the Court.

For these reasons, Victim 12 respectfully requests that the Court quash the instant subpoena and grant such protective relief as the Court deems appropriate.

Respectfully submitted,

TORGAN COOPER & AARON, P.C.

By: /s/Evan Torgan
    Evan Torgan
    Jonathan Tabar

Application GRANTED. For the reasons stated on the record on January 27, 2026, Defendants' Rule 17(c) subpoena to Victim 12 is QUASHED.

SO ORDERED.

*[signature: Valerie Caproni]*   1/27/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE