# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

February 4, 2026

**<u>VIA ECF</u>**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *United States v. Alexander et al.*, Docket 24-CR-00676 (VEC)
<u>      Motion to Quash Rule 17(c) Subpoena on behalf of Victim-9      </u>

Your Honor:

      We represent non-party Victim-9, one of the victims in the above-captioned matter. On February 1, 2026 at approximately 6:03 p.m., counsel for Defendant Alon Alexander ("Defendant") served a subpoena on Victim-9 pursuant to Federal Rule of Criminal Procedure 17(c) broadly seeking photographs, videos, social media posts, and communications "[r]egarding the events at Bootsey Bellows, at the Little Nell residence, and Alon and Oren Alexander, which occurred on or about January 26-27, 2017" (the "Subpoena").[1] This Court previously quashed an identical subpoena served on Minor Victim 26, finding that the requests "fail to *specifically* identify any documents that Defendants seek, nor is there any showing that the materials sought exist whatsoever." Dkt. No. 386 at 5.

      For the reasons set forth herein, and the reasons set forth in this Court's February 4, 2026 order, Victim-9 respectfully moves to quash the Subpoena in its entirety pursuant to Rule 17(c)(2) because the Subpoena is unreasonable and oppressive, and fails to satisfy the requirements set forth in *United States v. Nixon*, 418 U.S. 683 (1974).

---

[1] The Subpoena is attached hereto as <u>Exhibit A</u>. In addition to the document requests, the Subpoena commands Victim-9 to testify at trial. On February 2, 2026, the undersigned counsel confirmed with counsel for Defendant that the Subpoena is intended to serve only as a subpoena for the production of documents, not testimony, returnable on the date of Victim-9's anticipated testimony during the government's case-in-chief.

Gina M. Castellano  Tel +1 212 504-6234   Fax +1 212 504-6666  gina.castellano@cwt.com

# C A D W A L A D E R

The Honorable Valerie E. Caproni
February 4, 2026

## Legal Standard

Federal Rule of Criminal Procedure 17(c) "allows parties to subpoena any books, papers, documents, data, or other objects the subpoena designates." *United States v. Seabrook*, No. 16 Cr. 467 (ALC), 2017 WL 4838311, at *1 (S.D.N.Y. Oct. 23, 2017). Rule 17(c) is not intended to be a tool utilized for the purpose of discovery, which is governed by Rule 16. *Nixon*, 418 U.S. at 698. Instead, Rule 17(c) "should be used *only* as 'a mechanism for obtaining *specific admissible* evidence.'" *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *2 (S.D.N.Y. May 17, 2018) (emphasis added).

Consistent with these principles, Rule 17(c)(2) authorizes the Court to quash subpoenas "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Upon a motion to quash, the proponent of a subpoena "must make a preponderance showing that the materials are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *United States v. Pena*, No. 15-CR-551 (AJN), 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 12, 2016) (quoting *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014)); *see also Nixon*, 418 U.S. at 699–700 (the proponent of a subpoena must show that: (1) "the documents are evidentiary and relevant"; (2) "they are not otherwise procurable reasonably in advance of trial by exercise of due diligence"; (3) "the party cannot properly prepare for trial without such production and inspection" and "the failure to obtain such inspection may tend unreasonably to delay the trial"; and (4) "the application is made in good faith and is not intended as a general 'fishing expedition'").

## Argument

**A.    The Court Should Quash the Subpoena Because the Requests Fail to Satisfy the Specificity Prong under *Nixon*.**

A Rule 17(c) subpoena "must be able to reasonably specify the information contained or believed to be contained in the documents sought." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). When subpoenas are sought "without mention of specific admissible evidence," it is inferred that "the defense is engag[ed] in the type of fishing expedition prohibited by *Nixon*." *Id.* at 513 (internal quotation marks and citation omitted). Courts in this district routinely quash subpoena requests that seek "any" or "all" materials, even if the request is confined to a specific topic or date range,

**C A D W A L A D E R**

The Honorable Valerie E. Caproni
February 4, 2026

if the request does not identify specific admissible evidence.[2] *See, e.g.*, *Percoco*, 2018 WL 9539131, at *2 (quashing subpoena for having "generalized" requests with "all" language); *United States v. Avenatti*, No. (S1) 19-CR-373 (PGG), 2020 WL 508682, at *5–6 (S.D.N.Y. Jan. 31, 2020) (quashing subpoena for all text messages and emails referencing defendant over a nine-month period as "not sufficiently specific"); *see also United States v. Xu*, No. 23-CR-133-5 (JMF), 2024 WL 4504352, at *2–3 (S.D.N.Y. Oct. 16, 2024); *Mendinueta-Ibarro*, 956 F. Supp. 2d at 515.

Here, the Subpoena does not seek any specific admissible evidence and thus fails *Nixon*'s specificity requirement. *See Nixon*, 418 U.S. at 700; *Skelos*, 2018 WL 2254538, at *2. Rather than identifying particular documents or communications, the Subpoena broadly requests "[p]hotographs," "videos," "social media posts," and "non-privileged communications (*e.g.*, texts, DMs, Facebook messages, etc.)" from Victim-9 "[r]egarding the events at Bootsey Bellows, at the Little Nell residence, and Alon and Oren Alexander, which occurred on or about January 26-27, 2017." Requests framed in such open-ended terms are inconsistent with Rule 17(c)'s requirements that subpoenas be narrowly drawn to obtain known evidentiary material. Indeed, the Court previously quashed subpoenas issued to Victim-1 and Victim-2 that broadly sought "communications" between the victims and various friends that "mention or concern" either (i) trips during which the women were allegedly assaulted, or (ii) Defendants. Dkt. No. 328 at 6. As the Court observed, "none of these requests meet *Nixon*'s standard of identifying *specific*, *admissible* evidence" and "Defendants' hope that 'communications' that 'concern or mention' topics and individuals implicated by this case may ultimately prove to be relevant and admissible at some point down the line is insufficient to sustain their burden under Rule 17(c)." *Id.* (emphasis in original).

To be clear, Rule 17(c) does authorize the use of trial subpoenas to obtain impeachment material. *United States v. Percoco*, No. 16 Cr. 776 (VEC), 2018 WL 9539131, at *1 (S.D.N.Y. June 14, 2018). But even if it were the case that Defendant was seeking these sweeping categories of documents in hopes of uncovering information that may be relevant for impeachment purposes *if and when* Victim-9 testifies, the requirements under *Nixon* apply with equal force to potential impeachment evidence. *See, e.g., id.* at *2 ("Although the Nixon case addressed a pre-trial subpoena, the same standard has been applied to trial subpoenas for documents."); *Avenatti*,

---

[2] While the Subpoena appears to take note of the Court's January 15, 2026 Order regarding sweeping requests, *see* Dkt. No. 328, and removed words such as "all" and "any" from the Subpoena, the omission of "all" and "any" makes no substantive difference because the requests fail to provide any true limiting principle and are equally overbroad as the requests that the Court previously quashed.

# CADWALADER

The Honorable Valerie E. Caproni
February 4, 2026

2020 WL 508682, at *3 (observing that *Nixon* "provides the standard of review for both 'pre-trial subpoena[s]' seeking admissible evidence and 'trial subpoenas for impeachment material'"); *United States v. Cole*, 19-CR-869 (ER), 2021 WL 912425, at *4 (S.D.N.Y. Mar. 3, 2021) (same). In other words, the mere hope that some admissible or impeachment evidence *might* turn up in the vast swath of documents sought in the Subpoena is plainly insufficient to satisfy the specificity requirement under *Nixon*.

Aside from failing to identify any specific documents, the Subpoena is deficient for the additional reason that it fails to tether the requests to any ascertainable or relevant time period. The Subpoena requests documents and communications "[r]egarding the events at Bootsey Bellows, at the Little Nell residence, and Alon and Oren Alexander, which occurred on or about January 26-27, 2017." Without the requisite specificity as to the applicable time period covered by the Subpoena, Victim-9 would be required to comb through nine years of photographs, videos, social media posts, text messages, e-mails, and other forms of communication within a matter of days. This is precisely the type of "fishing expedition" premised on a "mere hope that something useful will turn up" that courts have held is prohibited under Rule 17(c). *See Avenatti*, 2020 WL 508682, at *3 (citation modified).

## B.    The Court Should Quash the Subpoena Because It Fails to Satisfy the Remaining *Nixon* Prongs.

While the Subpoena's failure to meet the requisite specificity prong under *Nixon* provides a sufficient basis for the Court to grant Victim-9's motion to quash, the Subpoena's failure to satisfy the remaining prongs under *Nixon* provide additional grounds to quash the Subpoena.

Under Rule 17(c), a party must establish "a sufficient likelihood" that the documents which are sought are "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. In addition, the party must demonstrate that the requested materials are admissible. *United States v. R. Enters., Inc.*, 498 U.S. 292, 299 (1991) ("[A] party must make a reasonably specific request for information that would be both relevant and admissible at trial."); *Avenatti*, 2020 WL 508682, at *6 ("In order to obtain enforcement of a Rule 17(c) subpoena, [Defendant] must demonstrate that the [evidence] he seeks contain admissible evidence or impeachment material."). While Rule 17(c) does permit subpoenas for impeachment material, the proponent is still required to satisfy the requirements of Rule 17(c) and *Nixon*. *See Cole*, 2021 WL 912425, at *4.

"To satisfy [*Nixon*], the documents must meet the test of relevancy and admissibility when they are sought; a showing of potential relevance or admissibility is not sufficient." *United*

# C A D W A L A D E R

The Honorable Valerie E. Caproni
February 4, 2026

*States v. Jenkins*, No. 02-CR-1384 (RCC), 2003 WL 1461477, at *5 (S.D.N.Y. Mar. 21, 2003). Because Defendant currently does not know the universe of documents covered by the requests, he "cannot meet [his] burden of showing these documents would be admissible at trial." *Skelos*, 2018 WL 2254538, at *3. Further fatal to the Subpoena is the fact that the vast swath of information covered by the requests makes it impossible to meaningfully "evaluate the relevance or admissibility of the unspecified evidence that would theoretically be responsive." *Xu*, 2024 WL 4504352, at *2. Nine years of photographs, videos, social media posts, and communications would capture content that is utterly irrelevant or at best inadmissible hearsay. Because the requests are simply too broad to determine their relevancy or admissibility in any meaningful way, the Subpoena should be quashed in its entirety.

Finally, compliance with the Subpoena would be unreasonable and oppressive to Victim-9 within the meaning of Rule 17(c)(2). The subpoena requires a crime victim to locate, collect, and produce approximately nine years of photographs, videos, social media posts, and communications within a mere matter of days of service of the Subpoena. Moreover, because the Subpoena seeks highly personal information from Victim-9, the burden and intrusion are especially acute. Imposing such burdens on victims, particularly where the requests are broad and speculative, is unreasonable and the Subpoena therefore should be quashed.

## Conclusion

For the foregoing reasons, the Subpoena served on Victim-9 is unreasonable and oppressive and fails to satisfy the requirements articulated in *United States v. Nixon*. Accordingly, we respectfully request that the Court quash the Subpoena in its entirety pursuant to Federal Rule of Criminal Procedure 17(c)(2).

Respectfully Submitted,

Gina M. Castellano

cc:    All counsel (via ECF)

Page 5