# AGNIFILO
# INTRATER

January 29, 2026

**VIA EMAIL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
               24 Cr. 676 (VEC)

Dear Judge Caproni:

      Defendant Oren Alexander respectfully requests that the Court exclude Government Exhibits ("GX") 1G-101, GX 1G-102, GX 1G-102-T, GX 1G-103, GX 1G-104, and GX 1G-105. These are all identification documents related to the Government witness who will testify using the name "Amelia Rosen."

      GX 1G-102 purports to be a birth certificate for Ms. Rosen from the former Soviet Socialist Republic of Ukraine. It includes a birth date of ▇▇▇▇ 1991. GX 1G-102-T is a translation of the birth certificate. GX 1G-103, GX 1G-104, and GX 1G-105 are all identification documents that use the birth date of June 20, 1991.

      The purported birth certificate cannot be authenticated. It is not self-authenticating under FRE 902(3) and does not satisfy the requirements of FRE 901. The other documents contain hearsay – the birth date itself – that does not fall within the FRE 803(8) exception. Therefore, all of these exhibits should be excluded from evidence. We explain why below. It bears noting that the defense has been raising objections to the birth certificate for weeks in virtually every forum available – in open court, in letters and in pretrial motions. Yet, the government has done nothing but ignore these objections. Now, it seeks to admit documents in clear violation of the rules of evidence despite being put on notice repeatedly of the precise objections raised here.

      "Rule 902 provides that certain types of documents are self-authenticating, *i.e.,* they do not require any extrinsic evidence for authentication." *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999). FRE 902(3) states, in part:

      "The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: . . .

The Honorable Valerie E. Caproni
January 29, 2026
Page 2 of 5

  (3) *Foreign Public Documents*. A document that purports to be signed or attested by a person who is authorized by a foreign country's law to do so. The document must be accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester — or of any foreign official whose certificate of genuineness relates to the signature or attestation or is in a chain of certificates of genuineness relating to the signature or attestation. The certification may be made by a secretary of a United States embassy or legation; by a consul general, vice consul, or consular agent of the United States; or by a diplomatic or consular official of the foreign country assigned or accredited to the United States. If all parties have been given a reasonable opportunity to investigate the document's authenticity and accuracy, the court may, for good cause, either:

  (A) order that it be treated as presumptively authentic without final certification; or

  (B) allow it to be evidenced by an attested summary with or without final certification."

  Here, the Government has not provided the required certification of genuineness for the birth certificate. And, given the late date on which the current Count 12 was indicted, and the small matter of a grinding, four-year-long, multi-million casualty war between Russia and Ukraine, a central front of which is Kherson, the very city from which the purported birth certificate emanated, there has certainly been no reasonable opportunity to investigate the document's authenticity and accuracy. Therefore, FRE 902(3) does not apply.

  Because the birth certificate is not self-authenticating under FRE 902(3), it "may not be admitted into evidence unless it is shown to be genuine." *United States v. Maldonado-Rivera*, 922 F.2d 934, 957 (2d Cir. 1990) (citing 7 *Wigmore on Evidence* §§ 2129, 2130 (3d ed. 1940)).

  Of course, the Government could still potentially demonstrate the birth certificate's authenticity, but they must demonstrate authenticity under Rule 901. *See Pluta*, 176 F.3d at 49-50 (citing *United States v. Childs*, 5 F.3d 1328, 1336 (9th Cir.1993) and 5 J. Weinstein & M. Berger, *Weinstein's Federal Evidence* § 902.02[1] (1997)) ("A document which is of a type that could be self-authenticating but which does not meet all the requirements of Rule 902 may nonetheless be authenticated by any means appropriate under Rule 901.")).

  To be genuine under FRE 901, the Government must produce "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901. This evidence may be direct or circumstantial. *See United States v. Natale,* 526 F.2d 1160, 1173 (2d Cir. 1975). Circumstantial evidence of authenticity "may include distinctive characteristics of the document itself, such as its '[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.'" *Maldonado-Rivera*, 922 F.2d at 957 (quoting Fed. R. Evid. 901(b)(4)).

The Honorable Valerie E. Caproni
January 29, 2026
Page 3 of 5

This requirement is satisfied "'if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'" *United States v. Ruggiero,* 928 F.2d 1289, 1303 (2d Cir. 1990) (*quoting* 5 J. Weinstein & M. Berger, *Weinstein's Evidence* § 901(a)[01] (1990)). "[T]he burden of authentication does not require the proponent of the evidence to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be. Rather, the standard for authentication, and hence for admissibility, is one of reasonable likelihood." *United States v. Holmquist,* 36 F.3d 154, 168 (1st Cir. 1994).

The trial court has broad discretion to determine whether a document has been properly authenticated. *See, e.g., Ruggiero,* 928 F.2d at 1303. Here, the Government cannot prove that this birth certificate is authentic and has done absolutely nothing to do so, despite being on notice of this issue since they added the Amelia Rosen count two months ago. Simply, the government has not provided any circumstantial evidence of authenticity:

- They have not put on a witness who was there when the document was created in Ukraine (then a Soviet Republic undergoing massive societal upheaval).

- The appearance of the document looks used, but that could just as easily be true for a document made in 1981 as 1991 – or 2021 for that matter. The point is that the fact the purported birth certificate is dog-eared means nothing for its authenticity.

- Far from supporting authenticity, aspects of the document's contents actually militate against authenticity: certain lines of text are in a different color than others – indeed, there appear to be potentially three different inks used, and certainly at least two different handwritings.

- The internal patterns of the document give no basis to think it is authentic – there are no holograms, for example, or raised seals. There does appear to be a background watermark, but it does not appear to have any security features or other indica of genuineness.

- There are no other "distinctive characteristics" to indicate this document is any different from what a forgery of a Ukrainian SSR birth certificate would look like.

It is not nearly enough that the document reads that it is from the Ukranian SSR and is a birth certificate – indeed the time and place in which the birth certificate were purportedly created were enormously chaotic, as we stated in our pretrial motions, and do not provide a solid basis to think that the document is authentic.

The Honorable Valerie E. Caproni
January 29, 2026
Page 4 of 5

Moreover, the Court of Appeals has specifically observed that a foreign passport would not necessarily be authentic simply because "[t]hey're identified as such right on the document." *Pluta*, 176 F.3d at 50. A witness attempting to authenticate a document on this basis would "reflect only his ability to read." *Id.*

Indeed, the Court of Appeals has vacated a conviction precisely because the District Court improperly permitted authentication of a printout of a Russian website page. In *United States v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014) the defendant was charged with transferring false identification documents. The critical question was whether a printed copy of a web page from the Russian equivalent of Facebook was the defendant's actual profile page or was made by someone else. *See id.* at 127.

The District Court admitted the website printout. The Court of Appeals vacated and remanded. The Court observed that "Rule 901 does not definitively establish the nature or quantum of proof that is required preliminarily to authenticate an item of evidence." Rather, "[t]he type and quantum of evidence required is related to the purpose for which the evidence is offered, and depends upon a context-specific determination whether the proof advanced is sufficient to support a finding that the item in question is what its proponent claims it to be." *Id.* at 130 (internal citations and quotation marks omitted).

"The 'proof of authentication may be direct or circumstantial.'" *Id.* (quoting *United States v. Al–Moayad*, 545 F.3d 139, 172 (2d Cir.2008)). "The simplest (and likely most common) form of authentication is through "the testimony of a 'witness with knowledge' that 'a matter is what it is claimed to be.'" (*Id.* (quoting *United States v. Rommy*, 506 F.3d 108, 138 (2d Cir.2007) and Fed. R. Evid. 901(b)(1) (pre–2011 amendments)).

The Court of Appeals vacated the defendant's conviction because the only testimony – aside from the webpage itself – provided to authenticate the document was the testimony of the Government's cooperator Timku. "Given the purpose for which the web page in this case was introduced . . .—to corroborate Timku's testimony that [the defendant used the critical alias] . . . Rule 901 required that there be *some* basis beyond Timku's own testimony on which a reasonable juror could conclude that the page in question was not just any Internet page, but in fact [*the defendant's*] profile. No such showing was made and the evidence should therefore have been excluded." *Id.* at 133 (emphasis in original).

Just so here – indeed, here, the Government does not even have a cooperator or any other witness at all "with knowledge." *Cf. Al–Moayad*, 545 F.3d at 172. They have even less than they had in *Vayner*, and certainly no witness   Ms. Rosen herself cannot provide any meaningful basis to provide information about her own birth certificate – after all, she was just born and presumably had other things on her mind. We do not understand there to be any other corroborating testimony

4

The Honorable Valerie E. Caproni
January 29, 2026
Page 5 of 5

from anyone with knowledge of the creation of the birth certificate. We do not understand there to be anything – "some basis," as *Vayner* put it – to corroborate the bare statements contained in a document that is not self-authenticating. Therefore, the birth certificate cannot be authenticated.

Because the birth certificate cannot be authenticated, the Government cannot rely on FRE 803(8) to rescue them by introducing the birth date from other documents – a passport, a DHS record, a Massachusetts driver's license – that themselves derive the birth date from the birth certificate. Again, the defense put the government and the Court on notice that we would object to other documents which rely on the birth certificate for data such as a birth date. Yet, rather than addressing this ongoing objection, the government did nothing to solve the evidentiary problems of which it was on notice.

FRE 803(8) includes a "fruit of the poisonous tree"-type exception for precisely these reasons. According to FRE 803(8), public records are generally not hearsay if they set out certain information **and** "(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

Here, the defense has now shown that the "source of information" – the birth certificate – cannot be proven authentic. Therefore, the information contained in the other public records – the license, the passport, the DHS record – all indicate a lack of trustworthiness for purposes of FRE 803(8)(B). For the purpose of showing Ms. Rosen's date of birth, then, they contain impermissible hearsay and must be excluded.

                                                                          Respectfully submitted,

                                                                          Marc Agnifilo
                                                                          Zach Intrater
                                                                          Teny Geragos

                                                                         *Attorneys for Oren Alexander*

cc:       All counsel (via email)