# LAW OFFICE OF
# JANNUZZI & SCHWARZ

775 PARK AVENUE
SUITE 215-2
HUNTINGTON, NEW YORK 11743

Michael J. Jannuzzi, Esq.

Tel: (631) 385-8182
Fax: (631) 385-7664

MANHATTAN ADDRESS:
233 Broadway
SUITE 2204
NEW YORK, NEW YORK 10279

The Honorable Valerie E. Caproni
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Court House
500 Pearl Street,
New York, New York 10007

February 13, 2026

Re: United States v. Alexander et al., Docket No. 24-CR-00676 (VEC)
Motion to Quash Rule 17 (c) Subpoena Served Upon Non-Party

Dear Judge Caproni,

I represent Jessica Bayern Pfeiffer, a resident of the state of California, who was served with a trial subpoena on January 24, 2026, with a return date of January 26th, 2026. The subpoena was issued by defense counsel, Deanna Paul. After I discussed the subpoena with Ms. Paul, that subpoena was withdrawn and my office accepted service of a second subpoena, a redacted copy of which is annexed hereto as Exhibit A. The second subpoena (Subpoena) has a return date of February 17, 2026.[1]

In addition to seeking testimony, the subpoena directs the production of "messages from a group chat with Jessica Pfeiffer, Taylor Vasi and Aymara Angelucci between December 11, 2024 and the date of this subpoena..." concerning law enforcement reaching out to the "Chat" participants concerning one of the alleged minor victims.

For the reasons discussed below, the subject subpoena (Subpoena) is overly broad, unduly burdensome, harassing, and seeks information that is not relevant or material to the defense. Accordingly, Ms. Bayern Pfeiffer seeks an order from this court quashing the Subpoena.

## I. Legal Standard

Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.

---

[1] Ms. Paul and myself were going to further discuss the subpoena this past week but were not able to connect. I assume this was due to her participation in the trial but this left me in a position where I am compelled to file the instant motion.

The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1).

"Rule 17(c) was not intended to provide an additional means of discovery" to a defendant in a criminal case. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). "Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Id.; citing *United States v. Md. & Va. Milk Producers Assoc.*, 9 F.R.D. 509, 510 (D.D.C. 1949).

Further, Rule 17(c) authorizes the use of trial subpoenas to obtain admissible evidence, as well as impeachment material, *United States v. Percoco*, No. 16 Cr. 776(VES), 2018 WL 9539131, at 1 (S.D.N.Y. June 14, 2018) *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). Unlike subpoenas that are returnable prior to trial, however, subpoenas for impeachment material are only returnable if and when the witness who has made the statement takes the stand and testifies.

In addition, it is the movant's understanding that the two other participants in the subject "Chat" are planning on testifying and will also be able to produce the requested information. As discussed further below, the Second Circuit has affirmed the quashing of subpoenas that are "not sufficiently specific and request[ed] the production of documents that [were] either not admissible at trial **or [were] obtainable through other means**." *States v. Skelos,* 988 F.3d 645 (2021). Emphasis added.

By applying the standards set forth above, it is clear that the subpoena should and must be quashed.

### I. The Use of a Trial Subpoena for Discovery Purpose Renders the Subject Subpoena Fatally Defective.

As set forth on Exhibit A, the Subpoena seeks a group chat between several participants over a course of approximately 13 months concerning contact with law enforcement over the instant prosecution.

A party seeking a Rule 17(c) subpoena must show that the subpoena seeks materials that are (i) relevant, (ii) admissible, and (iii) specifically identified. *US v. Nixon*, 418 US 683, (1974), *US v. Alexander*, 2026 WL 112113.

While the specificity requirement is intended "to provide the subpoenaed party or other party having standing with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility," this requirement also "ensures that a Rule 17(c) subpoena will not be used as a fishing expedition to see what may turn up." *United States v. Libby*, 432 F. Supp. 2d 26, 32 (D.D.C. 2006).

As framed, the subpoena would require a private California resident to preserve, collect, and review over a year of electronic communications and extract and produce all conversations touching on any "discussion" of the case or investigation. That process is intrusive, expensive, and technically complex, and would likely capture highly personal, sensitive communications having nothing to do with the defense. Courts quash such broad third-party demands as unreasonable and oppressive, *US v. Barnes*, 2008 WL 9359654. The lack of any narrowing limitations exacerbates the burden and risks disclosure of private information of multiple nonparties, including the victim's associates, warranting protection.

Further, my client's phone was set to automatically delete messages more than 30 days old. While I instructed my client to disable that feature once I was advised of the subpoena, the extraction to retrieve any responsive texts is still possible but will require even more complex extraction methods to produce.

### II. The Subpoena seeks Information Solely for Impeachment Purposes

It is clear that the subject subpoena is intended to obtain material for purposes of impeachment. While Rule 17(c) authorizes service of subpoenas that are returnable at trial to obtain impeachment material, *United States v. Percoco*, No. 16-CR-776 (VEC), 2018 WL 9539131, at 1 (S.D.N.Y. June 14, 2018) such subpoenas for impeachment material are only returnable if and when the witness who has made the statement takes the stand and testifies, *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980).

The fact that the Subpoena seeks impeachment material does not alleviate the requirement that the material sought be specifically identified and not be a back door to discovery. In United States v. Cartagena–Albaladejo, 299 F.Supp.3d 378 (2018), the District of Puerto Rico rejected a defendant's broad subpoena seeking "reports, photos, or notes regarding a shooting incident" where defense counsel argued the documents had the potential to provide impeachment material or other favorable evidence. The court found that the defendant's

"inability to articulate with precision what records he seeks, or the purpose for which he seeks them, confirms that he cannot satisfy Nixon's specificity prong." United States v. Cartagena–Albaladejo, 299 F.Supp.3d 378 (2018). As previously mentioned, the Subpoena seeks material concerning texts conversations between three non-parties relating to "outreach by federal law enforcement regarding (a minor victim) and discussions among Jessica Pfeiffer, Taylor Vasi and Aymara Angelucci's participation in the above captioned case" over a 13 month period. It is clear the Subpoena is a hope to find something, rather than a targeted and specific request for relevant material. Accordingly, the Subpoena must be quashed.

### III. Compliance with the Subpoena is Unreasonable and Oppressive

Without repeating all of the arguments set forth above, it is beyond debate that the improper use of the Subpoena which seeks testimony in New York from a resident of the State of California further render compliance unreasonable and oppressive.

### VI. Conclusion

For all of the reasons set forth herein, Jessica Bayern Pfeiffer respectfully requests that the Court grant her instant motion and quash the subject Subpoena.

Respectfully submitted,

Law Office of Jannuzzi & Schwarz

By: _____
Michael Jannuzzi, Esq
775 Park Avenue,
Suite 2152,
Huntington, New York 11743
631-385-8182
mjannuzzi@januzlaw.com

cc: All Counsel (via ECF)