

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 18, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Alon Alexander et al.*, S6 24 Cr. 676 (VEC)

Dear Judge Caproni:

    The Government respectfully writes in response to the defendants' February 18, 2026 letter related to the jury charge. (Dkt. 417). In that letter, the defense asks (1) the Court to give the reasonable doubt instruction given in *United States v. Maxwell*, and (2) to delay its submission of a defense theory of the case charge until the end of the Government's case, despite the Court's order requiring such a requested charge be filed today. The Court should deny both requests.

    *First*, the Government opposes the defendants' request for the reasonable doubt charge given in *Maxwell* and requests instead that the Court give its usual reasonable doubt instruction, such as that given in *United States v. Washington*, 21 Cr. 603 (VEC) and filed at docket entry 1357 in that case. The Court's standard reasonable doubt instruction captures the same concepts as the defendants' proposal—including the "hesitate to act" language highlighted by the defense in footnote 1—but conveys this information to the jury in a more efficient manner.

    *Second*, the Government also opposes the defendants' request to delay its submission of a defense theory of the case charge based on the Government's identification of exhibits and witnesses it intends to offer. The Government's identification of particular previously produced exhibits it may seek to introduce next week and its production of a draft summary chart more than a week before the summary witness testifies was done in an attempt to facilitate conferrals between the parties as to evidentiary issues and in no way prejudices the defendants' ability to draft a theory of the defense charge—especially given that the defense has had the large majority of these exhibits, including many of those that underlie the summary chart, since December 22, 2025. Similarly, a theory of the defense charge is not hindered by the Government's identification of two outcry victims for Ms. Acree, both of whom she testified about and one of whom was on the defense's witness list until yesterday. The Government has given the defense ample notice of what it expects the remainder of its case to be—both in terms of witnesses and exhibits—and there is no unfairness (and certainly no unconstitutional unfairness) to requiring them to submit a theory of the defense charge. The Government respectfully requests that the Court require the defense to submit such a charge promptly, so all the parties and the Court can consider it in advance of the charge conference on February 27, 2026.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:   /s                       
        Kaiya Arroyo
        Elizabeth A. Espinosa
        Andrew W. Jones
        Madison Reddick Smyser
        Assistant United States Attorneys
        (212) 637-2226/-2216/-2249/-2381