```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/19/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
UNITED STATES OF AMERICA                                             :
                                                                     :
                -against-                                            :    24-CR-676 (VEC)
                                                                     :
ALON ALEXANDER, OREN ALEXANDER, and                                  :    ORDER
TAL ALEXANDER,                                                       :
                                                                     :
                                Defendants.                          :
                                                                     :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on February 6, 2026, Defendants moved, under seal, seeking to "preclude the [G]overnment from introducing a summary chart relating to uncharged acts in the Bahamas and Exumas (*see* GX 1004 and cited exhibits) and alleged victims that were not noticed under Federal Rules of Evidence 404(b) and 413," *see* Def. Mot. (under seal) at 1;

   WHEREAS on February 9, 2026, the Government responded, under seal, to Defendants' motion, arguing that "the chart and the underlying evidence are direct evidence of the [D]efendants' conspiracy to commit sex trafficking that is charged in Count One" of the S6 Superseding Indictment, *see* Gov't Opp. (under seal) at 1; and

   WHEREAS on February 10, 2026, Defendants replied, under seal, arguing that "[b]ecause the jury does not have sufficient evidence to conclude that the messages" in the Government's proposed exhibits "relate to the charged conspiracy without the accompanying testimony of a percipient witness, the[] exhibits should be excluded," *see* Def. Reply (under seal) at 1;

   IT IS HEREBY ORDERED that Defendants' motion to exclude the Government's proposed exhibits is DENIED. The Court finds that the co-conspirator statements contained in

the exhibits summarized in GX 1004 are sufficient for a reasonable juror to conclude that Defendants worked together with other co-conspirators to traffic women to the Bahamas for the purpose of engaging in commercial sex acts. The evidence is, therefore, relevant under Federal Rule of Evidence 401 and admissible as direct evidence of the charged conspiracy.[1]

As the Court has repeatedly explained, the Government is not required to provide pre-trial notice of its intent to introduce direct evidence, such as GX 1004, of the charged sex trafficking conspiracy. Defendants' arguments that the evidence in question was improperly noticed (whether under Rule 404(b) or Rule 413) are, therefore, inapposite.

Nor is the Court persuaded that the evidence here "creates a substantial risk of misleading the jury and wasting time under Rule 403." Def. Mot. at 3. As a threshold matter, the Government's proposed evidence is relevant and probative of the methods by which Defendants (and others) executed the alleged sex trafficking scheme. The Court has little sympathy that, by allowing the Government to present this evidence, Defense counsel may be forced to "spend hours to prove[]that nothing occurred during the trip to the Bahamas and the Fyre Festival that was unlawful." *Id.* First, this is an incorrect statement of law. At all times, the burden is on the *Government* to prove that *something* unlawful occurred during the trip, not the other way around. Second, and perhaps more importantly, defending their clients from allegations of wrongdoing is

---

[1] In one text exchange, Oren Alexander quips that women who "do not conform" may have to "walk the plank." GX C-109-1. Defendants frame this as a "joke" that requires contextualizing, asserting that the comment "is an obvious reference to pirates" and "[t]he [G]overnment has no evidence that any of the vessels on which the Alexanders stayed during the F[yr]e Fest had 'planks' that could be walked (let alone cannons, knives held between teeth, or Jolly Roger flags)." Def. Reply at 2. For what it is worth, the Court is willing to take judicial notice that the Government has presented no evidence tending to suggest that Defendants conspired to "commandeer [a ship], pick up a crew in Tortuga, [and] raid, pillage, plunder, and otherwise pilfer . . . [their] guts out." PIRATES OF THE CARIBBEAN: THE CURSE OF THE BLACK PEARL (Walt Disney Pictures 2003) (quoting Captain Jack Sparrow).

Unfortunately, Defendants are on trial for conspiracy to commit sex trafficking, not swashbuckling. To the extent GX 1004 (and its underlying exhibits) tends to support the former (and the Court finds that it does), it is admissible. Notwithstanding any rhetorical value that the allusion to piracy may provide, Defendants' contrary argument remains rudderless.

precisely what Defendants' highly skilled lawyers are paid to do.  Allowing the Government to present evidence in support of its case and permitting Defendants ample opportunity to challenge such evidence—*i.e.*, doing exactly "what is expected during a trial," Gov't Opp. at 4—is, contrary to Defendants' position, a beneficial use of time.

There is also no support for Defendants' argument that, without calling certain witnesses, the messages contained in GX B-124-1, which reference unwanted sexual contact that occurred on May 1, 2017, between Oren Alexander and another individual, "are . . . highly prejudicial hearsay that violate Oren Alexander's Confrontation Clause right to cross-examine any witnesses against him." Def. Mot. at 3.  Oren Alexander's statements in that exhibit are admissible as co-conspirator statements, statements of a party opponent, and adopted admissions;[2] the remaining messages are necessary to contextualize his statements.  *See, e.g.*, *United States v. Tyrell*, 840 F. App'x 617, 623–24 (2d Cir. 2021) ("[W]here an individual is silent regarding an incriminating statement . . . we will find an adoptive admission on the assumption that a person will at least deny [the] incriminating statements." (citing *United States v. Shulman*, 624 F.3d 384, 390 (2d Cir. 1980)).  The entire string of messages is admissible on that basis.  *See United States v. Thomas*, No. 23-CR-00481 (NSR), 2025 WL 2860312, at *9 (S.D.N.Y. Oct. 9, 2025) (slip op.) (admissibility of text communications as adoptive admissions depends on the "specific statements and [their] accompanying context"); *United States v. DeJesus*, 806 F.2d 31, 35 (2d Cir. 1986) (admitting statements that, in part, "provide context" for Rule 801(d)(2)(A) statements of party opponent).  For similar reasons, Oren Alexander's text messages in GX B-509-2 are

---

[2]   Defendants argue that Oren Alexander's statements are not adoptive admissions because, in response to the allegations of unwanted sexual contact, Defendant texted "Didn't seem like that" and clarified that, before using his penis, "[it] was [his] fingers first." Def. Reply at 3 (citing GX B-124-1).  That these statements can be characterized as "denials" of wrongdoing strains credulity, particularly because Oren Alexander's full message was: "Didn't seem like that but I'm sorry."  Nevertheless, if Defendants would like the Court to provide the jury with a limiting instruction, they are welcome to make a proposal.

admissible as statements of a party opponent and the other messages in the chain that the Government seeks to introduce are necessary for context.

The Court is skeptical that any additional messages (either from these text chains or others) would be admissible under a completeness theory, *see* Def. Reply at 3 n.2, although it will entertain an argument from Defendants on that point at the conference scheduled for February 23, 2026.

IT IS FURTHER ORDERED that, not later than **Monday, February 23, 2026**, the parties are directed to file on the public docket, with appropriate redactions, the letter motions, briefing, and exhibits that are the subject of this order.

SO ORDERED.

Date: February 19, 2026  
New York, NY

_____  
VALERIE CAPRONI  
United States District Judge