**TCA** Torgan Cooper + Aaron P.C.
Achieving a better future for our clients

17 State Street
39th Floor
New York, NY 10004

Office 212·232·2500
Fax 212·232·2509

TorganCooperAaron.com

ATTORNEYS AT LAW
EVAN TORGAN
EDWARD T. COOPER
MITCHELL K. AARON

JONATHAN TABAR
BRENDAN BROWN

MITCHELL R. DRACH
Of Counsel

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/4/2026

**MEMO ENDORSED**

March 2, 2026

**VIA ECF - REDACTED**
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>   Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander*
>   S4 24 Cr. 676 (VEC)
>   Letter Motion to Quash Rule 17(c) Subpoena on behalf of Victim 13

Your Honor:

   We represent Victim 13 in the above-captioned matter. By this letter motion, we respectfully move to quash a subpoena issued pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17") which was served on February 28, 2026, and is returnable on March 2, 2026. A copy of the subpoena is annexed as **Exhibit A**.

   This most recent subpoena is materially indistinguishable from one that was previously served on Victim 13 in this case. That prior subpoena sought broad categories of the witness's private communications and was quashed by the Court in full. *See* ECF Doc. 428. While the Court permitted defense counsel to reissue a properly limited subpoena, the present subpoena remains framed in generalized categories rather than discrete communications. The present subpoena, although reissued with modest rephrasing, continues to seek generalized categories of communications rather than specific evidentiary materials. It therefore suffers from the same Rule 17 defects previously identified by the Court and remains an improper attempt to obtain discovery and speculative impeachment material.

| TORGAN, COOPER + AARON, P.C. |

## I. RULE 17 IS NOT A DISCOVERY DEVICE AND REQUIRES SPECIFIC, IDENTIFIABLE EVIDENCE

Rule 17(c) permits subpoenas duces tecum only within narrow limits and directs courts to quash demands that are "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The Supreme Court has made clear that Rule 17 "was not intended to provide a means of discovery for criminal cases," but rather to facilitate inspection of specific evidentiary materials for use at trial. *United States v. Nixon*, 418 U.S. 683, 698–99 (1974) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)).

To satisfy Rule 17, the subpoenaed materials must be evidentiary, specifically identified, and sought in good faith rather than as part of a general fishing expedition. *Nixon*, 418 U.S. at 699–700.

The subpoena here still does not identify any discrete communication, document, or evidentiary item. Instead, it demands messages framed by subject matter and undefined time periods — communications "about the case" and messages sent "after the news broke." Such phrasing requires the witness to determine what communications might fall within those categories and to conduct a discretionary search for her private communications. Rule 17 requires identification of evidence, not instructions for a witness to determine what might exist.

Courts in this District, including this Court, have repeatedly rejected subpoenas that seek categories of communications untethered to particular evidentiary items. *See United States v. Mendinueta-Ibarrro*, 956 F. Supp. 2d 511, 513–14 (S.D.N.Y. 2013); *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005). Because the subpoena directs the witness to search through private communications in the hope that something useful might surface, it fails Rule 17's specificity requirement and should be quashed.

## II. THE SUBPOENA SEEKS DISCOVERY AND IMPEACHMENT MATERIAL, NOT TRIAL EVIDENCE

The subpoena does not request known evidence sought for admission at trial. Rather, it seeks communications based on the possibility they might contain statements useful for cross-examination.

Courts have consistently held that Rule 17 may not be used to obtain materials whose relevance depends on whether they later provide impeachment value. *See Nixon*, 418 U.S. at 698–99; *United States v. Binday*, 908 F. Supp. 2d 485, 498–99 (S.D.N.Y. 2012).

Where the relevance of requested materials turns on how a witness testified or may testify, the subpoena functions as a discovery device rather than a request for admissible evidence. That is the defense's posture here. The subpoena, as drafted, continues to invite a retrospective search

| TORGAN, COOPER + AARON, P.C. |

of private communications to determine whether any statements might be used for impeachment, which Rule 17 does not authorize.

### III. THE SUBPOENA IS UNREASONABLE AND OPPRESSIVE

The subpoena, once again, requires Victim 13 to search years of private digital communications, determine which messages fall within vague subject categories, and produce them in native format with metadata preserved. Such demands impose substantial burdens on a victim witness and are precisely the type of requests Rule 17(c)(2) is designed to prevent.

The subpoena is also improper in light of the advanced stage of the trial. The evidentiary record has been substantially developed, and compliance would not facilitate the orderly presentation of proof. Instead, it would require the witness to undertake a discretionary search of private communications and risk collateral disputes regarding scope, admissibility, and context. Rule 17 does not authorize subpoenas that function to expand the evidentiary record rather than secure identified proof.

Courts recognize that subpoenas requiring witnesses to conduct discretionary searches of personal digital communications are unreasonable and oppressive. *See United States v. Ray*, 337 F.R.D. 561, 565–66 (S.D.N.Y. 2020).

### CONCLUSION

In sum, as the subpoena suffers from the same defects previously identified by this Court — failing to specify discrete evidentiary materials, seeking speculative impeachment evidence, and imposing unreasonable burdens on a victim witness — it should be quashed in its entirety pursuant to Rule 17.

Respectfully submitted,

TORGAN COOPER & AARON, P.C.

By: _____
Evan Torgan
Jonathan Tabar

Application GRANTED.  To survive scrutiny, Defendants' Rule 17(c) subpoena must identify specific, relevant evidence that is likely to be admissible.  *See, e.g.*, *United States v. Nixon,* 418 U.S. 683, 700 (1974).  "On motion made promptly," the Court "may quash . . . [a Rule 17(c)] subpoena if compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(3).

Although Defendants' subpoena is pegged to conversations *about* Defendants, the requests are devoid of any reasonable time constraints and would thus require Victim 13 to wade through years of data to determine if she still possesses messages that are responsive to Defendants' asks.  Even assuming that Victim 13 tracked down any such messages, it is not at all clear that the communications would be admissible for any legitimate purpose.  Thus, the Court finds that Defendants' Rule 17(c) subpoena to Victim 13 is "unreasonable an oppressive" as defined by Rule 17(c)(2) and *Nixon*.  Accordingly, and as the Court stated on the record on March 3, 2026, the subpoena is QUASHED.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 435.

SO ORDERED.

3/4/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE