UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                              :
   UNITED STATES OF AMERICA                    :
                                              :
        -against-                              :
                                              :
   ALON ALEXANDER, OREN                        :
   ALEXANDER, and TAL ALEXANDER,               :
                                              :
              Defendants.                      :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
```

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:___3/5/2026___        │
└─────────────────────────────────┘
```

24-CR-676 (VEC)

JURY INSTRUCTIONS

## Table of Contents

I.   INTRODUCTION ................................................................................ 4

II.  GENERAL INSTRUCTIONS ............................................................... 4

   A.  ROLE OF THE COURT ................................................................. 4

   B.  ROLE OF THE JURY .................................................................... 5

   C.  OBJECTIONS ............................................................................... 5

   D.  SYMPATHY OR BIAS .................................................................. 6

   E.  PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ....... 6

   F.  REASONABLE DOUBT ................................................................ 7

   G.  WHAT IS AND IS NOT EVIDENCE ............................................. 7

   H.  DIRECT AND CIRCUMSTANTIAL EVIDENCE .............................. 9

   I.  SUMMARY CHARTS .................................................................. 10

   J.  CHARTS AND SUMMARIES NOT ADMITTED AS EVIDENCE ..... 10

   K.  WITNESSES ............................................................................. 10
        1. General Credibility ........................................................... 10
        2. Bias of Witnesses ............................................................. 11
        3. Pseudonyms ..................................................................... 12
        4. Preparation of Witnesses ................................................ 12
        5. Expert Witnesses ............................................................. 13

1

6. Law Enforcement or Government Witnesses ............................................. 13
7. Conclusion ............................................................................................... 13

L. UNCALLED WITNESSES ................................................................................. 14

M. PERSONS NOT ON TRIAL .............................................................................. 14

N. DEFENDANTS' TESTIMONY ........................................................................... 14

O. UNCHARGED SEXUAL MISCONDUCT ............................................................. 14

P. REDACTION OF EVIDENTIARY ITEMS ............................................................ 15

Q. INVESTIGATIVE TECHNIQUES ....................................................................... 15

III. SUBSTANTIVE INSTRUCTIONS ............................................................ 16

A. SUMMARY OF THE INDICTMENT / MULTIPLE COUNTS ................................. 16

B. CONSPIRACY TO COMMIT SEX TRAFFICKING .............................................. 17
1. First Element – Existence of the Conspiracy ........................................... 17
a. Agreement ......................................................................................... 17
b. Goal of the Conspiracy ..................................................................... 18
2. Second Element – Membership in the Conspiracy ................................... 18

C. SEX TRAFFICKING BY FORCE, FRAUD, OR COERCION ................................. 19
1. First Element – Prohibited Conduct ........................................................ 20
2. Second Element – Force, Fraud, and Coercion ....................................... 20
3. Third Element – Interstate Commerce ..................................................... 24

D. SEX TRAFFICKING OF A MINOR .................................................................... 25
1. First Element – Prohibited Conduct ........................................................ 26
2. Second Element – Age of the Victim ....................................................... 26
3. Third Element – Awareness of Victim's Age ........................................... 26
4. Fourth Element – Commercial Sex Act ................................................... 26
5. Fifth Element – Interstate Commerce ...................................................... 27

E. INDUCEMENT TO TRAVEL TO ENGAGE IN UNLAWFUL SEXUAL ACTIVITY ......... 28
1. First Element – Prohibited Conduct ........................................................ 28
2. Second Element – Interstate Commerce ................................................... 29
3. Third Element – Intent to Engage in Unlawful Sexual Activity ................ 29

F. AGGRAVATED SEXUAL ABUSE BY FORCE OR INTOXICANT .......................... 32
1. First Element – Sexual Act ...................................................................... 33
2. Second Element – Force or Intoxicant .................................................... 33
a. Force .................................................................................................. 33
b. Surreptitious Intoxication ................................................................. 34

3. Third Element – Jurisdiction ................................................................................ 34

G. SEXUAL ABUSE OF A PHYSICALLY INCAPACITATED PERSON ............................................. 35
   1. First Element – Sexual Act ................................................................................ 35
   2. Second Element – Incapacity of Victim ............................................................ 36
   3. Third Element – Knowledge ............................................................................. 36
   4. Fourth Element – Jurisdiction ........................................................................... 36

H. SEXUAL EXPLOITATION OF A MINOR ............................................................................ 37
   1. First Element – Age of Victim ........................................................................... 37
   2. Second Element – Production ............................................................................ 37
   3. Third Element – Interstate Commerce ............................................................... 38
   4. Consent Not a Defense ...................................................................................... 39

I. "CONSCIOUS DISREGARD" – ANOTHER METHOD OF PROVING KNOWLEDGE .................... 39

J. OTHER METHODS OF PROVING A DEFENDANT'S GUILT ................................................... 40
   1. Aiding and Abetting ........................................................................................... 41
   2. *Pinkerton* Liability .......................................................................................... 42

K. VARIANCE IN DATES .................................................................................................. 43

L. DUAL INTENT IS NOT A DEFENSE ................................................................................ 44

IV. VENUE ........................................................................................................................ 44

V. FINAL INSTRUCTIONS .................................................................................................. 45

A. RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY / COMMUNICATIONS WITH COURT .......... 45

B. NOTES ...................................................................................................................... 46

C. DUTY TO DELIBERATE / UNANIMOUS VERDICT ............................................................ 47

D. SELECTING A FOREPERSON AND THE FOREPERSON'S DUTIES ........................................ 47

E. VERDICT FORM AND RETURN OF VERDICT ................................................................... 48

F. EXCEPTIONS .............................................................................................................. 48

G. OATH ....................................................................................................................... 48

1    **I.    INTRODUCTION**

2        Members of the jury, you have heard all the evidence.  I am now going to instruct you on

3    the law that governs the case.  There are three parts to these instructions:

4        First, I will provide you with some general instructions about your role and about how

5    you are to decide the facts of the case.  These instructions would apply to just about any trial.

6        Second, I will give specific instructions about the legal rules applicable to this particular

7    case.

8        Third, I will give you instructions on the general rules governing your deliberations.

9        I will read most of this.  It is not my favorite way to communicate with a jury, but

10   because there is a need for precision, it is important that I get the words just right, and so that is

11   why I will be reading.

12       I have provided each of you with a copy of this charge.  If you find it easier to listen and

13   understand while you are reading along, please do so.  If you prefer, you can just listen.  Either

14   way, you will have a copy of the charge with you in the jury room so you can consult it if you

15   want to re-read any portion to facilitate your deliberations.  You will also have in the jury room a

16   verdict form on which to record your verdict.

17   **II.    GENERAL INSTRUCTIONS**

18       **A.  Role of the Court**

19       It is my duty to instruct you on the law, just as it has been my duty to preside over the

20   trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to

21   accept my instructions on the law and to apply them to the facts as you determine them.

22       On legal matters, you must take the law as I give it to you.  You may not substitute your

23   own notions or opinions of what the law is or ought to be.  You should not be concerned about

1 the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the

2 law is — or should be — it would violate your sworn duty to base a verdict upon any view of the

3 law other than that which I give you.

4   If a party has stated a legal principle different from what I tell you, you must follow my

5 instructions.  You should not single out any particular instruction as alone stating the law.  You

6 should consider my instructions as a whole as you deliberate.

7   You should not infer from anything I have said or done during this trial that I have any

8 view on the credibility of the witnesses or any view about how you should decide the case.  I

9 have no opinion as to the facts or the verdict that you should render in this case.

10  **B.  <u>Role of the Jury</u>**

11   You are the sole and exclusive judges of the facts.  You determine the credibility of the

12 witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever

13 reasonable inferences you decide to draw from the facts as you have determined them, and you

14 determine the weight to give the various pieces of evidence.

15   You must base your discussions and decisions solely on the evidence presented to you

16 during the trial and that evidence alone.  You may not consider or speculate on matters not in

17 evidence or matters outside the case.

18  **C.  <u>Objections</u>**

19   As I told you at the outset of the case, it is the duty of the parties to object when one side

20 offers testimony or evidence that the other party believes is not properly admissible.  Therefore,

21 you should draw no inference if there was an objection to certain evidence.  Nor should you draw

22 any inference from the fact that I might have sustained or overruled an objection.

1    **D.  Sympathy or Bias**

2    You are required to evaluate the evidence calmly and objectively, and you must be

3    completely fair and impartial.  Your verdict must be based solely on the evidence introduced at

4    this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from

5    prejudice or bias for or against either side.  Our judicial system works only if you reach your

6    verdict through a completely fair and impartial consideration of the evidence.

7    In deciding the facts of the case, it would be improper for you to consider any personal

8    feelings you may have about any party or any witness, any punishment that might be imposed, or

9    any other such irrelevant factor.  This case must be decided by you as an action between parties

10   of equal standing in the community and of equal worth.  All parties are entitled to the same fair

11   trial.  The Government and the Defendants stand as equals before the law and are to be dealt with

12   as equals in this Court.

13   **E.  Presumption of Innocence and Burden of Proof**

14   The Defendants are each charged with more than one crime.  Please bear in mind that a

15   charge is not evidence of anything, and that each Defendant is presumed innocent of each

16   charge.

17   The Government has the burden of proving each element of each charge beyond a

18   reasonable doubt as to each Defendant.  If the Government succeeds in meeting its burden on a

19   particular charge as to a particular Defendant, your verdict must be guilty on that charge as to

20   that Defendant; if it fails, your verdict must be not guilty on that charge as to that Defendant.

21   The burden of proof never shifts to the Defendants.  The law presumes every defendant to be

22   innocent and therefore never imposes upon a defendant in a criminal case the burden or duty of

23   calling any witness or producing any evidence.

1    In other words, as to each charge, each Defendant starts with a clean slate and is

2    presumed innocent until such time, if ever, that you as a jury are satisfied that the Government

3    has proven, beyond a reasonable doubt, that the Defendant is guilty of the crime you are

4    considering.

5    **F.  Reasonable Doubt**

6    The question then becomes: what is a reasonable doubt?

7    The words almost define themselves.  It is a doubt based upon reason and common sense.

8    It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt

9    that would cause a reasonable person to hesitate to act in a matter of importance in his or her

10   personal life.  Proof beyond a reasonable doubt must, therefore, be proof that is so convincing

11   that a reasonable person would not hesitate to rely upon it in making an important decision in his

12   or her own life.

13   Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt.  A

14   reasonable doubt is not a doubt based on caprice or whim.  Nor is it a doubt based on speculation

15   or suspicion.  Reasonable doubt is also not an excuse to avoid the performance of an unpleasant

16   duty.

17   If, after fair and impartial consideration of all the evidence, you have a reasonable doubt

18   as to a Defendant's guilt as to a particular charge, then you must find him not guilty on that

19   charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are

20   satisfied beyond a reasonable doubt of the Defendant's guilt on a particular charge, then you

21   must find him guilty of that charge.

22   **G.  What Is and Is Not Evidence**

23   I want to take a moment to describe to you what is and is not evidence in this case.  As I

1    have said, you must rely only on evidence in your deliberations.  The evidence in this case is the

2    sworn testimony of the witnesses, the exhibits, and the stipulations that were received in

3    evidence.  Other things are not evidence.

4        1.    A question is not evidence.  The witnesses' answers are evidence, not the

5            questions.  Similarly, documents shown to witnesses to refresh their recollection

6            are not evidence; only the witnesses' answers are evidence.

7        2.    Arguments by the parties are not evidence.  What the parties said in their

8            opening statements and in their summations was intended to help you

9            understand the evidence and to reach a verdict.  If your recollection of the

10           evidence differs from what any party said, it is your recollection that

11           controls.

12       3.    Statements that I may have made concerning the evidence are not

13           evidence.

14       4.    Testimony that has been stricken or excluded is not evidence, and it may

15           not be considered by you in rendering your verdict.

16       5.    Anything you may have seen or heard outside the courtroom is not

17           evidence.

18   Now I will discuss what is evidence.  Evidence may come in several forms:

19       1.    The sworn testimony of witnesses, regardless of who called the witness,

20           is evidence.  This is true of the witnesses' answers on both direct and

21           cross examination.

22       2.    The exhibits that were admitted during the trial are evidence.

23       3.    The stipulations that all parties agreed to and were read during the trial are

1        evidence.  You must accept as true the facts to which the parties stipulated.  Some

2        of the stipulations were about what a witness would have said if he or she had

3        been called to testify.  You must accept as true the fact that the witness would

4        have given that testimony, but it is up to you to determine the weight or

5        importance of that testimony.

6    Because you can only consider evidence that has been presented during the trial, let me

7    remind you of the admonition I gave you at the very beginning of the trial: do not do any

8    research on your own.

9    **H.  <u>Direct and Circumstantial Evidence</u>**

10    Generally, there are two types of evidence that you may consider in reaching your

11    verdict: direct and circumstantial.

12    <u>Direct evidence</u> is testimony by a witness about something he or she knows by virtue of

13    his or her own senses — something that he or she has done, seen, felt, touched, or heard.  For

14    example, if a witness testified that on the day in question she was in her office, and she could see

15    that it was raining all day, that would be direct evidence about the weather on that day.

16    <u>Circumstantial evidence</u> is evidence of one fact from which you may infer the existence

17    of other facts.  For example, assume that a witness testified that his office does not have a

18    window.  On the day in question, however, he saw numerous people coming into the office with

19    wet raincoats and carrying dripping umbrellas.  That testimony about wet raincoats and dripping

20    umbrellas is circumstantial evidence that it was raining that day.  So even though you have no

21    direct evidence regarding the weather, you have circumstantial evidence that it was raining.

22    With circumstantial evidence, you must be careful to draw reasonable inferences that

23    reflect all the evidence.  For example, if you live in the city and wake up in the morning and see

9

1  that the sidewalk is wet, but the street is dry, it is not reasonable to infer that it rained last night.

2  Instead, a more reasonable inference is that the building staff has hosed down the sidewalk.

3       That is all there is to circumstantial evidence.  You infer on the basis of reason and

4  common sense from one fact (in my first example, dripping raincoats and umbrellas) the

5  existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial

6  evidence is presented, it is of no less weight than direct evidence.

7  **I.  Summary Charts**

8       The Government has presented exhibits in the form of charts and summaries.  These

9  exhibits purport to summarize the underlying evidence that was used to prepare them.

10       I decided to admit some of these charts and summaries in order to save time.  They are no

11  better evidence than the testimony or documents upon which they are based.  You should

12  consider these charts and summaries as you would any other evidence.

13  **J.  Charts and Summaries Not Admitted as Evidence**

14       There have also been charts and exhibits introduced as aids to help you follow the

15  testimony.  Those charts are not evidence themselves, and they will not be sent to the jury room.

16  The underlying evidence will be sent to the jury room.

17  **K.  Witnesses**

18       **1.  General Credibility**

19       You have had the opportunity to observe the witnesses.  You are the sole judges of the

20  credibility of each witness and of the importance of his or her testimony.  You decide what

21  testimony to believe and what not to believe.  Consider each witness's demeanor and manner of

22  testifying; the witness's opportunity to see, hear, and know about the events described; the

23  witness's ability to recall and describe those things; and the reasonableness of the testimony in

1   light of all of the other evidence in the case.  Consider whether part of a witness's testimony was

2   contradicted or supported by other testimony, by what the witness said or did on a prior occasion,

3   or by the testimony of other witnesses or by other evidence.

4      You should consider whether the witness had an opportunity to observe the facts he or

5   she testified about.  You should also consider whether the witness's recollection of the facts

6   stands up in light of the other evidence in the case.

7      If you find that a witness has willfully testified falsely as to an important matter, you may

8   disregard the witness's entire testimony, or you may accept as much of the testimony as you find

9   to be true and disregard what you find to be false.  A witness may have been mistaken or may

10   have lied in part of his or her testimony while having been accurate and truthful in other parts.

11      **2.     Bias of Witnesses**

12      In deciding whether to believe a witness, you should specifically note any evidence of

13   hostility or affection that the witness may have had for or against the Defendants.  Likewise, you

14   should consider evidence of any other interest or motive that the witness may have in

15   cooperating with or helping either party.

16      It is your duty to consider whether the witness has permitted any such bias or interest to

17   color his or her testimony.  If you find that a witness is biased, you should view his or her testimony

18   with caution, weigh it with care, and subject it to close and searching scrutiny.

19      Of course, the mere fact that a witness is interested in the outcome of the case does not

20   mean the witness has not told the truth.  It is for you to decide based on your observations, your

21   common sense, experience, and all the other considerations mentioned whether the possible

22   interest of a witness in the outcome of the case has intentionally or otherwise colored or distorted

23   his or her testimony.  You are not required to believe or disbelieve an interested witness; you

1    may accept as much of the testimony as you deem reliable and reject as much as you deem

2    unworthy of belief.

3        You have heard evidence that some of the witnesses in this case have been represented by

4    private lawyers and some have sued the Defendants.  There is nothing unusual or improper about

5    people consulting with or hiring attorneys or bringing private lawsuits.  You may, however,

6    consider the existence of such lawsuits when determining whether a witness is biased.

7                    **3.        Pseudonyms**

8        As you know, certain witnesses have been permitted to testify under and have been

9    referred to in open court by a pseudonym.  As I explained to you earlier, this process was used to

10   protect the privacy of the witnesses.  I instruct you that the use of a pseudonym should not bear

11   in any way on your evaluation of the evidence or the credibility of the witnesses.

12                   **4.        Preparation of Witnesses**

13       You have heard evidence during the trial that certain witnesses met with the Government

14   or the defense before that witness appeared in court.  There is nothing unusual or improper about

15   a witness meeting with the party that is calling the witness before testifying.  Those meetings

16   allowed the witness to know the subjects that he or she would be questioned about, to focus on

17   those subjects, and to have the opportunity to review relevant exhibits before being questioned

18   about them.  Such consultation makes the trial process more efficient.  In fact, it would be

19   unusual for a party to call a witness without such consultation.

20       What weight, if any, you give to the fact or nature of the witness's preparation for his or

21   her testimony, and what inferences you draw from such preparation, are matters completely

22   within your discretion.

23

1

2

### 5.    Expert Witnesses

You have heard testimony from several expert witnesses.  Experts are witnesses who have acquired learning or experience in science or a specialized area of knowledge by education, experience, or training.  They are permitted to give their opinions on matters in which they profess to be experts and to give the reasons for their opinions.  Someone who is experienced in a field may assist you in understanding the evidence and in reaching your independent decision of the facts.  Your role in judging credibility applies to experts as well as other witnesses.  You should judge the expert testimony the same way that you judge the testimony of any other witness.  In weighing expert testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion, and all the other evidence in the case.

### 6.    Law Enforcement or Government Witnesses

You have heard the testimony of law enforcement or other government employee witnesses.  The fact that a witness may be employed as a law enforcement officer or government employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of any other witness.

### 7.    Conclusion

Going back to witnesses generally, what you must try to do in deciding credibility is to size up a person just as you would in any important matter in your own life where you are trying to decide whether a person is truthful, straightforward, and accurate in his or her recollection.

1      **L.  Uncalled Witnesses**

2          There are several persons whose names you have heard during the course of the trial who

3      did not testify.  I instruct you that each party had an equal opportunity or lack of opportunity to

4      call those witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

5      to what such witnesses would have said had they been called.  Their absence should not affect

6      your judgment in any way.  Your responsibility is to determine whether, based on the evidence

7      or lack of evidence presented, the Government has proven the Defendants' guilt beyond a

8      reasonable doubt.

9      **M.  Persons Not on Trial**

10         Some of the people who may have been involved in the events at issue in this trial are not

11     on trial.  You may not draw any inference from the fact that persons other than the Defendants

12     are not defendants in this trial.  Nor may you speculate as to the reasons other persons are not on

13     trial.  Those matters are wholly outside your concern and have no bearing on your function as

14     jurors.  The burden of proof rests entirely on the Government.

15     **N.  Defendants' Testimony**

16         Under the Constitution of the United States, a defendant has no obligation to testify or to

17     present any evidence.

18         None of the Defendants testified.  You may not attach any significance to the fact that a

19     Defendant did not testify.  You may not draw any adverse inference against any Defendant because

20     he did not testify.  No defendant is ever required to prove that he is innocent.

21     **O.  Uncharged Sexual Misconduct**

22         You have heard evidence in this case that, if credited by you, shows that Alon Alexander

23     and Oren Alexander committed sexual assaults that are not charged in the Indictment.

14

1    Specifically, Ava Wells testified about an incident with Alon Alexander, and Kelly Hudson

2    testified about an incident with Oren Alexander.  Let me remind you that the Defendants are on

3    trial <u>only</u> for the acts charged in the Indictment.  Accordingly, you may not consider evidence of

4    uncharged assaults as a substitute for proof that the Defendants committed the crimes charged,

5    and evidence of another offense, on its own, is not sufficient to prove that a Defendant is guilty

6    of any of the crimes charged.  You may, however, consider evidence of uncharged assaults for

7    any purpose that is relevant, including for its tendency, if any, to show the Defendant's

8    propensity to engage in sexual assault or the Defendant's motive, plan, or design to commit a

9    charged crime.  You should give this evidence such weight, if any, that you think it should

10   receive when deciding whether the Defendant committed any or all the charged crimes.

11        **P.  <u>Redaction of Evidentiary Items</u>**

12        Among the exhibits admitted into evidence were documents or transcripts that were

13   redacted.  "Redacted" means that part of the document was removed or blacked out.  You are to

14   concern yourself only with the part of the item that has been admitted into evidence.  You should

15   not consider any possible reason why the remainder has been redacted or speculate as to what

16   may have been redacted.

17        **Q.  <u>Investigative Techniques</u>**

18        You have heard reference to certain investigative techniques that were or were not used

19   by the Government.  You have also heard that some of these crimes occurred many years ago.

20   There is no legal requirement that the Government prove its case through any particular means

21   nor a requirement that they bring a prosecution at any particular time.  While you must carefully

22   consider the evidence adduced by the Government, you should not speculate as to why they used

23   the techniques they did, or why they did not use other techniques.  The Government is not on

1 trial. Law enforcement techniques and the timing of the prosecution are not your concern.

2 Again, your concern is to determine whether, based on the evidence or lack of evidence

3 presented, the Government has proven the Defendants' guilt beyond a reasonable doubt.

4 **III.   SUBSTANTIVE INSTRUCTIONS**

5      **A.   Summary of the Indictment / Multiple Counts**

6      Now let's discuss the specific charges against the Defendants. There is no significance to

7 the order in which I discuss the counts or the order in which they are presented on the verdict

8 sheet, nor in the order in which I refer to the Defendants.

9      The Indictment contains ten "counts," or charges, against the Defendants.

10      All Defendants are charged with one count of conspiracy to engage in sex trafficking.

11      There are three counts of sex trafficking by force, fraud, or coercion. Those counts relate

12 to the alleged sex trafficking of Bela Koval, Lindsey Acree, and Maya Miller.

13      There is one count of sex trafficking a minor, Isa Brooks.

14      There are two counts of causing a person to travel in interstate commerce to engage in

15 unlawful sexual activity.   These counts relate to the alleged inducement of Bela Koval and Maya

16 Miller to travel.

17      There are two counts of sexual abuse. Those counts relate to the alleged sexual assault of

18 Rhonda Stone.

19      And there is one count of sexual exploitation of a minor. That count relates to Amelia

20 Rosen.

21      You must consider each count of the Indictment and each Defendant's guilt as to each

22 count separately, and you must return a separate verdict for each Defendant on each count in

23 which he is charged. You should draw no inference from the fact that all Defendants are not

1   charged in all counts.   Guilt, if proven, is personal and individual.  Your verdict as to each

2   Defendant must be determined separately with respect to him on each count, based solely on the

3   evidence or lack of evidence presented against him and without regard to your verdict as to

4   anyone else and without regard to your verdict on any other count.

5       **B.  Conspiracy to Commit Sex Trafficking**

6       All of the Defendants are charged with conspiring, from in or about 2008, up to and

7   including in or about 2021, to commit sex trafficking.

8       To satisfy its burden of proof on this count, the Government must prove, beyond a

9   reasonable doubt, each of the following elements:

10       <u>First</u>, a conspiracy to commit the crime of sex trafficking existed; and

11       <u>Second</u>, the Defendant knowingly and intentionally joined the conspiracy.

12       **1.     First Element – Existence of the Conspiracy**

13       The first element that the Government must prove is that, from around 2008 through

14   about 2021, there was a conspiracy to commit sex trafficking.  There are two parts to the first

15   element: (i) an agreement and (ii) an illegal goal.

16       **a.     Agreement**

17       A "conspiracy" is just an agreement among two or more persons to violate the law.  To

18   establish the existence of a conspiracy, the Government is not required to prove that people sat

19   around a table and entered into a formal agreement.  It is sufficient if two or more people, in

20   some way or manner, expressly or implicitly, reached a common understanding to violate the

21   law.

1           **b.      Goal of the Conspiracy**

2           The Indictment alleges that the goal of the conspiracy was to commit sex trafficking. The

3   Government must prove that there was an unlawful agreement to achieve that goal.

4           In deciding whether the goal of the conspiracy was to commit sex trafficking, you should

5   consider my instructions on sex trafficking that I will give you in just a moment in connection

6   with the substantive sex trafficking counts.

7           **2.      Second Element – Membership in the Conspiracy**

8           If you conclude that the Government has established that the charged conspiracy existed,

9   then you must consider whether the Government has proved that the Defendant knowingly and

10  intentionally joined that conspiracy.

11          To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or

12  inadvertently. To act "intentionally" means to act deliberately and purposefully; that is, the

13  Defendant's actions must have been his conscious objective rather than the product of mistake,

14  accident, negligence, or some other innocent reason.

15          To find that a Defendant knowingly joined the conspiracy you need not find that the

16  Defendant was fully informed of all the details of the conspiracy or knew all of its participants.

17  He need know only one other member of the conspiracy.

18          A conspirator can join the conspiracy at any point and need not have received any benefit

19  in return. A conspirator need not have been a member of or actively participated in the

20  conspiracy for the entire time that the conspiracy existed. Once a conspirator joins the

21  conspiracy, he responsible for acts done before he joined. On the other hand, merely associating

22  with a member of the conspiracy is not sufficient, even if the person knows that the conspiracy

23  exists.

1    Because the crime charged is conspiracy, the Government does not have to prove that the

2    goal of the conspiracy was achieved. Thus, it does not matter whether the crime of sex

3    trafficking was actually committed. The crime of conspiracy is complete when an unlawful

4    agreement is made to commit a crime, even if no member of the conspiracy actually commits the

5    crime that is the goal of the conspiracy.

6    If you find that the Government has proven both elements of conspiracy to commit sex

7    trafficking, beyond a reasonable doubt, then you must find the Defendant guilty of conspiracy to

8    commit sex trafficking. On the other hand, if you find that the Government failed to prove one

9    or both elements of conspiracy to commit sex trafficking, then you must find the Defendant not

10    guilty.

11    Either way, you must record your verdicts in response to Question 1 on the verdict sheet.

12    **C. Sex Trafficking by Force, Fraud, or Coercion**

13    In various combinations Defendants are charged with three counts with sex trafficking by

14    force, fraud, or coercion. Specifically, Tal Alexander is charged with sex trafficking Lindsey

15    Acree in or about May 2011; all Defendants are charged with sex trafficking Bela Koval in or

16    about September 2016; and Tal Alexander is charged with sex trafficking Maya Miller in or

17    about August 2014.

18    To satisfy its burden of proof on these counts, the Government must prove, beyond a

19    reasonable doubt, the following elements:

20    First, the Defendant knowingly recruited, enticed, harbored, transported, provided,

21    obtained, or maintained the alleged victim;

1    <u>Second</u>, the Defendant knew or recklessly disregarded that force, threats of force, fraud,

2    or coercion, or some combination of such means, would be used to cause the alleged victim to

3    engage in a commercial sex act; and

4    <u>Third</u>, that the Defendant's acts were in or affecting interstate or foreign commerce.

5    **1.    First Element – Prohibited Conduct**

6    The first element that the Government must prove is that the Defendant knowingly

7    recruited, enticed, harbored, transported, provided, obtained, or maintained the alleged victim.

8    I previously instructed you on what it means to act knowingly, and you should use that

9    instruction here.

10    "Recruit" means to seek to secure the services of.

11    "Entice" means to attract, induce, or lure using hope or desire.

12    "Harbor" means to give or provide shelter to.

13    "Transport" means to take or convey from one place to another.

14    "Provide" means to furnish, supply, or make available.

15    "Obtain" means to gain possession of or to acquire.

16    "Maintain" means to keep in an existing state or to support.

17    In order to find that this element has been proved, the jury must unanimously agree that

18    the Defendant used at least one of those methods, but you do not need to be unanimous on which

19    of those methods the Defendant used.

20    **2.    Second Element – Force, Fraud, and Coercion**

21    The second element that the Government must prove is that, at the time the first element

22    was committed, the Defendant knew, or recklessly disregarded, that force, threats of force, fraud,

1    or coercion, or some combination of those means, would be used to cause the alleged victim to

2    engage in a commercial sex act.

3         I previously instructed you on what it means to act "knowingly," and you should use that

4    instruction here as well.

5         "Reckless disregard" means that the Defendant acted with reckless indifference to facts

6    that, if considered and weighed in a reasonable manner, indicated a high probability that force,

7    threats of force, fraud, or coercion, or some combination of those means, would be used to cause

8    the victim to engage in a commercial sex act.  In order to prove that a Defendant acted with

9    reckless indifference to a fact, the Government must prove that the Defendant deliberately closed

10   his eyes to what would otherwise have been obvious to him.  Stated another way, a Defendant

11   who deliberately or intentionally remains ignorant of a fact that is obvious acts in reckless

12   disregard of that fact.

13        A "commercial sex act" is any sex act on account of which anything of value is given to

14   or received by any person.  The term "sex act" should be given its plain meaning; a sex act is

15   ordinarily understood to be an act performed for sexual gratification.  The Government does not

16   have to prove that a commercial sex act actually occurred; it is adequate for the Government to

17   prove that the Defendant recruited, enticed, harbored, transported, provided, obtained, or

18   maintained the alleged victim for purpose of having the victim engage in a commercial sex act.

19   The Government must prove that there was a causal connection between the intended sexual act

20   and the giving or receiving of the thing of value, but it does not have to prove that there was an

21   explicit quid pro quo, or a "this for that" exchange nor does it have to prove that the thing of

22   value was the sole cause of the intended sexual act.  Put differently, this element focuses on the

23   intent of the Defendant, not the intent of the alleged victim.  For that reason, the Government

1   does not have to prove that the alleged victim intended to engage in a sex act in exchange for the

2   thing of value.  The "thing of value" given or received in connection with the sex act need not

3   involve a monetary exchange and it need not have any financial component; instead, it may be

4   any tangible or intangible thing of value, including, for example, recreation or entertainment.

5   The thing of value can be given to or received by any person, including the victim.  Whether a

6   thing has value depends on the recipient's subjective view of the purported "thing of value."

7        "Force" means any form of physical violence, compulsion, constraint, or physical

8   pressure directed against another person.  Rape can satisfy the force requirement.

9        A "threat" is a statement expressing an intention to inflict harm, immediately or in the

10   future, as distinguished from idle or careless talk, exaggeration, or something said in a joking

11   manner.  A statement is a threat if a reasonable person hearing the statement would understand it

12   to be a serious expression of intent to cause harm.

13        "Fraud" is a general term that includes all possible means by which a person seeks to gain

14   an unfair advantage over another by making false representations, false suggestions, false

15   pretenses, or by concealing material facts.  A fact is "material" if it is a fact that a reasonably

16   prudent person would consider to be important.

17        "Coercion" means (i) threats of serious harm to or physical restraint against any person,

18   or (ii) any scheme, plan, or pattern intended to cause a person to believe that failure to perform

19   an act will result in serious harm to or physical restraint against any person.

20        "Serious harm" includes threats of harm, whether physical or nonphysical, including

21   psychological, financial, or reputational harm, that is sufficiently serious, under all the

22   surrounding circumstances, to compel a reasonable person of the same background and in the

1    same situation as the victim to perform or to continue to perform a commercial sex act in order to

2    avoid incurring that harm.

3          If you find that one or more of these prohibited means was used, you must then determine

4    whether the prohibited means caused the alleged victim to engage in a commercial sex act.

5          In making that determination, you may consider any special vulnerabilities of the victim.

6    You may consider the victim's age, background, station in life, physical or mental condition,

7    experience and education, and any inequalities that may have existed between the victim and the

8    Defendant.  The victim's behavior must, however, be objectively reasonable under the

9    circumstances, given any unique vulnerabilities of the victim and any climate of fear created by

10   the Defendant.  In other words, you may consider whether the victim was vulnerable in some

11   way such that the particular use of force, threats, or coercion, or any combination of those means,

12   was sufficient to compel this particular victim to engage in a commercial sex act, even if the

13   force, threats, or coercion would not have been sufficient to compel another person to engage in

14   a commercial sex act.

15         If the Government proved, beyond a reasonable doubt, that the Defendant intended to

16   surreptitiously drug or otherwise incapacitate the victim, that is sufficient to prove that the

17   Defendant intended to use a prohibited means to cause the victim to engage in a commercial sex

18   act.

19         The Government need not prove that the victim was physically restrained in order to

20   establish the offense of sex trafficking.  The Government can establish this element if it proves,

21   beyond a reasonable doubt, that the Defendant placed the person in fear of leaving or created

22   circumstances such that the person did not reasonably believe that she could leave.

1       Finally, the fact that a person may have initially acquiesced or agreed to perform a

2   commercial sex act does not preclude a finding that the person was later subjected to force,

3   fraud, or coercion and compelled to engage in a commercial sex act.

4               **3.       Third Element – Interstate Commerce**

5       The third element that the Government must prove is that the Defendant's sex trafficking

6   activities were (i) in interstate or foreign commerce or (ii) affected interstate or foreign

7   commerce.  "Interstate or foreign commerce" simply means the movement of goods, services,

8   money, or individuals between any two or more states.  The Government is not required to prove

9   that the Defendant knew that interstate or foreign commerce was or would be affected or that the

10  Defendant intended to affect interstate or foreign commerce.

11      To satisfy this element, the Government must prove that the Defendant's conduct

12  affected interstate commerce in some way, no matter how minimal.  In determining whether the

13  Defendant's conduct affected interstate commerce, you may consider whether the Defendant

14  used means, instrumentalities, or facilities of interstate commerce.  A facility of interstate

15  commerce includes a means of transportation or communication, such as a cellphone or the

16  internet.  If the Defendant used means, instrumentalities, or facilities of interstate commerce to

17  commit the charged conduct he necessarily affected interstate commerce regardless of whether

18  he or anyone else actually crossed state lines.  If the natural consequence of the Defendant's

19  conduct was some effect on interstate commerce, even if minimal, this element will have been

20  satisfied.

21      If you find that the Defendant's actions were economic in nature and affected the flow of

22  money to any degree, however minimal, you may find that this element has been satisfied.

1    If you find that the Government has proven all of the elements of sex trafficking by force,

2    fraud, or coercion, beyond a reasonable doubt, then you must find the Defendant guilty of sex

3    trafficking by force, fraud, or coercion.  On the other hand, if you find that the Government

4    failed to prove one or more elements of sex trafficking by force, fraud, or coercion, then you

5    must find the Defendant not guilty.  Either way, you must record your verdicts in response to

6    Questions 2, 3, and 4 on the verdict sheet.  Question 2 relates to sex trafficking of Lindsay

7    Acree; Question 3 relates to sex trafficking of Bela Koval; and Question 4 relates to sex

8    trafficking of Maya Miller.

9    **D.  Sex Trafficking of a Minor**

10    Alon and Tal Alexander are charged with sex trafficking a minor, specifically Isa Brooks,

11    in or about May 2009**.**

12    To satisfy its burden of proof on this count, the Government must prove, beyond a

13    reasonable doubt, the following elements:

14    First, the Defendant knowingly recruited, enticed, harbored, transported, provided,

15    obtained, or maintained Ms. Brooks;

16    Second, Ms. Brooks was under the age of eighteen at the time of the charged conduct;

17    Third, the Defendant knew or recklessly disregarded the fact that Ms. Brooks was under

18    the age of eighteen, or the Defendant had a reasonable opportunity to observe her;

19    Fourth, the Defendant knew that Ms. Brooks would be caused to engage in a commercial

20    sex act; and

21    Fifth, the Defendant's acts were in or affecting interstate or foreign commerce.

1                     **1.       First Element – Prohibited Conduct**

2        Because the first element of the crime of sex trafficking a minor is the same as the first

3    element of sex trafficking by force, fraud, or coercion, you should use the instructions I provided

4    in connection with those counts for this element.

5                     **2.       Second Element – Age of the Victim**

6        The second element the Government must prove is that Isa Brooks was less than eighteen

7    years old at the time of the charged crime.

8                     **3.       Third Element – Awareness of Victim's Age**

9        The third element relates to the Defendant's awareness of Ms. Brooks' age.  The

10   Government can satisfy this element by proving either that: (a) the Defendant actually knew that

11   Ms. Brooks was under the age of eighteen; or (b) the Defendant acted in reckless disregard of the

12   fact that Ms. Brooks was under the age of eighteen; or (c) the Defendant had a reasonable

13   opportunity to observe Ms. Brooks.

14        I have previously instructed you on what it means to act knowingly and in reckless

15   disregard of a fact, and you should use those instructions here.

16        The Government does not have to prove both that the Defendant knew or recklessly

17   disregarded the fact that the Ms. Brooks was under the age of 18 and that the Defendant had a

18   reasonable opportunity to observe her; either alone is sufficient to satisfy this element.  You may

19   find that the Defendant had a reasonable opportunity to observe the victim if the Defendant had

20   face-to-face interaction with the victim.

21                     **4.       Fourth Element – Commercial Sex Act**

22        The fourth element that the Government must prove is that the Defendant knew or

23   recklessly disregarded that the fact that Ms. Brooks would be caused to engage in a commercial

1    sex act.  I have previously instructed you on what constitutes a "commercial sex act," and you

2    should use that instruction here.  As with the sex trafficking by force, fraud, or coercion counts,

3    the Government does not have to prove that Ms. Brooks actually perform a commercial sex act

4    as long as it proves that the Defendant recruited, enticed, harbored, transported, provided,

5    obtained, or maintained her for the purpose of her engaging in a commercial sex act.

6        It does not matter whether Ms. Brooks was a willing participant in performing

7    commercial sex acts.  A person who is under the age of 18 cannot consent to engaging in

8    commercial sex.  Therefore, consent by the minor victim is not a defense to the sex trafficking of

9    a minor charge.

10        **5.    Fifth Element – Interstate Commerce**

11        The fifth element that the Government must prove is that the Defendant's sex trafficking

12    affected interstate commerce.  Because this element is the same as the third element of sex

13    trafficking by force, fraud, or coercion, you should use the instructions I provided in connection

14    with those sex trafficking counts for this element.

15        If you find that the Government has proven all of the elements of commercial sex

16    trafficking of a minor, beyond a reasonable doubt, then you must find the Defendant guilty of

17    commercial sex trafficking of a minor.  On the other hand, if you find that the Government failed

18    to prove one or more elements of commercial sex trafficking of a minor, then you must find the

19    Defendant not guilty.  Either way, you must record your verdicts in response to Question 5 on

20    the verdict sheet.

1      **E.  Inducement to Travel to Engage in Unlawful Sexual Activity**

2          All Defendants are charged with inducing Bela Koval to travel across state lines to

3      engage in unlawful sexual activity, and Tal Alexander is charged with inducing Maya Miller to

4      travel across state lines to engage in unlawful sexual activity.

5          To satisfy its burden of proof on these counts, the Government must prove, beyond a

6      reasonable doubt, the following elements:

7          First, the Defendant knowingly persuaded, induced, enticed, or coerced the alleged

8      victim to travel in interstate commerce;

9          Second, the alleged victim traveled in interstate commerce; and

10         Third, the Defendant intended that the alleged victim would engage in sexual activity for

11     which a person can be charged with a crime under New York State law.

12             **1.      First Element – Prohibited Conduct**

13         The first element is that the Defendant knowingly persuaded, induced, enticed, or coerced

14     an individual—Bela Koval for one count and Maya Miller for another count—to travel in

15     interstate commerce.

16         I have already instructed you on the meaning of the terms knowingly, enticed, and

17     coerced.  You should use those instructions here.

18         "Persuade" means to move by argument or plea.

19         "Induce" means to lead on, to influence, or to move by persuasion or influence.

20         As used in these counts, the term "interstate commerce" simply means movement from

21     one state of the United States to another state of the United States.

28

1            **2.       Second Element – Interstate Commerce**

2       The second element that the Government must prove is that the individual in fact traveled

3 from one state to another.

4            **3.       Third Element – Intent to Engage in Unlawful Sexual Activity**

5       The third element that the Government must prove is that, at the time the first element

6 was committed, the Defendant intended that Bela Koval for one count, and Maya Miller for

7 another, would engage in sexual activity for which a person can be charged with a criminal

8 offense under New York State law.

9                                 <u>"Intentionally" Defined</u>

10       I have already instructed you on the meaning of "intentionally," and you should use that

11 instruction here. In order to establish this element, it is not necessary for the Government to

12 prove that the person who was induced to travel engaged in sexual activity for which she could

13 be criminally charged or that having someone engage in illegal sexual activity was the

14 Defendant's sole purpose for persuading, inducing, enticing, or coercing the victim to travel

15 across state lines. A person may have several different purposes or motives for conduct, and

16 each may prompt, to a varying degree, the person's actions. The Government must prove,

17 however, that a significant or motivating purpose of persuading, inducing, enticing, or coercing

18 the victim to travel across state lines was so that someone could engage in illegal sexual activity.

19 In other words, the intent to engage in illegal sexual activity must not have been merely

20 incidental to Defendant when persuading, inducing, enticing, or coercing the victim to travel.

21       This element focuses on the Defendant's intent. The intent of the alleged victim is not

22 relevant.

1            <u>Violation of New York State Criminal Law</u>

2            All of the Defendants are charged with persuading, inducing, enticing, or coercing Bela

3    Koval to travel across state lines, and Tal Alexander is charged with persuading, inducing,

4    enticing, or coercing Maya Miller to travel across state lines, all with the intent to engage in

5    sexual activity that is unlawful under New York State law.  As to the count related to Bela

6    Koval, the Indictment alleges that the illegal sexual activity was either rape in the 1st, 2nd, or 3rd

7    degree, sexual misconduct, or forcible touching.  As to the count related to Maya Miller, the

8    Indictment alleges that the illegal sexual activity was either rape in the 1st, 2nd, or 3rd degree, or

9    was sexual misconduct.

10            <u>First-Degree Rape</u>

11            Under New York law, a person is guilty of rape in the first degree when he engages in

12    sexual intercourse with another person by forcible compulsion.

13            "Sexual intercourse" means any penetration, however slight, of the penis into the vaginal

14    opening.

15            "Forcible compulsion" means either: (1) the use of physical force; or (2) a threat, express

16    or implied, which places a person in fear of immediate death or physical injury to herself or another

17    person.

Second-Degree Rape

1    As is relevant here, a person is guilty of rape in the second degree under New York law

2  when he engages in sexual intercourse with another person who is incapable of consent by

3  reason of being mentally incapacitated.

4    I have previously instructed you on the meaning of "sexual intercourse."  You should use

5  that instruction here.

6    "Mentally incapacitated" means that the victim has been rendered temporarily incapable

7  of appraising or controlling her conduct due to the influence of a narcotic or other intoxicating

8  substance administered to her without her consent, or due to any other act committed upon her

9  without her consent.

Third-Degree Rape

10   Under New York law, a person is guilty of rape in the third degree when he engages in

11  sexual intercourse with another person without such person's consent where the lack of consent

12  is by reason of some factor other than incapacity to consent.

13   I have previously instructed you on the meaning of "sexual intercourse."  You should use

14  that instruction here.

15   If a reasonable person in the Defendant's situation would have understood that the victim

16  was not consenting to sexual intercourse, it does not matter whether the Defendant actually

17  thought otherwise.

Sexual Misconduct

18   A person is guilty of sexual misconduct under New York law when he engages in sexual

19  intercourse with another person without such person's consent.

20   I have previously instructed you on the meaning of "sexual intercourse."  You should use

21  that instruction here.

1    Sexual intercourse takes place without the victim's consent when the victim does not

2    expressly or impliedly acquiesce to the Defendant's conduct.

3                                    Forcible Touching

4    Under New York law, a defendant is guilty of forcible touching when he intentionally,

5    and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another

6    person for the purpose of degrading or abusing such person or for the purpose of gratifying the

7    defendant's sexual desire without the other person's consent.

8    I have previously instructed you on what it means to act "intentionally" and you should

9    use that instruction here.

10    "Forcibly touching" includes squeezing, grabbing, pinching, rubbing, or other bodily

11    contact involving the application of some level of pressure to the victim's sexual or intimate

12    parts.  Forcible touching takes place without a person's consent when the person being touched

13    does not expressly or impliedly acquiesce to the Defendant's conduct.

14                                        * * *

15    If you find that the Government has proven all of the elements of inducement to travel to

16    engage in unlawful sexual activity, beyond a reasonable doubt, then you must find the Defendant

17    guilty of inducement to travel to engage in unlawful sexual activity.  On the other hand, if you

18    find that the Government failed to prove one or more elements of inducement to travel to engage

19    in unlawful sexual activity, then you must find the Defendant not guilty.  Either way, you must

20    record your verdicts in response to Questions 6 and 7 on your verdict sheet.  Question 6 relates to

21    Bela Koval; Question 7 relates to Maya Miller.

22    **F.  Aggravated Sexual Abuse by Force or Intoxicant**

23    Alon and Oren Alexander are charged with aggravated sexual abuse of Rhonda Stone by

24    use of force or an intoxicant in or about January 2012.

1    To satisfy its burden of proof on this count, the Government must prove, beyond a

2  reasonable doubt, the following elements:

3    <u>First</u>, the Defendant knowingly engaged in a sexual act with Ms. Stone;

4    <u>Second</u>, the Defendant either: (1) knowingly used force against Ms. Stone to commit the

5  sexual act; or (2) knowingly engaged in the sexual act after knowingly and surreptitiously

6  administering a drug, intoxicant, or other similar substance to Ms. Stone that substantially

7  impaired her ability to evaluate or control her own conduct; and

8    <u>Third</u>, the offense was committed in the special maritime and territorial jurisdiction of the

9  United States.

10    **1.    First Element – Sexual Act**

11    The first element that the Government must prove is that the Defendant knowingly

12  engaged in a sexual act with the victim.

13    For purposes of this count, the term "sexual act" means (1) penetration, however slight,

14  of the vulva or anus by the penis; (2) contact between the mouth and the penis, the mouth and the

15  vulva, or the mouth and the anus; or (3) penetration, however slight, of the anal or genital

16  opening of another by a hand, a finger, or by any other object, with an intent to abuse, humiliate,

17  harass, degrade, or arouse or gratify the sexual desire of any person.

18    **2.    Second Element – Force or Intoxicant**

19    The second element may be proven in one of two ways.

20      **a.    Force**

21    First, the Government can satisfy its burden of proof on this element by proving that the

22  Defendant knowingly used force against Ms. Stone to commit the sex act.

1    I have previously instructed you as to what it means to act knowingly and on the meaning

2    of force.  You should use those instructions here.

3        The Government will have met its burden of proof if it proved, beyond a reasonable

4    doubt, that the Defendant used sufficient physical force to overcome, restrain, or injure Ms.

5    Stone.  This element can be proven regardless of whether the victim resisted or tried to escape.

6                    **b.    Surreptitious Intoxication**

7    Alternatively, the Government may satisfy its burden of proof on this element by proving

8    that the Defendant engaged in the sex act after knowingly administering a drug, intoxicant, or

9    other similar substance to Ms. Stone, without her knowledge or permission, that substantially

10    impaired her ability to evaluate or control her own conduct.

11    Although this element can be proven in either way that I just described, you must be

12    unanimous in finding which way the element has been proven.

13                **3.    Third Element – Jurisdiction**

14    The third element is that the offense was committed in the special maritime and territorial

15    jurisdiction of the United States.

16    The Indictment alleges that the offense occurred on a Bahamian flagged cruise ship,

17    which departed from and arrived in the United States.  You are instructed that an offense

18    committed on a Bahamian flagged cruise ship, which departed from and arrived in the United

19    States, was committed within the special maritime and territorial jurisdiction of the United States

20    if either the victim of the offense or the person committing the offense is a United States citizen.

21    Thus, this element will have been satisfied if you find that the Government has proved,

22    beyond a reasonable doubt, that (i) the offense occurred on a Bahamian flagged ship; (ii) the ship

1    departed from and arrived in the United States; and (iii) either Ms. Stone or the Defendant or

2    both are United States citizens.

3            If you find that the Government has proven all three elements of aggravated sexual

4    assault by force or intoxicant, beyond a reasonable doubt, then you must find the Defendant

5    guilty of aggravated sexual assault by force or intoxicant.  On the other hand, if you find that the

6    Government failed to prove one or more elements of aggravated sexual assault by force or

7    intoxicant, then you must find the Defendant not guilty.  Either way, you must record your

8    verdicts in response to Question 8 on your verdict sheet.

9        **G. <u>Sexual Abuse of a Physically Incapacitated Person</u>**

10           Alon and Oren Alexander are charged with sexual abuse of Rhonda Stone when she was

11   physically incapacitated in or about January 2012.

12           To satisfy its burden of proof on this count, the Government must prove, beyond a

13   reasonable doubt, each of the following elements:

14           <u>First</u>, the Defendant knowingly engaged in a sexual act with Ms. Stone;

15           <u>Second</u>, Ms. Stone was physically incapacitated at the time;

16           <u>Third</u>, the Defendant knew that Ms. Stone was physically incapacitated at the time; and

17           <u>Fourth</u>, the offense was committed in the special maritime and territorial jurisdiction of

18   the United States.

19               **1.      First Element – Sexual Act**

20           The first element that the Government must prove is that the Defendant knowingly engaged

21   in a sexual act with Ms. Stone.

22           I have previously instructed you on what it means to act knowingly and what constitutes a

23   "sexual act."  You should use those instructions here.

1            **2.**       **Second Element – Incapacity of Victim**

2        The second element that the Government must prove is that Ms. Stone was physically

3 incapacitated, meaning that she was physically incapable of declining to participate in, or to

4 communicate an unwillingness to engage in, that sexual act. The term "physically incapable"

5 has its ordinary, everyday meaning. A person can be physically incapacitated if they are

6 sleeping, intoxicated, or under the influence of drugs.

7            **3.**       **Third Element – Knowledge**

8        The third element that the Government must prove is that the Defendant knew that Ms.

9 Stone was physically incapacitated at the time of the sexual act.

10        I have previously instructed you on what it means to act "knowingly." You should use

11 that instruction here.

12            **4.**       **Fourth Element – Jurisdiction**

13        The fourth element that the Government must prove is that the offense was committed in

14 the special maritime and territorial jurisdiction of the United States. I have previously instructed

15 you on the special maritime and territorial jurisdiction of the United States, and you should use

16 that instruction here.

17        If you find that the Government has proven all the elements of sexual abuse of a

18 physically incapacitated person, beyond a reasonable doubt, then you must find the Defendant

19 guilty of sexual abuse of a physically incapacitated person. On the other hand, if you find that

20 the Government failed to prove one or more elements of sexual abuse of a physically

21 incapacitated person, then you must find the Defendant not guilty. Either way, you must record

22 your verdicts in response to Question 9 on your verdict sheet.

1    **H.  <u>Sexual Exploitation of a Minor</u>**

2        Oren Alexander is charged with sexual exploitation of Amelia Rosen, a minor, on or

3    about April 16, 2009.

4        To satisfy its burden of proof on this count, the Government must prove, beyond a

5    reasonable doubt, each of the following elements:

6        <u>First</u>, Amelia Rosen was under the age of eighteen at the time of the charged conduct;

7        <u>Second</u>, the Defendant caused her to engage in sexually explicit conduct for the purpose

8    of producing a visual depiction of that conduct; and

9        <u>Third</u>, the offense had an effect on interstate commerce.

10        **1.    First Element – Age of Victim**

11        The Government must prove that Amelia Rosen was less than eighteen years old at the

12    time of the acts alleged in this count.  The Government does not have to prove that the Defendant

13    knew that Ms. Rosen was less than eighteen years old.

14        **2.    Second Element – Production**

15        The second element that the Government must prove is that the Defendant employed,

16    used, persuaded, induced, enticed, or coerced Ms. Rosen to engage in sexually explicit conduct

17    for the purpose of producing a visual depiction of that conduct.  Producing the visual depiction

18    need not be the Defendant's only purpose for engaging in sexually explicit conduct with Ms.

19    Rosen; it must, however, be one of the dominant motives.

20        I have previously instructed you on the meaning of the terms persuade, induce, entice,

21    and coerce.  You should use those instructions here as well.  "Employ" means to make use of

22    something.  "Use" means to put into service.

1        For purposes of this count, "sexually explicit conduct" means any of the following,

2    whether actual or simulated: sexual intercourse; masturbation; or lascivious exhibition of the

3    genitals or pubic area of any person.

4        A "visual depiction" includes any photograph, film, video, picture, or image, including

5    undeveloped film and videotape, and data stored on computer disk or by electronic means that is

6    capable of conversion into a visual image, whether or not stored in a permanent format.

7        While the Government must prove that the Defendant acted with the purpose of

8    producing a visual depiction of the minor engaging in sexually explicit conduct, the Government

9    need not prove that a visual depiction of the conduct was actually produced.

10        **3.    Third Element – Interstate Commerce**

11        The third element that the Government must prove is an effect on interstate commerce.

12    For this crime, that can be proven only in one of the following ways:

13        (1) the visual depiction was actually transported or transmitted using any means

14    or facility of interstate or foreign commerce or in or affecting interstate or foreign

15    commerce; or

16        (2) the visual depiction was produced using materials that had been mailed or

17    transported in interstate or foreign commerce.

18    Transmission of photographs or video by means of the internet constitutes transportation in

19    interstate commerce.

20        Materials have been mailed or transported in interstate or foreign commerce if the

21    materials used to produce the visual depiction or on which the visual depiction has been stored

22    have previously moved from one state to another or between another country and the United

23    States.  The Government does not have to prove that the Defendant personally transported the

1    materials used to produce or store the visual depiction across a state line, or that the Defendant

2    knew that the materials used to produce the visual depiction had previously crossed a state line.

3          I have previously instructed you on what it means to act knowingly, and you should use

4    that instruction here.

5          In this case, the Indictment charges that (i) the visual depiction in question was

6    transmitted over the internet, and (ii) that it was produced using, and found on storage media

7    produced using, materials that had been mailed or transported in interstate or foreign commerce.

8    In order to find this element has been proven, all jurors must agree that at least one of those two

9    ways to satisfy this element has been proven, beyond a reasonable doubt.  You need not be

10    unanimous, however, as to the particular way this element was satisfied.

11         **4.**       **Consent Not a Defense**

12          The consent or voluntary participation of the minor is not a defense to this charge.

13    Accordingly, it does not matter whether Ms. Rosen consented to engaging in sexually explicit

14    conduct or agreed to engage in sexually explicit conduct so that a visual depiction of such

15    conduct could be produced.

16          If you find that the Government has proven all of the elements of sexual exploitation of

17    a minor, beyond a reasonable doubt, then you must find the Defendant  guilty of sexual

18    exploitation of a minor.  On the other hand, if you find that the Government failed to prove one

19    or more elements of sexual exploitation of a minor, then you must find the Defendant not guilty.

20    Either way, you must record your verdict in response to Question 10 on your verdict sheet.

21    **I.**   **<u>"Conscious Disregard" – Another Method of Proving Knowledge</u>**

22          As I have previously explained, the four substantive sex trafficking counts, including the

23    sex trafficking of a minor count, the two inducement to travel to engage in unlawful sexual

1    activity counts, and the two sexual abuse counts require the Government to prove that the

2    Defendant acted knowingly with regard to various facts.  As to any given Defendant on any

3    given count, if you find that the Government has proved, beyond a reasonable doubt, that the

4    Defendant acted knowingly, you should not consider this additional way of proving knowledge.

5    On the other hand, as to any given count, except the conspiracy count, if you find that the

6    Government has not proven that a Defendant acted knowingly as to some fact as to which

7    knowledge is required, you should consider whether the Government has proven that the

8    Defendant acted with "conscious disregard" of that fact.

9         If you find that the Defendant acted with a conscious purpose to avoid learning the fact at

10    issue, then the requirement that the Government must prove that the Defendant acted knowingly

11    will have been satisfied.  Similarly, if you find that the Defendant was aware of a high

12    probability that the fact was true and that the Defendant acted with deliberate disregard of that

13    high probability, then you must find that the Government has proven the Defendant acted

14    knowingly.  The law does not permit a defendant to avoid responsibility for his criminal conduct

15    by closing his eyes to the criminal nature of his actions if a reasonable person, looking at the

16    facts known to the defendant, would know his actions were criminal.

17        If, however, the evidence shows only that the Defendant was negligent or mistaken about

18    the fact at issue, that is not enough to prove that he consciously avoided the truth.  Furthermore,

19    if you find that the Defendant actually believed that the fact was not true, then you must find that

20    the Government has not met its burden of proving that the Defendant acted knowingly.

21    **J.  <u>Other Methods of Proving a Defendant's Guilt</u>**

22        The Government can satisfy its burden of proof with respect to all of the crimes except

23    conspiracy to commit trafficking counts by proving that the Defendant committed the crime

1    directly <u>or</u> by proving that he (i) aided and abetted the commission of the crime by someone else;

2    or (ii) as to the count involving Defendants inducing Bela Koval to travel to engage in unlawful

3    sexual activity only, is guilty under what is called the *Pinkerton* theory.  If you have found that

4    the Government has satisfied its burden of proving that a Defendant committed a charged crime,

5    then you should not consider these additional ways in which the Government can satisfy its

6    burden of proof.  If, however, you have found that the Government has not proven that a

7    Defendant committed a crime with which he is charged other than conspiracy, you must proceed

8    to consider whether the Government has satisfied its burden of proof in one of these other ways.

9            **1.**        **Aiding and Abetting**

10          The aiding and abetting statute provides that "whoever commits an offense . . . or aids,

11    abets, counsels, commands, induces or procures its commission, is punishable as a principal."

12    What that means is that, even if the Defendant did not directly commit a particular crime, the

13    Government can meet its burden of proof by: (i) proving that another person actually committed

14    the offense with which the Defendant is charged; and (ii) proving that the Defendant aided or

15    abetted that person in the commission of the offense.  A person who aids or abets another to

16    commit an offense is just as guilty of that offense as if he committed it directly.

17          In order to prove the Defendant guilty as an aider or abettor, the Government must prove,

18    beyond a reasonable doubt:

19          <u>First</u>, that one or more other persons committed the crime (that is, that all of the elements

20    of the crime as previously described were committed by someone other than the Defendant);

21          <u>Second</u>, that the Defendant, knowing that such a crime was being committed,

22    intentionally associated himself with that crime; and

23          <u>Third</u>, that the Defendant intentionally took some action to help the crime succeed.

41

1    I have previously charged you on what it means to act knowingly and intentionally.

2    Those instructions apply here as well.

3    Please note, however, that the law does not permit guilt by association. Therefore, the

4    mere presence of the Defendant where a crime is being committed, even if coupled with

5    knowledge by the Defendant that a crime is being committed, is not sufficient to make the

6    Defendant guilty as an aider and abettor. The Defendant would be guilty of the offense as an

7    aider and abettor only if, in addition to knowing of the criminal activity, he actually took actions

8    intended to help the crime succeed.

9    **2.**   ***Pinkerton* Liability**

10    *Pinkerton* liability exists when a Defendant who is a member of a conspiracy is liable for

11    a crime committed by a co-conspirator. *Pinkerton* liability should be considered by you only in

12    connection with the count charging the Defendants with inducing Bela Koval to travel to engage

13    in unlawful sexual activity, and only if you found that the Government did not satisfy its burden

14    of proof either by showing that the Defendant personally committed the crime or aided and

15    abetted the commission of the crime.

16    If you find that the Defendant was a part of the conspiracy to commit sex trafficking—

17    that is, if you find that the Government has proven beyond a reasonable doubt all of the elements

18    of the conspiracy to commit sex trafficking count—then you may, but are not required to, find

19    that Defendants are liable for a substantive offense—meaning the crime of inducing Bela Koval

20    to travel to engage in unlawful sexual activity as described in Part III., E. of these instructions—

21    committed by a co-conspirator, provided that the Government has proven each of the following

22    elements, beyond a reasonable doubt:

23    First, that crime was actually committed by someone;

42

1    Second, the person who actually committed the crime was a members of the charged

2    conspiracy;

3    Third, the crime was committed pursuant to the common plan and understanding you

4    found to exist among the conspirators;

5    Fourth, the Defendant was a member of the conspiracy at the time the crime was

6    committed; and

7    Fifth, the Defendant could reasonably have foreseen that the crime might be committed

8    by a co-conspirator.

9    If you find that the Government has proven all five of these elements, beyond a

10    reasonable doubt, then you may find the Defendant guilty of inducing Bela Koval to travel to

11    engage in unlawful sexual activity on a *Pinkerton* theory, even if he did not personally

12    participate in the acts constituting the crime, and even if he did not have actual knowledge that

13    the crime was being committed.

14    If, however, the Government has not proven, beyond a reasonable doubt, each of these

15    five elements, then you may not find the Defendant guilty of that crime on a *Pinkerton* theory.

16    **K.  <u>Variance in Dates</u>**

17    The Indictment alleges that certain acts occurred "on or about" various dates.  The

18    Government does not need to prove that an act occurred during a specific time period or on a

19    specific date.  I instruct you that it does not matter if a specific event is alleged to have occurred

20    on or about a certain date but the testimony indicates that, in fact, it occurred on a different date.

21    The law requires only a substantial similarity between the dates alleged in the Indictment and the

22    dates and months established by the evidence.

1    **L.  <u>Dual Intent is Not a Defense</u>**

2    During this trial, the Defendants have argued that their actions were motivated by

3 considerations that were not unlawful.  It is not a defense to any count that the Defendant may

4 have been motivated by both proper and improper motives.  A Defendant may be found to have

5 the requisite intent even if he possesses a dual intent—that is, an unlawful intent <u>and</u> a proper or

6 neutral intent.

7  **IV.**    **V<small>ENUE</small>**

8    In addition to proving the essential elements of each crime beyond a reasonable doubt,

9 the Government must also establish what is called "venue" — that is, that some act that is part of

10 an essential element of the crime occurred in the Southern District of New York.  The Southern

11 District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland,

12 Putnam, Dutchess, Orange, and Sullivan Counties.  The Southern District of New York also

13 includes the waters within all parts of Staten Island and Long Island—including Brooklyn,

14 Queens, Nassau County, and Suffolk County— and the waters within twelve miles of the coasts

15 of Long Island or Staten Island, as well as the air above those waters.  Therefore, anything that

16 happens in and over the waters of Long Island and Staten Island happens in the Southern District

17 of New York.

18    If the crime charged was committed in more than one judicial district, venue is proper in

19 any judicial district in which the crime was begun, continued, or completed.  Thus, venue will lie

20 in the Southern District of New York if you find that any act that is part of an essential element

21 of the crime took place in this district, even if other acts that were parts of essential elements

22 occurred in other districts.

1    The burden of proof for venue, unlike the elements of the crime, is a preponderance of

2    the evidence.  A preponderance of the evidence means that it is more likely than not that the fact

3    is true.

4    For all of the charges except the two counts alleging sexual abuse on a cruise ship, the

5    Government will have satisfied its burden of proof on venue if you find, by a preponderance of

6    the evidence, that some act in furtherance of an essential element of the crime you are

7    considering occurred in the Southern District of New York, even if that act was not committed

8    by the Defendant, and even if the act itself was not a criminal act.

9    For the inducement to travel counts, in order to satisfy its burden of proof on venue, the

10   Government must prove, by a preponderance of the evidence, either (i) that some act involved in

11   the Defendant's action of persuading, inducing, enticing, or coercing the alleged victim to travel

12   or (ii) that some portion of the victim's interstate travel occurred in the Southern District of New

13   York.

14   For the two counts alleging sexual abuse on a cruise ship, in order to satisfy its burden of

15   proof on venue, the Government must prove, by a preponderance of the evidence, that either

16   Alon Alexander or Oren Alexander was arrested in the Southern District of New York in

17   connection with that offense.  I instruct you as a matter of law that the place of arrest for a

18   particular offense is the place in which the person is presented with an arrest warrant for that

19   offense by a law enforcement officer.

20   **V.**      **FINAL INSTRUCTIONS**

21   **A.  <u>Right to See Exhibits and Hear Testimony / Communications with Court</u>**

22   You are about to begin your deliberations.

23   We will send into the jury room all of the exhibits that were admitted into evidence.  The

1  vast majority of the exhibits will be loaded on the computer that is available to you in the jury

2  room. If you have any difficulty operating the computer or finding what you want to see, please

3  send me a note and I will send someone in to help.

4      If you want any further explanation of the law or if you want to hear any testimony read

5  back, you may request that. If you ask for any testimony to be re-read, please be as specific as

6  possible so that we can identify exactly what you want read and not waste time reading

7  testimony that you do not want to hear. If there is any doubt or question about the meaning of

8  any part of the instructions that I have given you, you should not hesitate to send me a note

9  asking for clarification or for further explanation.

10      It is very important that you not communicate with anyone outside the jury room about

11  your deliberations or about anything touching on this case. There is only one exception to this

12  rule. If it becomes necessary during your deliberations to communicate with me, you should

13  send me a written note signed by your foreperson, by giving it to the Marshal, who will be

14  available outside the jury room throughout your deliberations. No member of the jury should

15  ever attempt to communicate with me except by a signed writing, and I will never communicate

16  with a member of the jury on any subject touching on the merits of the case other than in writing

17  or orally here in open court. If you send any notes to the Court, do not disclose anything about

18  your deliberations. Specifically, do not disclose to anyone — not even to me — how the jury

19  stands, numerically or otherwise, until after you have reached a unanimous verdict or have been

20  discharged.

21      **B.  <u>Notes</u>**

22      Some of you have taken notes throughout this trial. I want to emphasize to you that notes

23  are simply an aid to memory. Your notes may not be given any greater weight or influence in

1    the determination of the case than the recollections of other jurors.  Any difference between a

2    juror's recollection and another juror's notes should be settled by asking to have the court

3    reporter read back the transcript, because it is the court record that the jury must rely on when

4    making a determination of the facts and rendering a verdict.

5        **C.  <u>Duty to Deliberate / Unanimous Verdict</u>**

6        You will now retire to decide your verdict.  As I have already explained, for the

7    Government to prevail on any charge, it must prove each essential element of that charge beyond

8    a reasonable doubt.  If the Government carries its burden, you must find the Defendant guilty as

9    to that charge.  Otherwise, you must find the Defendant not guilty on that charge.

10       Your verdict on each charge must be unanimous.  Each juror is entitled to his or her

11   opinion, but you are also required to exchange views with your fellow jurors.  That is the very

12   essence of jury deliberation.  If you have a point of view and, after discussing it with other

13   jurors, it appears that your own judgment is open to question, then of course you should not

14   hesitate to yield your original point of view if you are convinced that the other view is one that

15   satisfies your judgment and conscience.  But do not give up a point of view that you

16   conscientiously believe simply because you are outnumbered.  You should vote with the others

17   only if you are convinced on the evidence, the facts, and the law that it is the correct way to

18   decide the case.

19       After any breaks, or when you arrive in the morning if your deliberations last more than

20   one day, do not begin to discuss the case until all jurors are present.

21       **D.  <u>Selecting a Foreperson and the Foreperson's Duties</u>**

22       The first thing you should do when you retire to deliberate is to select one of you to act as

23   your foreperson.  Traditionally, Juror #1 is the foreperson, but that is only tradition.  You are free

1    to select any of your members as your foreperson.

2        **E.  <u>Verdict Form and Return of Verdict</u>**

3        Once you have reached your verdict, you must record it on the verdict form that I have

4    prepared for you.  The foreperson should fill in the Verdict Sheet, date it, and sign it.  The

5    foreperson should then give a note to the Marshal outside your door stating that you have

6    reached a verdict.  Do not specify what the verdict is in the note.  The foreperson should keep the

7    Verdict Sheet until I ask for it.  You must all be in agreement with the verdict that is announced

8    in Court.

9        **F.  <u>Exceptions</u>**

10        Please remain seated while I confer with the parties.

11                        [Confer at sidebar]

12                        [Swear the Marshal]

13        **G.  <u>Oath</u>**

14        I remind you that at the very beginning of this case you took an oath.  Your oath sums up

15    your duty.  You must well and truly try the matters in issue and render a true verdict according to

16    the law and the evidence.

17                #            #            #

18        You may now retire to the jury room and begin your deliberations.

48