# AGNIFILO
# INTRATER

August 6, 2026

**<u>VIA ECF</u>**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

> **Re:** ***United States v. Alon Alexander, Oren Alexander & Tal Alexander*,**
> **24 Cr. 676 (VEC)**

Dear Judge Caproni:

The parties submit this joint letter respectfully requesting that the Court extend the due date for the sentencing memoranda in the above-captioned case. The parties' positions are set forth below.

*Defense Position:*

We write on behalf of defendants Oren, Tal, and Alon Alexander respectfully to request that the Court reset the deadline for the defendants' sentencing memoranda from September 11, 2026 to September 22, 2026, the date originally set by the Court.

The Final Presentence Investigation Report (the "Final PSR") is currently due on September 11, 2026—the same date on which the defendants' sentencing memoranda are due. As a result, counsel would have no opportunity to review the Final PSR with our clients before the sentencing memoranda must be filed. Counsel also would not have the necessary time to incorporate the Final PSR into the memoranda. Counsel respectfully requests the opportunity to review the Final PSR with the defendants, who are incarcerated, and to incorporate its contents into the sentencing memoranda.

The full and thorough review of a Final PSR by a criminal defendant and Counsel are critical parts of a sentencing procedure.  Indeed, virtually every federal court confirms prior to continuing with a sentencing hearing that both the defense lawyer and the defendant have had a full opportunity to review the Final PSR.  To force a criminal defendant to file a sentencing brief without the opportunity to thoroughly and fully review the final PSR is inconsistent with the central importance of both the Final PSR and a defendant's written sentencing submission.  It is unquestionably poor advocacy for a defense attorney to take a position orally at a sentence hearing that is different from the written submission.  Indeed, the entire reason for a written submission is so the sentencing court can deeply consider the factual and legal points made with the benefit of time and reflection.  To minimize the importance of the sentencing submission by not permitting counsel to incorporate the Final PSR is, most respectfully, in derogation of a sentencing procedure that has been tried and tested for decades in this and other Districts.

Hon. Valerie E. Caproni
August 6, 2026
Page 2 of 2

This request is made more pressing by counsel's trial schedule. Mr. Agnifilo (lead counsel for Oren) is scheduled to begin a state murder trial on September 8, 2026. Counsel had been relying on the full eleven days between the issuance of the Final PSR and the original memoranda deadline to review the Final PSR with the defendants and incorporate it into the sentencing memoranda in advance of this important sentencing, at which the defendants face the possibility of life in prison.

For these reasons, the defendants respectfully request that the Court reset the deadline for the defendants' sentencing memoranda to September 22, 2026.

*Government's Position*:

The Government agrees with the defense request to permit the parties to file sentencing submissions after the date the Final PSR is disclosed. We have conferred with the Probation Office as to the conflicting deadlines and understand that while the Probation Office will attempt to disclose the final PSR a few days early, it cannot guarantee that it will be able to do so. If the Court denies the defense's request to file submissions on September 22, 2026, the Government respectfully requests that the Court adjourn the deadline for sentencing submissions until at least September 15, 2026, in order to give the parties some time to incorporate the Final PSR into the submissions.

The parties thank the Court for its consideration of this request.

Respectfully submitted,

Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek

*Attorneys for Alon Alexander*

Milton L. Williams
Alexander V. Kahn
Deanna Paul

*Attorneys for Tal Alexander*

cc:     All counsel (via ECF)