**AGNIFILO**
**INTRATER**

August 23, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re:** ***United States v. Alon Alexander, Oren Alexander & Tal Alexander*, 24 Cr. 676 (VEC)**

Dear Judge Caproni:

On behalf of all defendants, we write, respectfully, for an Order requiring the government to disclose the names of individuals who intend to speak or are considering speaking at sentencing by August 31, 2026. An orderly sentencing process requires that the defense receive this information with sufficient time to evaluate it and, if appropriate, to raise objections in advance. Our sentencing submissions are due on September 18, 2026, and so we do not believe this is an unreasonable request. The government disagrees and has declined to commit to any disclosure date.

Victims have "[t]he right to be reasonably heard at any public proceeding . . . involving . . . sentencing. 18 U.S.C. § 3771. No one disagrees. But that right does not deprive the defendant of a fair opportunity to prepare for sentencing by learning who will be "reasonably heard." Indeed, part of the reasonableness inherent in the "public proceedings" is that the defendant "be informed of the nature and cause of the accusation," as he is "confronted with the witnesses against him." U.S. Const. Amend. VI. In other words, these rights are not mutually exclusive.

Aside from what seems like the obvious Constitutional right to this information, we need to know who the government plans to have speak so that we can assess whether a particular proposed speaker actually falls within the definitions of 18 U.S.C. § 3771(e)(2)(A). Knowing who plans to speak would also allow the defense to determine if we have a basis to object. Disclosure well in advance of the September 18 submission deadline is the only way to ensure the defense can meaningfully exercise that opportunity.

The parties have conferred on this issue, but the government has declined to commit to any disclosure date. The government has represented that those who "may wish to speak…fall into the following categories: (1) victim(s) who testified at trial; (2) victim(s) whom we noticed, and Judge Caproni ruled could testify as evidence of the conspiracy but did not ultimately testify; (3) victim(s) whom we noticed, and Judge Caproni ruled could testify under Rule 413 but did not ultimately testify; and (4) victim(s) whom we did not notice and who did not testify." (Ex. A, Counsel Emails.)

The government's position leaves the defense unable to prepare. First, it presumes the conclusion – only "victims" are covered by § 3771(e)(2)(A), but each one of the government's four categories simply asserts that the unknown individuals they plan to call are, in fact, victims. To this point, categories (3) and (4) are particularly concerning. Category (3) consists of individuals who are, by definition, not victims of any charged offense; and (4) consists of individuals who were never noticed and who did not testify at trial, such that the defense has no way to identify them, to determine whether their prior statements have been produced, or to evaluate any objection to their participation, absent disclosure of their names. The remaining categories likewise require advance notice so that the defense can assess and, if warranted, object before sentencing rather than for the first time at the hearing.

For these reasons, we respectfully request that the Court Order the government to disclose, by August 31, 2026, the individuals who intend to speak or are considering speaking at sentencing. Thank you for the Court's consideration.

Respectfully submitted,

Teny G

Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

cc: All counsel (via ECF)