USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER,<br><br>Defendants. | : | 24-CR-676 (VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS sentencing of these Defendants is scheduled for Tuesday, October 6, 2026, *see* Dkt. 492;

WHEREAS on Sunday, August 23, 2026, the Court received a letter from Defendants requesting the Court to "[o]rder the [G]overnment to disclose . . . the [names of] the individuals who intend to speak or are considering speaking at sentencing," *see* Dkt. 501;

WHEREAS on Monday, August 31, 2026, the Government opposed Defendants' request, *see* Dkt. 503;

IT IS HEREBY ORDERED that Defendants' request is DENIED. The Government is not obligated to disclose prior to sentencing the names of victims who may wish to speak at sentencing. Neither the Crime Victims' Rights Act ("CVRA"), 18 U.S.C § 3771, nor Federal Rule of Criminal Procedure 32 expressly requires the Government to disclose the names and/or identities of victims who intend to speak at sentencing before the sentencing takes place. In fact, such a requirement would be antithetical to the CVRA, which is oriented towards protecting victims, not creating entitlements for Defendants.[1] The CVRA defines *who* has the right to

[1] While not directly analogous, other circuits have applied similar reasoning in rejecting the argument that redacting victims' names in pre-sentence victim impact statements violates a defendant's rights. *See United States v. Clark*, 335 F. App'x 181, 184 (3d Cir. 2009) (holding that redactions in victim impact statements

speak at a sentencing. But nothing in the CVRA requires, expressly or otherwise, that the Government provide Defendants with a list of victims who intend to exercise that right.[2]

Defendants' argument that they have a "Constitutional right to this information," Dkt. 501 at 1, is puzzling inasmuch as "the Supreme Court and [the Second Circuit] . . . have consistently held that the right of confrontation does not apply to the sentencing context." *United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005) (collecting cases); *see also, e.g.*, *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989) ("[A]ll of the strict procedural safeguards and evidentiary limitations of a criminal trial are not required at sentencing. It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine." (internal citations omitted)). Defendants' purported "right" to such information cannot be "obvious," *see* Dkt. 501 at 1, because such an entitlement does not exist. Defendants' request for blanket disclosure of the names of victims who may wish to speak at sentencing is, therefore, denied.

---

are "consistent with the Crime Victims' Rights Act" and noting that Defendant failed to identify any authority requiring a victim's identity be revealed in pre-sentence victim statements).

[2] In *United States v. Eberhard*, for example, a defendant complained that "he received insufficient notice both of the identity of the victims who would address the sentencing court and of the nature of their statements." 525 F.3d 175, 178 (2d Cir. 2008). The Second Circuit rejected this due process argument, holding that the district court had "afforded [the defendant] an opportunity to respond *after hearing from the victims*." *Id.* (emphasis added); *see also, e.g.*, Dkt. 503 at 1–2 (collecting cases, including *United States v. Smith*, 967 F.3d 198, 216 (2d Cir. 2020) ("Provided that a defendant has a fair opportunity to respond, a district court has discretion at a sentencing hearing to receive statements or information that are relevant to what sentence the court should impose."), and *United States v. Garigen*, No. 21-112, 2022 WL 258568, at *1–2 (2d Cir. Jan. 28, 2022) ("[Defendant] . . . was free to object or respond to any of the statements that [the victim's] parents made during her sentencing, and the district court was permitted to consider all of these statements as relevant in formulating a sentence.").

Further still, a committee note to Federal Rule of Criminal Procedure 32 makes clear that "the judge must speak to any victim present in the courtroom at sentencing" and "[a]bsent unusual circumstances, *any victim who is present should be allowed a reasonable opportunity to speak*" (emphasis added). This language suggests that a victim need not be identified prior to sentencing; Defendant can object to the individual's status as a victim at that time, if at all. As to the latter, as the Government notes, it "has already given the [D]efendants the information they need to raise an objection that certain classes of the [D]efendants' victims fall outside of the CVRA definition" of a "crime victim." Dkt. 503 at 2. The Court agrees that Defendants do not "need [to] know the specific identities of those women more than a month before sentencing to make their argument" regarding the victim's status. *Id.*

That said, the Government seems to agree that the parties and the Court would benefit from advance briefing (i) on the *status* of purported victims and, to the extent necessary, (ii) as to purported victims who were not the subject of pre-trial motions. The Court ADOPTS the briefing schedule proposed in the Government's letter. *See* Dkt. 503 at 3. Not later than **Thursday, September 17, 2026**, the Government must notify the Court and Defendants of the number of victims that it anticipates will speak at sentencing, including the identities of those victims who were not previously noticed by the Government, did not testify at trial, and were not the subject of pre-trial motions. Not later than **Tuesday, September 22, 2026**, Defendants may object to the Government's disclosures. Not later than **Friday, September 25, 2026**, the Government may respond to Defendants' objections, if necessary.

SO ORDERED.

Date: September 3, 2026
New York, NY

VALERIE CAPRONI
United States District Judge