**AGNIFILO INTRATER**

September 18, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re:** ***United States v. Alon Alexander, Oren Alexander & Tal Alexander*, 24 Cr. 676 (VEC)**

Dear Judge Caproni:

We write on behalf of defendants Alon, Oren, and Tal Alexander, pursuant to the Court's August 6, 2026 Scheduling Order (ECF 499), which directs the parties to notify the Court by September 18, 2026 whether any party requests a *Fatico* hearing in advance of sentencing.

Based on our review of the draft Presentence Report, the parties' objections, and the Addendum to the final Presentence Report, the defendants respectfully request a *Fatico* hearing as to the following disputed issues, each of which bears directly on the applicable Guidelines calculation and involves factual disputes that Probation resolved on the papers without the benefit of live testimony or cross-examination:

1. Group 6 (Victim-4) and Group 7 (Victim-5): neither victim testified at trial, the associated Counts 6 and 7 were dismissed by the government, and the defendants provided alibi evidence showing they were not in the Hamptons on the date of the alleged conduct. In addition, even if the Court considers this conduct, the four-level use-of-force enhancement under USSG §2A3.1(b)(1) is unsupported as to Victim-4, who never testified and whose allegations were never subjected to cross-examination;

2. Group 9 (Victim-9): this person did not testify, nor is there any other evidence that would establish sex trafficking by a preponderance of the evidence. In addition, the four-level use-of-force enhancement under USSG §2A3.1(b)(1) applied to this Group is unsupported, as Victim-9 never testified and her allegations were never subjected to cross-examination;

3. Group 13 (Victim-30): the government has never interviewed Victim-30, and Victim-30 has never stated she was a victim of anything;

4. the scope of relevant conduct attributable to each defendant under USSG §1B1.3 for Groups in which he had no personal involvement;

5. the two-level enhancement for a large number of vulnerable victims under USSG §3A1.1(b)(2), added by Probation in response to the government's objection;

6. whether Oren knew or should have known that Minor Victim-25 was 17 years old at the time of the alleged conduct, for purposes of the vulnerable-victim enhancement;

7. the two-level enhancement under USSG §2A3.1(b)(6)(B) for use of a computer, as applied to conduct involving Minor Victim-3, based on communications sent by a third party rather than by Alon, Oren, or Tal;

8. whether Alon knew or should have known that Minor Victim-25, Minor Victim-3, and Minor Victim-26 were under the age of 18 at the time of the alleged conduct, for purposes of the vulnerable-victim enhancement; and

9. to resolve material factual disputes concerning Victim 1's allegations about her prior sexual encounter with Oren, which the Court barred at trial under Federal Rule of Evidence 412, despite the defense seeking to cross-examine her about it.

Thank you for your consideration.

Respectfully submitted,

Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Jeanelle Gomez

*Attorneys for Alon Alexander*

Deanna Paul

*Attorneys for Tal Alexander*

cc: All counsel (via ECF)