USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/2026

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 9, 2026

**MEMO ENDORSED**

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***United States v. Alon Alexander, Oren Alexander, and Tal Alexander,* S6 24 Cr. 676 (VEC)**

Dear Judge Caproni:

The Government writes to ask for clarification about the scope of reply briefing to be filed next Wednesday. The Court ordered, in response to the defendants' September 18, 2026 letter requesting a *Fatico* hearing (Dkt. 510), that the parties submit last week "any exhibits and records not introduced at trial that either party intends to rely on for contested issues at sentencing" and "include any briefing on **contested issues** in their respective sentencing submissions," that will be filed later today. *See* Dkt. 513 (emphasis in original). The Court further ordered that the parties may "reply to **contested issues** identified in the parties' sentencing submissions" by October 14, 2026. *Id.* (emphasis in original).

The parties' have since submitted exhibits, which on their face relate to four of the remaining eight contested issues from the defendants' letter: Issue 1 (relating to Victim-4 and Victim-5), Issue 2 (relating to Victim-29), Issue 3 (relating to Victim-30), and Issue 7 (relating to the application of U.S.S.G. § 2A3.1(b)(6)(B) based on third party communications). The other four issues, including the application of the relevant conduct Guideline in U.S.S.G. § 1B1.3 (Issue 4), the application of the large number of vulnerable victims enhancement in U.S.S.G.§ 3A1.1(b)(2) (Issue 5), and the defendants' knowledge of their victims ages (Issues 6 and 8) are not addressed by these additional exhibits.

Because the Court's individual rules "generally do[] not permit written responses or replies to sentencing submissions," the Government seeks clarification of the scope of permitted reply briefing. The Government interprets the Court's order to be permitting the parties to reply only to arguments about contested issues that rely on the additional exhibits. If instead the Court intends to permit the parties to reply to any arguments about the eight issues identified in the defendants' September 18, 2026 letter (including purely legal issues that do not rely on additional evidence—

such as the scope of relevant conduct), or any disputed issues raised in the original sentencing submissions, the Government respectfully requests clarification.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ___/s_______________________
Kaiya Arroyo, Elizabeth A. Espinosa
Andrew Jones, Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

On September 30, 2026, the Court ordered that "not later than Friday, October 2, 2026, the parties must exchange with each other and submit to the Court any exhibits and records not introduced at trial that either party intends to rely on for contested issues at sentencing." Dkt. 513. The Court further ordered that "[t]he parties may include any briefing on **contested issues** in their respective sentencing submissions due Friday, October 9, 2026," and "[a]ny reply to **contested issues** identified in the parties' sentencing submissions must be filed not later than Wednesday, October 14, 2026." *Id.* (emphases in original).

To the extent reply briefing is necessary, it should focus **exclusively** on arguments related to **contested issues that rely on the additional exhibits** that were exchanged on October 2, 2026. If the parties' additional exhibits relate only to Issues 1, 2, 3, and 7 in Defendants' September 18, 2026, letter, *see* Dkt. 510, the scope of the parties' reply papers must be limited to those issues and exhibits. While the parties' sentencing submissions may include arguments (i) on the other four live issues identified by Defendants (*i.e.,* Issues 4, 5, 6, and 8, *see id.*), or (ii) on any other dispute relevant to Defendants' sentencing, the Court does not expect, and the parties are not permitted to provide, any response to such arguments in their October 14, 2026, submissions. *See* Individual Practices in Criminal Cases § 9.B ("The Court generally does not permit written responses or replies to sentencing submissions.").

The parties' October 14, 2026, submissions may not exceed five (5) pages.

SO ORDERED.

[signature] 10/9/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE