**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**24 Cr. 676 (VEC)**

---

UNITED STATES OF AMERICA

v.

ALON ALEXANDER
OREN ALEXANDER and
TAL ALEXANDER

Defendants.

---

# SENTENCING APPENDIX ON BEHALF OF ALON, OREN and TAL ALEXANDER

**AGNIFILO INTRATER LLP**
140 Broadway, Ste. 4530
New York, NY 10022
(646) 205-4350

By: Marc Agnifilo
Zach Intrater
Teny R. Geragos

*Counsel for Oren Alexander*

**BLACK SREBNICK**
201 South Biscayne Boulevard, Ste. 1300
Miami, FL 33131
(305) 371-6421

By: Howard Srebnick
Jackie Perczek
Jeanelle Gomez

*Counsel for Alon Alexander*

**GERAGOS & GERAGOS**
256 5th Avenue
New York, NY 10001
(213) 625-3900

By: Deanna Paul

*Counsel for Tal Alexander*

**United States v. Alon, Oren and Tal Alexander**
**Docket No. 24 Cr. 676 (VEC)**
**Sentencing Memorandum Exhibits**

| | |
|---|---|
| Exhibit 1 | Letter of Orly and Shlomi Alexander |
| Exhibit 2 | Letter of Andrew and Debra Hirschl |
| Exhibit 3 | Letter of Ronit Rinder |
| Exhibit 4 | Letter of Avi Berger |
| Exhibit 5 | Letter of Orly Rahav |
| Exhibit 6 | Letter of Yoram and Zila Yunger |
| Exhibit 7 | Letter of Sara Edelbaum |
| Exhibit 8 | Letter of Lee Volpper |
| Exhibit 9 | Letter of Rina Laviv |
| Exhibit 10 | Letter of Dotan Frenkel |
| Exhibit 11 | Letter of Daniel Hakakian |
| Exhibit 12 | Letter of Tamir Harpaz |
| Exhibit 13 | Letter of Chava Zweig |
| Exhibit 14 | Letter of Patricia Cohen |
| Exhibit 15 | Letter of Dolev Frenkel |
| Exhibit 16 | Letter of Ruth Krongrad |
| Exhibit 17 | Letter of Linda Alexander |
| Exhibit 18 | Letter of Dina Ben Ari |
| Exhibit 19 | Letter of Donna Neuman Wolf |
| Exhibit 20 | Letter of Irit Naymark |
| Exhibit 21 | Letter of Laurent Biron |
| Exhibit 22 | Letter of Garry Braverman |
| Exhibit 23 | Letter of Michal Dagan |
| Exhibit 24 | Letter of Zalman Duchman |
| Exhibit 25 | Letter of Ron Neuman |
| Exhibit 26 | Letter of Irina Gegoutchadze |
| Exhibit 27 | Letter of Vivian Cheung |
| Exhibit 28 | Letter of Golan Zigron |

**United States v. Alon, Oren and Tal Alexander**
**Docket No. 24 Cr. 676 (VEC)**
**Sentencing Memorandum Exhibits**

| | |
|---|---|
| Exhibit 29 | Letter of Shani Alexander |
| Exhibit 30 | Letter of Yariv Gilat |
| Exhibit 31 | Letter of Daniel Frenkel |
| Exhibit 32 | Letter of Katherine and Judd Rosen |
| Exhibit 33 | Letter of Luis Gomez |
| Exhibit 34 | Letter of Eyal Kadosh |
| Exhibit 35 | Letter of Erez Maman |
| Exhibit 36 | Letter of Itamar Cohen |
| Exhibit 37 | Letter of Jordan Steffy |
| Exhibit 38 | Letter of Guy Blachman |
| Exhibit 39 | [redacted] |
| Exhibit 40 | Boulos Facebook message to Oren |
| Exhibit 41 | Alexander_000038 |
| Exhibit 42 | Facebook photograph |
| Exhibit 43 | [redacted] |
| Exhibit 44 | [redacted] |
| Exhibit 45 | [redacted] |
| Exhibit 46 | [redacted] |
| Exhibit 47 | Letter of Niv Alexander |

We write to you as the parents of Tal, Alon, and Oren, and as the parents of four sons whom we have loved and devoted our lives to.

My husband and I came to this country as young people with very little. We did not have wealth or resources waiting for us. We had each other, our hopes for the future, and a determination to build a good life.

We worked hard. We sacrificed. We built our home and our family step by step, year by year.

Our children watched us do it.

They watched their parents work hard and never give up. They watched us build a life from very little. Throughout all those years, one thing was always at the very top of everything we did: **family values**.

We taught our children that family comes first. We taught them to respect people, to work hard, to be responsible, to help others, and to give back to the community. These were not just words in our home. They were the way we tried to live our lives.

For 51 years, our family has been our greatest accomplishment and our greatest source of happiness.

We watched our four sons grow up. We watched them become adults, build careers, marry, have children, and create families of their own. We were proud to see that the values we had tried to give them became part of their lives as well.

Tal, Alon, and Oren have always been respectful, hardworking, and deeply family-oriented. They have worked hard to provide for their families and have given generously of their time and resources to charities and community causes. Helping others and being part of their communities has always been important to them.

We saw this commitment to helping others in our sons from a young age.

Tal had a particular passion for helping children with special needs and volunteered throughout his youth in a school program, Kesher, where he was able to spend time with and support these children. Through that program, he became especially close with a set of twins. What began as volunteering became a real relationship. Tal spent time with them after school and stayed in touch with them for many years afterward. Helping children and giving them his time was something that genuinely mattered to him.

During the pandemic, Tal also became very involved with helping to feed the hospital workers at Mount Sinai. Oren and Alon joined Tal's outreach efforts to help the hospital workers during such a difficult and uncertain time. And when Alon was a junior in high school, he also volunteered at the same hospital helping in the administration office and helping visitors in the main lobby.

EXHIBIT
1
U.S. v. Alexander, 24 Cr. 676 (VEC)

During high school, Tal, Oren, and Alon also tutored children in Liberty City through a program called "I Have a Dream." They would tutor kids once a week, every Thursday or Wednesday, through this program.

Alon continued to support charities and community organizations as an adult. In his own neighborhood, he helped organize a security committee and neighborhood watch because he wanted the families around him to feel safe. He also worked with the City of Miami Beach to recognize his neighborhood as an official neighbor association, and he took on projects to improve the neighborhood. I remember that, after several car accidents had happened at the dead end of his street, Alon reached out to the city and worked to have new safety signage installed to prevent further accidents and help the safety of his community. He also volunteered on an ad hoc city committee for different projects for his area.

Alon also chaired several events for Gift of Life Marrow Registry. Alon donated both his time and money and connected his network of professionals to the organization. Alon's wife, Shani, became very involved with this organization, and Alon's cousin, Ron, became a bone marrow match for someone in need. His involvement shows the importance he has always placed on supporting the community around him.

From 2010 to 2017, Alon, Tal, and Oren were also very involved with the Young Jewish Professionals organization. Alon would organize and host events and also introduced his clients to the organization to allow it to grow. In 2013, the Young Jewish Professionals honored all three of them for their involvement. Here is a photo of them during that event:



Alon was also involved with the Chabad Young Professionals from 2009 to 2017 where he helped with outreach and growing the community. Alon specifically helped with finding unused real estate spaces to be donated to the congregation for them to use during the holidays. Alon

also helped CYP acquire a permanent home for its congregation. Alon used to meet personally with the Rabbi of CYP on a weekly basis when he lived in New York. I even remember the Rabbi attended Alon's wedding.

As an adult, Oren became deeply involved with the Friends of the Israel Defense Forces (FIDF). He helped organize large fundraising events in Miami to educate others and raise support for the organization's work. In 2023, one event he helped organize drew approximately 500 supporters and raised close to $10 million for the organization's emergency fund. We were proud to see him devote his time and energy to a cause that meant so much to him.

We are writing because we are their parents, and because we know our sons as human beings, as husbands, as fathers, as brothers, and as members of our family — not simply as names in a case.

Today, Tal is 40, and Alon and Oren are 39. They are fathers of young children.

Two of their wives continue to stand beside them through this difficult time.

But through all of this, our grandchildren remain innocent children who love their fathers.

They do not understand courtrooms or sentences.

They understand Daddy.

They understand the arms that hold them, the voice that comforts them, and the person they look for when they need help or reassurance.

We cannot bear the thought of these children losing years with their fathers.

We also cannot bear watching our sons lose the opportunity to be present for their children's lives — their birthdays, their holidays, their school events, their accomplishments, and all the ordinary moments that mean so much to a child.

For 51 years, we have built our family from almost nothing.

Now, at this point in our lives, our family is everything we have.

We cannot fix this for our sons. We cannot take their place. All we can do is come before you as their parents and ask for mercy.

We respectfully ask you to look at the whole lives of our sons. Look at the men they have been, the fathers they are, the families they have built, the hard work they have done, and the people and communities they have helped.

Please consider their character, their family responsibilities, their contributions to their communities, and the profound impact that any sentence will have on their young children and their families.

We ask you, with all the humility of two parents who have spent 51 years building a family, to impose **the most lenient sentence that the law permits**.

Please give our sons the opportunity to remain present in their children's lives.

Please give their children the chance to grow up knowing and having their fathers.

Please give our family a chance to remain together.

We came to this country as young people with very little, and we built everything we have through hard work, love, sacrifice, and family.

**Our family is the most important thing in our lives.**

We respectfully ask you not to take away more of that family than is absolutely necessary.

We place our faith in your judgment, your humanity, and your compassion.

**Please, Your Honor, show our sons mercy.**

With deepest respect

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

August 26, 2026

Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)

Dear Judge Caproni,

We (Dr. Andrew and Debra Hirschl) write this letter on behalf of Tal, Alon and Oren Alexander who will be sentenced before you shortly. I am a general dentist in Miami and my wife is an attorney. I have been the Alexander's family dentist for over thirty years and enjoyed regular interactions with each of the brothers, watching them grow.

We first met this family back in 1984, initially through Orly's brother, Gill. Back then, Gill was attending school and parking cars at my building. Outgoing, friendly, genuine, and level-headed, he always made us smile. That disposition must be a family trait! Back then, Orly and Shlomi had just established their security firm. They were hardworking Israeli's who moved from Israel to South Florida to start their new life together. They worked diligently to build a future for their family. Orly and Shlomi remain dear friends. We enjoy the same wedding anniversary and have celebrated our marriages over the years. Together, we celebrated milestones, mourned our losses, traveled to Israel, and shared many stories about our children. With the hope that we might enlighten you with some of the kind, generous, thoughtful, impressive attributes that we appreciate about these brothers, we write this letter to you today.

We know the three brothers since the day(s) they were born. We were privileged to be at their bris, their Bar Mitzvahs, most of the weddings and other significant celebrations. We remember the first time we met the twins -- Orly was simultaneously nursing the twins in a double football hold, while Tal was crawling around. There was always love in their home. We were also present when the family gifted and dedicated a Torah at their Shul; we danced with them down the streets of Surfside. The boys' paternal grandpa was a Cantor and they were all well versed in Jewish culture and values. Values, love, and respect for others was always a guidepost.

Like their parents, the Alexander brothers are not afraid to work hard. Upon graduating their respective colleges, they embarked on their careers, generating much success in New York City. They were friendly, outgoing and energetic. We always found them respectful, loving, and appreciative of the opportunities they had. They engaged with my office staff, remembered details about the assistants and hygienists and often followed up with care and concern about my staff's ailing relatives, impending births and exciting travels. Every greeting they offered to me, my wife, or kids was accompanied by a warm hug and a kiss. They wore their hearts on their sleeve and had sincere compassion for those of us they considered extended family.

Speaking of compassion, Tal, Alon, and Oren truly stepped it up about a decade ago when Orly was diagnosed and treated for breast cancer. They unselfishly and lovingly doted on her as she healed. Their love and concern never waned. Not only did Orly and Shlomi share their friends (like us) with their sons, but the brothers also shared their mother and father with their friends, inviting so many of them for a Shabbat or a holiday dinner, experiencing the joy and camaraderie of the family. What a beautiful tapestry of genuine kindness and hospitality.

EXHIBIT
2
U.S. v. Alexander, 24 Cr. 676 (VEC)

Such generosity of spirit extended beyond those they knew; the brothers supported many causes to assist others who they did not know personally. For example, following the October 7th attacks in Israel, Oren and others hosted a Friends of the IDF dinner to support Israeli soldiers, reservists and their families. In attendance, offering their full support, were his parents and siblings and dozens of friends and colleagues. This 500-person event raised over $10 million, further connecting the family with their roots and their strong allegiance to their parents' homeland. Each of the boys inherited the philanthropic example of their parents, seeking to make the world a better place. Certainly, this was not the only time they supported a cause but it was among the most meaningful and significant times for them.

Goodness exists in these young men. We have seen it. Their lives with their wives and children were just starting back in 2024. We hope that you find a place in your heart to let them experience that family life sooner than later and that they can once again return to be with their immediate families.

Thank you for taking the time to hear from us.

With respect and appreciation,

Dr. Andrew and Debra Hirschl

Dear Honorable Judge Caproni,

My name is Ronit and I am a close friend of Tal, Oren and Alon's mother. We have been friends for decades and as a result, I know the family members on a personal and close level. I live in Israel and come to visit their parents, Orly and Shlomi about twice a year for about two weeks at a time. During my visits I stay at their home. I have known the boys since they were little. Especially the acquaintances were made when they were adults. The three boys are the most polite and gentlemanly guys I know. For this reason everyone wants to be close to them. They are the center of all the friends. Also, thanks to their pleasant nature.

The relationship they have with their parents is something rare. A close-knit family. They deserve all praise for respecting their parents. Vacations together, every event the boys do, first and foremost they invite the parents to participate even if it is a party for young friends.
.
Shabbat dinner is sacred in the Alexander family.
All the family members gather at the parents' home. Sometimes at one of the boys houses. They always invite a friend or two who has nowhere else to eat on Shabbat. It is known that everyone always wants to come to the Alexander family because of the warmth that all the family members shower on them.

When I spoke about politeness and treatment of people, I meant first and foremost the good relations within the family, the respectful and loving treatment of their wives, their parents and me personally
as their mother's friend.
They contribute to the community and have organized several large events for it.
The boys are very good friends with each other and grew up like a triplet (two are twins and one is only a year older than them)
From a young age they are together, in studies, business and entertainment. They are always at the center
wherever they are. Women always want to be around them, as do men, because of their charisma, success, generosity, and good treatment.
They were a role model for many people in their initiative, in their hard work that brought them great success.

I beg and pray every day that the court and the honorable judge will take into account that they are not monsters as the media has painted them. On the contrary - they are normative,

EXHIBIT
3
U.S. v. Alexander, 24 Cr. 676 (VEC)

hardworking, loving people, family people and contributors to the community.. They have wives and children, some of whom they do not know due to their prolonged detention. They managed their families exemplary until they were arrested. I ask the court for mercy on them, on their children, on their wives and especially on their shattered parents. Their place is not in prison.

Respectfully Submitted

Ronit Rinder

August 16, 2026

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re:** *United States v. Alexander, et al., 24 Cr. 676 (VEC)*

Dear Judge Caproni:

My name is Avraham (Avi) Berger. I am 74 years old and live in Israel. I am a certified public accountant by profession. Until my retirement in 2014, I served for more than twenty years as the senior partner of PwC's Israeli firm. I write in connection with the sentencing of Oren, Tal, and Alon Alexander, whom I have known for many years.

My late wife, Deborah, had been a childhood friend of the brothers' parents, Shlomi and Orly Alexander. After Deborah and I married in 1974, I became part of that friendship as well. Our close relationship continued throughout the decades. Despite the geographic distance between Israel and the United States, we generally saw one another several times each year, and at many of those gatherings some or all of the children were present. I therefore came to know Oren, Tal, and Alon not only as adults, but in the context of the warm and devoted family in which they were raised. Shlomi and Orly always placed their sons at the center of their lives.

Over the years, I watched the brothers grow into personable and highly sought-after young men. As their parents prospered, and later as Oren, Alon, and Tal achieved substantial financial success of their own, they adopted a very social and indulgent lifestyle that Deborah and I did not personally favor. At the same time, their extraordinary professional success at such young ages plainly reflected unusual talent, energy, and hard work. When they formed lasting relationships with the women who became their wives, I saw an important change: that earlier lifestyle gave way to a greater focus on home and family. In that respect, they followed the example they had grown up with and became devoted family men.

EXHIBIT
4
U.S. v. Alexander, 24 Cr. 676 (VEC)

Throughout the many years in which I observed them with their parents and other relatives, I was consistently struck by the pleasant and respectful way in which they conducted themselves. I never witnessed aggression, insolence, or disrespect toward their parents or other members of the family. My own dealings with Oren and Tal also demonstrated qualities of professionalism and integrity. In 2011, Deborah and I purchased an apartment in New York and retained Oren and Tal as our real estate agents. They handled the transaction with seriousness, professionalism, and fairness, and we were very satisfied with the service they provided.

The clearest personal example of their kindness came during a painful period in my life. In 2018, Deborah was diagnosed with cancer and underwent surgery in New York. She died six months later. During that difficult time, the brothers offered me support, encouragement, and genuine goodwill. I remember and remain grateful for the concern they showed when my family and I were facing illness, uncertainty, and loss.

I understand that Oren, Tal, and Alon have been convicted of serious crimes. I do not seek to minimize the seriousness of those offenses, question the verdict, or excuse the conduct for which they have been held responsible. I can speak only from my own long experience of them: as sons within a close family, as hardworking professionals, and as people who treated my wife and me with respect and compassion. The convictions do not erase the good qualities and humane conduct that I personally witnessed over many years.

I respectfully ask the Court to consider this fuller picture of Oren, Tal, and Alon, together with all the other circumstances before it, and to impose the lowest sentence the Court determines to be appropriate. Thank you for considering my perspective.

Respectfully submitted,

Avraham (Avi) Berger
Israel

*The Honorable Valerie E.Caproni*

*United States District Judge*

*Southern District of New York*

*500 Pearl Street, Courtroom 20C*

*New Youk, NY 10007*

*Re: United States v. Alexander, et al,24 Cr.676 (VEC)*

*Dear Judge Caproni*

*My name is Orly Rahav. I have been a friend of the Alexander family for many years*

*And Orly, the mother, is a bosom friend.*

*I am writing this letter as an educator holding academic degrees in Education and Psychology, who has dedicated both her professional and personal life to working with and providing emotional support for young adults. Over the years, I have gained experience in understanding developmental, learning, rehabilitation, and personal growth processes in this age group.*

*I can testify that the most important things for Orly are family, religious, and ethical values. Fridays' evening meals, within a loving and close family, are the most important thing for Orly and Shlomi. The relationship within the family and the ethical values are the example the whole family follows.*

*We attended the Bar Mitzva celebrations of their Alon & Oren and I could see even then, how considerate and supportive the children were of their parents and any adult guest in the home. They were very grateful to their parents and held them in the highest esteem.*

*I remember an occasion, on an ATV tour when Alon, Oren and Tal, who were sixteen at the time, and my husband joined them, helped one of the boys in the group, that got stuck in the sand dunes with his ATV, and the brothers immediately stepped up to help him, . They showed great sensitivity and maturity until they managed to pull him out. This incident left a deep impression on us, especially because no one else stopped to offer help or support."*

EXHIBIT
5
U.S. v. Alexander, 24 Cr. 676 (VEC)

*Orly's and Shlomi's children grew up within a loving and supporting environment. They followed naturally into academic study and then business, where they worked studiously and tirelessly.*

*When I think of Orly and Shlomi, I think of a close knit family. As a close friend of the family for so many years, I have been in the position to appreciate their way of life and the love and warmth within the family unit. Orly and Shlomi managed to raise a close knitted, loving, decent, and moral family who can inspire us al.l*

*As someone with a background in education and psychology, I would like to attest to the fact that at this stage in their life, and their age Alon, Oren, and Tal have the highst potential for rehabilitation, learning from mistakes, and personal growth. A minimal sentence would provide necessary punishment and deterrence on one hand, while on the other, leaving a horizon for rehabilitation and the hope for them to return to being productive citizens in society.*

*I write these words from the depths of my heart, trusting that my firm belief will touch yours.*

*With deep respect and gratitude,*

*Orly Rahav*

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni,

We are writing this letter jointly to respectfully share our personal knowledge of Tal, Oren, and Alon Alexander, and to offer our perspective on their character, background, and the deeply rooted values with which they were raised.

My name is Yoram Yunger, and for the past 45 years, I have worked as a driving instructor in Israel. In my profession, I work daily with young adults during a crucial transition phase in their lives. This decades-long experience has given me a deep understanding of young people, their personal growth, their capacity to learn from mistakes, and the vital importance of guidance, responsibility, and second chances. My wife, Zila Yunger, recently retired after 25 years as a successful independent businesswoman. Together, we reside in Rishon LeZion, Israel, and have always strived to build a home centered on community involvement, hard work, and mutual responsibility.

Our relationship with the Alexander family spans nearly 60 years. Yoram and the brothers' father, Shlomi, have been close friends since high school in Israel. When Shlomi and his wife, Orly, moved to the United States in their twenties, our bond never faltered. For decades, despite the geographic distance, our families remained exceptionally close. Every single year, Shlomi, Orly, and their family would return to Israel for summer vacations, staying in our neighborhood right next to us. Over the years, we shared countless family vacations together, traveling throughout Israel as well

EXHIBIT
6
U.S. v. Alexander, 24 Cr. 676 (VEC)

as taking joint trips across various parts of the United States.

Because of this lifelong proximity, we had the privilege of watching their children—including Tal, and the twins Oren and Alon—grow up from early childhood into young adults. Throughout their upbringing, we observed firsthand the strong moral foundation instilled in them by their parents. They were raised in a home that prioritized respect for elders, deep family devotion, and community generosity.

We saw this dedication most profoundly during personal hardships. Fifteen years ago, when their mother Orly fell ill with cancer, the brothers demonstrated boundless devotion despite being young men in their mid-twenties. Following her grueling chemotherapy treatments, they rarely left her bedside, providing endless physical and emotional care.

Furthermore, their devotion to their extended family has always been exemplary. When their grandmother lost her husband, the brothers immediately flew from the United States to Israel to sit Shiva and comfort her. Whenever they visited Israel, they made it a priority to visit their grandmother at her senior living home, spending quality time with her with patience, warmth, and deep respect.

We are also aware of the quiet generosity they demonstrated as adults, including their support for emergency and rescue organizations in Israel and their willingness to help people in distress without seeking recognition.

Today, Tal, Oren, and Alon are fathers themselves to very young children and infants. Knowing how deeply family-oriented they were raised to be, we know how devastating this situation is for their young families who rely on them for support, love, and guidance.

We do not presume to minimize the severity of the convictions, nor do we seek to question the findings of the Court or the legal process. We fully recognize the gravity of the circumstances currently before Your Honor. However, as people who have known

Tal, Oren, and Alon their entire lives, we respectfully ask the Court to look at the complete picture of who they are as human beings—their lifelong core values, their devotion to their families, and their potential to rehabilitate and contribute positively to society upon fulfilling their debt.

We humbly and respectfully ask Your Honor to show compassion and mercy, and to consider imposing the lowest appropriate sentence permitted by law, so that these young men may have the opportunity to learn from this painful chapter, return to their infant children, and rebuild their lives as responsible, contributing members of society.

Thank you, Your Honor, for your time, consideration, and thoughtful review of our letter.

Respectfully submitted,

Zila & Yoram Yunger

Dear Judge Caproni,

My name is Sara Edelbaum ,I live in Rishon LeZion, Israel. I am a mother of two daughters and a grandmother of five grandchildren.

I hold a BA in Health Systems Management and worked for 40 years at a medical center in central Israel.

I have known Alon, Oren and Tal since they were three years old.

Over the years, they came to Israel many times, mainly to visit and spend time with their grandmother, to whom they were and still are deeply attached. Their grandmother is the heart of their life in Israel.

All three were mischievous children, like most children their age, and were very much loved. Over the years, they made many friends, both young men and women, in Israel.

They are especially loved and known for their kindness and generosity. They are handsome young men with an irresistible joy for life, and they have always been very popular and admired.

Many times, I witnessed fathers approaching their father, Shlomi, asking to introduce their daughters to one of the boys. Shlomi would always answer that he did not interfere in their choices. But there were many such offers!

Whenever they came to Israel, not always together, I loved inviting them for Friday dinner. They were always open and warm in conversation, sharing and updating us about their plans in Israel, and of course, never giving up precious time with their grandmother, who means so much to them.

All three have a wonderful ability to speak with everyone — young and old — as equals. They have always treated every person with respect, regardless of who they were. To me, this is one of their greatest qualities.

Alon, Oren and Tal worked hard to achieve everything they have achieved. All three love people very much, and they love helping others. They are known for their sensitivity. When someone is in distress, they will go to great lengths to help. Many people who have received their help can testify to that.

It is also very much to their credit that they have generously donated to major organizations, including the army and rescue units, always giving with a truly generous heart.

Because Alon, Oren and Tal have always been people who do good.

EXHIBIT
7
U.S. v. Alexander, 24 Cr. 676 (VEC)

They have always been surrounded, as I mentioned, by many young people. They loved going out, spending time with friends and enjoying life, because their joy and love of life are an inseparable part of who they are.

And yet, despite their busy social lives, their grandmother's home was always their quiet and peaceful place. They loved making their family happy and wanted nothing more than for their family to be proud of them.

Because all three grew up in a home where family is the highest value.

I was always amazed, as were many of us, by how they managed to do everything. They never gave up on giving attention to each and every person around them.

Personally, I learned from them above all what it means to give without expecting anything in return. I learned from them how beautiful it is to treat every person with dignity and respect.

It is very important for me to mention that when their mother was diagnosed with cancer, all three of them stayed very close to her. They cared for her with endless love, devotion and loyalty. Thankfully, she recovered, and life continued.

But with a slight change.

Life could no longer be taken for granted.

Then came a wonderful period filled with love, happiness and family.

Alon married the woman he loved, and they have two daughters. From that moment on, his life was devoted to his family, and his family became his life.

Later, Oren married the love of his life, Camila. The life they had hoped and dreamed of was suddenly cut short. Oren did not even have the chance to be present at the birth of his son. His son never had the chance to know his father.

Tal married the woman he chose to share his life with, whom, I admit, I did not know personally. He was able to experience the most meaningful moment of his life — the birth of his son.

And then, that was it.

In the middle of the night, the three of them were "abducted" from their homes.

The heartbreak and grief are unbearable.

Having known Alon, Oren and Tal for so many years, I believe in them.

I believe in their strength, in their love of life, in the goodness within them, and in the family that means so much to them.

And every single day, I pray that all three of them will return to their families, return home, and be able to rebuild their lives.

I believe that there will be better days ahead

**Best regards,**

**Sara Edelbaum**

Dear Judge Caproni,

I am LEE VOLPPER 72 old, from ISRAEL, I worked in education I was a teacher and served as an Elementary school principal for 19 years .

I have known TAL , ALON and OREN, since they were born.

I remember the days when I sat with their grandmother and with them whenever they came to visit.

The way they treated their grandmother and the love they showed her always stood out.

They behaved politely and respectfully toward all their parent's friends.

When we visited them in MIAMI along with my youngest daughter, who was the same age as them, they were in their teens and they did everything they could to make us and our daughter happy and to spend the time with us.

As they grew up and achieved business success, they continued to treat us and all their parents' friends, with care and love .

They were always polite to every one .

We had the opportunity to meet them with their girlfriends and their respectful attitude towards the women always stood out.

Even after they met their wives we spend time with them and witnessed loving , respectful relationship.

Their generosity, kindness, and care for others always stood out, at every age.

As children, teenagers, and adults, they were always surrounded by loving friends. They did only good for everyone.

My family and I , have a good pleasant memories with TAL ,ALON and OREN.

with great respect

LEE VOLPPER

EXHIBIT
8
U.S. v. Alexander, 24 Cr. 676 (VEC)

Dear Honorable Judge Caproni

My name is Rina Laviv and I am 91 years old. I am writing to you with a heart that is very heavy, but also filled with love and hope.

I am the grandmother of Tal, Alon and Oren Alexander. I have loved these boys since the moment they were born. They are not simply my grandchildren. They are a part of my heart, a part of my life, and a part of who I am.

For many years, I have been devoted to them. I watched them grow from little boys into young men. I celebrated their birthdays, worried about them when they were sick, prayed for them when they faced difficulties, and was there for them through the many moments of their lives. They have always held a very special place in my heart, and I know how much they love me as well.

At my age, I have lived through many things. I have seen happiness and sadness, beginnings and endings, and I have learned that there is nothing more precious than family. At 91 years old, every day with the people I love is a gift.

That is why I am asking you, with all the humility in my heart, to please show mercy to my three grandsons.

I understand that you have a very difficult responsibility. I understand that you must consider many things before you make your decision. I am not writing to tell you what your decision should be. I am only asking you to look into your heart and consider whether there is a way to give these young men a sentence that allows them to return to their families as soon as justice and the law will permit.

Please consider that they are loved deeply by their family. Please consider the years of their lives that will be taken away from them and from all of us who love them.

I am an old woman, and I do not know how many more years I have. The thought of losing so many precious years with my grandsons is almost more than I can bear. I want to see them again. I want to sit with them, hear their voices, hold their hands, and know that they are home with their families.

I pray that someday I will have the chance to see all three of them free again.

Your Honor, I am not asking for special treatment. I am asking for compassion. I am asking you to remember that behind every sentence is a human being, and behind every person is a family that loves them.

EXHIBIT
9
U.S. v. Alexander, 24 Cr. 676 (VEC)

My grandsons mean the world to me. At 91, I have very little to ask for in this life. My greatest wish now is simply to have more time with the boys I have loved and cared for all these years.

Please, Your Honor, if you have the discretion to do so, I beg you to give my grandsons the least amount of time possible and allow them the opportunity to come home to their families and rebuild their lives.

I will continue to pray for them every day. And I will pray for you as well—that you will have wisdom, strength, and compassion as you make this incredibly difficult decision.

Thank you for taking the time to read the words of an old grandmother who is asking for mercy for the three young men she loves more than words can express.

With deepest respect and heartfelt hope,

Rina Laviv
Age 91

*The Honorable Valerie E. Caproni*
United States District Judge
Southern District of New York

*Re: United States v. Alon Alexander, Oren Alexander & Tal Alexander*

Dear Judge Caproni,

My name is Dotan Frenkel, and I have known the Alexander family for most of my life. My father and Shlomy are very close, and I grew up knowing Shlomy, Orly, and their children.

When I think about Oren, Tal, and Alon, I cannot separate them from the home they came from and the values they were raised with.

Shlomy and Orly are people I have always known to care deeply about family, respect, hard work, and helping others. They raised their children with those same values. They taught them that success means very little if you cannot also be there for the people around you, and that when you are in a position to help someone, you should.

My father always taught me that if you have the ability to help someone who needs it, you do it. You do not do it for recognition or because you expect something back. You do it because there is value in doing good for another person. I know Shlomy and Orly raised their children with those same values.

That is also the Oren, Tal, and Alon I know.

I know them as people who love their family deeply, who are generous with the people around them, who know how to give, and who have done good for others throughout their lives. I know them as sons who came from a home where family meant everything, and where loyalty, hard work, respect, and generosity were part of everyday life.

I understand that the Court has heard things that I have not, and I do not pretend to speak about matters I did not witness. I only ask that, when the Court looks at Oren, Tal, and Alon, it also sees the people behind their names.

Please also see the sons Shlomy and Orly raised. See the brothers, fathers, family members, and friends. See the years of relationships, the people they have helped, the good they have done, and the people who still love them deeply.

Thank you for taking the time to read my words.

Respectfully,

Dotan Frenkel

EXHIBIT
10
U.S. v. Alexander, 24 Cr. 676 (VEC)

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni:

I am writing this letter on behalf of Oren, Tal, and Alon Alexander, whom I have known personally for approximately ten years.

I originally met the brothers through a business relationship, but over the years our relationship developed well beyond business. I became quite close with them and their family and had the opportunity to know them in many different aspects of their lives.

When my family and I moved to Miami, we were new to the city and did not yet have a strong community around us. Oren, Tal, and Alon went out of their way to make us feel welcome. They introduced us to people, included us socially, and regularly invited my family to join them and their family for Jewish holidays. Those invitations meant a great deal to us, particularly at a time when we were establishing a new life in a new city. Their efforts helped make Miami feel much more like home.

This was not something I viewed as an isolated gesture. During the ten years I knew them, I consistently saw a willingness among all three brothers to help the people around them. Whether it involved making a business introduction, providing a referral, bringing people together socially, or simply making an effort to include someone, they were generous with their time and relationships. Going out of their way to help others was something I came to see as a normal part of who they were. They also shared a genuine desire to make a positive difference in their community and to contribute to the lives of the people around them.

I also knew all three brothers to be extremely hardworking and deeply family-oriented. Family was an important part of their lives and something they took great pride in. Over the years, I watched each of them enter serious relationships and speak with pride and excitement about getting married, having children, and building families of their own.

I was fortunate enough to attend the weddings of all three brothers. Each wedding left a lasting impression on me because of the tremendous amount of love that surrounded them. They were heartfelt celebrations filled with close friends and family who clearly cared deeply about them. Seeing so many people come together to celebrate these important moments in their lives reinforced for me just how significant their family relationships and longstanding friendships were to them. Many of those same friends and family members continue to stand by and support them today.

I understand the seriousness of the circumstances that bring them before the Court, and I do not write this letter to minimize those circumstances or to offer an opinion on the Court's

EXHIBIT
11
U.S. v. Alexander, 24 Cr. 676 (VEC)

findings. I can only speak honestly about the three men I personally came to know over the course of a decade and the experiences that my family and I had with them.

The Oren, Tal, and Alon that I knew were generous, hardworking and family-oriented men who repeatedly showed kindness to my family and me and who were willing to help others without expecting something in return. Despite their convictions, those experiences remain meaningful to me and are an important part of how I know them.

I respectfully ask that the Court consider these aspects of their character, their relationships with their family, friends and community, and the positive impact I personally witnessed when determining an appropriate sentence. I respectfully ask the Court to extend whatever leniency it believes is appropriate under the circumstances.

Thank you for taking the time to consider my perspective.

Respectfully,

**Daniel Hakakian**

Dear Honorable Judge,

I am writing to you as a dear friend of the Alexander family and as someone who has had the privilege of spending a great deal of time with the three brothers over the years.

As a musician, I have had many opportunities to be around them socially, at gatherings and celebrations, and I even spent time with them in the Hamptons one summer. I have seen them in many different settings, surrounded by friends and by women, and I can honestly say that in all the time I spent with them, I never witnessed disrespect or abuse toward any woman.

Quite the opposite.

What I witnessed was an atmosphere of friendship, laughter, kindness, and good spirits. The women who came to their gatherings seemed genuinely happy to be there. They enjoyed their company, their parties, and the warm atmosphere around them. I never witnessed the kind of behavior that would make me think these were men who treated women with cruelty or disrespect.

I also saw another side of these young men that I believe is important for the Court to know. They were always courteous and polite to me and to others. Whenever someone needed help, they were the kind of people who would step forward and help. They were generous with their time and their friendship, and they created an environment where people felt welcome.

I spent enough time with them to know that what I experienced was not a single evening or a brief encounter. I saw them repeatedly, over time, and my memories of them are filled with good conversations, laughter, music, friendship, and what I can only describe as good vibes. I performed at the brothers parties and weddings, and I've spent time with their wives and kids, and have seen first hand the kind of father's they've become.

Another thing that stood out to me, is that although their parents had success, the 3 of them worked hard day and night to have success on their own. They always made sure that the people around them shared in their success by hosting friends and family in a very large and warm way. I have also been to philanthropy events that the brothers organized, and seen how they give back to their community.

I understand that the Court has a very serious responsibility, and I would never presume to tell the Court what decision to make. I am simply asking you to consider the people I personally came to know and the experiences I personally witnessed.

Please have mercy on these three young men and consider leniency when deciding their sentences. I sincerely hope that the Court will allow room for compassion and will take into

EXHIBIT
12
U.S. v. Alexander, 24 Cr. 676 (VEC)

consideration the many years of kindness, generosity, family relationships, friendships, and positive interactions that I personally witnessed, as well as how much good they can do for their family, community, and others if they get a chance to show the people that matter most of them what they are capable of.

They have meant a great deal to me, and I would be grateful if my personal experience with them could be one small piece of the picture the Court considers before making such an important decision.

With the utmost respect,

Tamir Harpaz

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)**

Dear Judge Caproni,

My name is Chava Zweig and I work as a therapist. I have known Oren, Tal and Alon Alexander for thirty years. Our families became close in Israel, and for three decades these boys have been part of my life.

I want to tell you something simple that says more about them than any big words. There was a period when I was by myself, and every weekend — every weekend — the boys invited me to dinner. They didn't have to. Nobody asked them to. They saw a woman alone and they made sure she had a place at the table, week after week. I will never forget that.

That was who they were, always. Whatever pressure they were under — the stress, the work, everything happening in their lives — family came first, and they treated me as family. They cared about the people around them and noticed the ones who needed noticing.

I know what they have been convicted of, and I do not write to excuse it. I write because thirty years do not disappear, and because the kindness they showed me was real — I lived it, every weekend, at their table.

As a mother, I ask you gently to remember that they are also sons and brothers who have done much good, and I plead with the Court for the lowest appropriate sentence. Thank you for reading my words.

With respect,

Chava Zweig

EXHIBIT
13
U.S. v. Alexander, 24 Cr. 676 (VEC)

Dear Judge Caproni:

I am writing with great humility and a heavy heart regarding Tal, Oren, and Alon Alexander.

I have known the three brothers since childhood. They an are the sons of one of my dearest friends, Orly , and we were neighbors for many years.

Over the years, I have watched them grow from children into successful men, fathers, friends, and members of their community.

I deeply respect the responsibility before the Court. I am not writing to challenge the verdict, argue the facts, or diminish the seriousness of these matters. I respectfully ask only that, in determining their sentences, Your Honor consider the full lives of these men and leave room for mercy and redemption.

Their family placed great importance on faith-based traditions and holidays. Their parents worked hard to preserve those traditions and keep the family together, and the brothers made every effort to return home to celebrate together , year after year .

To me, this reflected a lasting commitment to family, belonging, and one another.

As adults, they also demonstrated generosity by opening their homes to nonprofit fundraisers and contributing time and resources to causes that mattered to them. These are qualities I personally witnessed.

All three brothers are fathers of young children who love them, depend on them, and look to them for guidance and security. I respectfully ask the Court to consider the profound impact any sentence will have on these children, who are still growing and forming their understanding of the world and of their fathers.

I would also like to speak specifically about Alon, whose character I witnessed through his involvement in his neighborhood association. He became an informal leader whom his neighbors trusted. He coordinated landscaping, organized meetings, addressed community concerns, assisted with storm cleanup, and even tackled the distinctly South Florida problem of an iguana infestation. Neighbors relied on his judgment to manage funds, coordinate services, and act on behalf of the community.

Alon also volunteered on a City of Miami Beach advisory committee focused on parks and recreation. He contributed to discussions about recreational activities, sports programs, and public parks, offering community perspective and practical suggestions to benefit residents. He gave his time simply because he wanted to contribute and be useful.

I find it extraordinarily difficult to reconcile the man I have known for so many years with the circumstances before the Court. Yet I understand that my personal experiences do not

EXHIBIT
14
U.S. v. Alexander, 24 Cr. 676 (VEC)

erase the seriousness of the Court's responsibilities. They do remind me that a human life is rarely defined by one chapter.

I think of a quotation attributed to Bryan Stevenson: "The power of just mercy is that it belongs to the undeserving." I am not asking Your Honor to ignore justice, but to consider whether justice can coexist with mercy.

These brothers have parents who love them, children who need them, and a family and community prepared to support them. I hope they will have the opportunity to reflect, take responsibility, change, and become better human beings.

I respectfully ask that, in determining their sentences, Your Honor consider not only the seriousness of the present circumstances, but also the possibility that these men may still lead meaningful lives and contribute to their families and communities.

I do not presume to tell the Court what sentence is appropriate. I ask only that my voice be heard as that of someone who has known these brothers for most of their lives and witnessed their capacity for love, loyalty, generosity, responsibility, and connection to others.

With the greatest respect for the Court and the difficult responsibility before you, I humbly ask Your Honor to show mercy in sentencing Tal, Oren, and Alon Alexander and to leave open the possibility of redemption and a second chance at life.

Thank you for taking the time to read my letter and consider my words.

With deepest respect,

Patricia Lustgarten Cohen

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)**

Dear Judge Caproni,

I have known Oren, Tal and Alon Alexander my whole life. Before I tell you anything else about myself, I want you to know that, because it is the reason I am writing.

My name is Dolev Frenkel. I am an engineer. Our families' friendship started in Israel before I was born, and the Alexander brothers were part of my childhood the way cousins are — always there, at every occasion, year after year.

One memory stands out for me. About three years ago, I was with Oren at a charity event he hosted, and I watched him raise a significant amount of money for people in need. Seeing him stand there — organizing it, giving his time and his name to help others — taught me a lot. For me, in that moment and in many others, he was a role model of what it means to use what you have to lift other people up.

There is one more thing I saw with my own eyes over the years: their giving. They supported Friends of the Israel Defense Forces (FIDF) and other causes connected to Israel and the Jewish community, and they did it quietly, without making noise about it. I witnessed this personally.

I know about their conviction and I do not take it lightly. But the people I have known my entire life are more than this case, and the good I saw in them over all these years was real. I felt I had to tell the Court that too.

I respectfully ask the Court to impose the lowest appropriate sentence. Thank you for reading my letter.

Respectfully,

Dolev Frenkel

EXHIBIT
15
U.S. v. Alexander, 24 Cr. 676 (VEC)

The Honorable Judge Valerie E. Caproni
United States District
Southern District of New York
500 Pearl Street, Courthouse 20C
New York, NY 10007

August 30, 2026

Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)

Dear Honorable Judge Caproni,

I am writing this letter as a longtime friend of the Alexander family. Over the years, I have come to know Alon, Oren, and Tal Alexander through family celebrations, special events, holiday gatherings, and other occasions shared with their parents and extended family.

In those settings, I have known them to be close with their family and respectful toward others. I have also had the opportunity to know their wives and children, which has given me a meaningful perspective on the importance they place on family relationships, parenting, and maintaining close connections with the people around them.

The Alexanders have also been involved in their community through charitable fundraising and volunteer work. I have been aware of their support for organizations such as Gift of Life and Lotus House, among other philanthropic efforts. Their willingness to contribute time, resources, and attention to causes serving people in need reflects a commitment to giving back and participating constructively in their community.

From my experience, Alon, Oren, and Tal have been present at family and community gatherings in a manner that reflects strong family values and an appreciation for the importance of helping others. I have seen the positive relationships they maintain with their parents, grandparents, spouses, children, friends, and members of the wider community.

This letter is based solely on my personal experiences and observations of them through the years. I offer it in support of their character and their longstanding connections to family, friends, and charitable community causes.

Please feel free to contact me should additional information be helpful.

Sincerely,

Ruth Krongrad
[redacted]
North Miami, FL [redacted]
[redacted]

EXHIBIT
16
U.S. v. Alexander, 24 Cr. 676 (VEC)

August 24, 2026

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni:

I am writing in support of my cousins, Tal, Oren, and Alon Alexander, whom I have known for their entire lives. I have watched them grow from children into adults. Because they are family, I have known them not just at important milestones, but through the ordinary, private moments of family life that are rarely visible to people outside it.

By way of introduction, I am a retired communications executive, and I attended several days of the trial. I understand the seriousness of the circumstances that bring Tal, Oren, and Alon before the Court. I do not write to minimize their convictions or to question the jury's verdict. I write simply to offer the Court the perspective of someone who has known and loved them for virtually their entire lives.

When I think of Tal, Oren, and Alon, I think of the many years our families have shared—birthdays, holidays, trips, difficult times, and all of the ordinary experiences that make up a lifetime of knowing someone.

When they were young, I worked at MTV and Nickelodeon, and they loved coming to events connected with my work. I still remember their excitement and enthusiasm. Those are happy memories for me, and it is difficult to reconcile those boys I watched grow up with the circumstances in which our family now finds itself.

As adults, I have experienced their concern for the people around them. My husband has been ill over the last several years, and they have consistently asked about him and shown genuine interest in how he is doing and the care he is receiving. These may seem like small gestures, but over a long and difficult period, I have appreciated that they remembered and continued to ask.

I also had an opportunity to see another side of Alon when I was working on a local mayoral campaign in the community where he and Oren lived. Alon graciously opened his home for an event so that his neighbors could meet the candidate. What struck me most was what I learned from his neighbors that evening. I had not realized how involved Alon had become in his community, including helping organize efforts focused on crime prevention and neighborhood safety. I remember being both surprised and proud to discover a part of his life that he had never felt the need to tell me about himself.

EXHIBIT
17
U.S. v. Alexander, 24 Cr. 676 (VEC)

I have also seen a willingness among the brothers to respond when people around them were hurting. Following the October 7 attacks, they were among those in South Florida who organized an early gathering to raise funds and bring people together at a time when many in the community were frightened and grieving. To me, it was another example of something I had seen in different ways over the years: when they believed people needed help, their instinct could be to become involved rather than remain on the sidelines.

I recognize that none of these experiences changes the verdict or the serious responsibility now before the Court. I can speak only to the Tal, Oren, and Alon I have personally known over many decades.

That is why I felt it was important to write. The convictions are now part of their lives, but they are not the entirety of their lives. They are also sons, brothers, husbands, fathers, cousins and friends, and I have personally witnessed their capacity for kindness, concern for family, generosity and involvement in the lives of others.

As someone who has known them since they were babies, it is profoundly painful to contemplate the years ahead for them and for everyone whose lives are connected to theirs. I understand that there must be consequences and that it is the Court's responsibility to determine what those consequences should be. I respectfully ask only that, in making that difficult decision, Your Honor consider the whole of their lives and leave room for the possibility that they can reflect, change, grow, and ultimately do something meaningful with the years that remain to them.

I know them as more than defendants in a criminal case. I know them as members of my family whom I have watched grow up and whom I continue to love despite the circumstances that bring them before you. I hope that perspective is of some value to the Court.

Thank you for taking the time to read my letter and for considering my perspective.

Respectfully,

Linda Alexander
Miami, Florida

**Linda Alexander**

[redacted]

Miami | Fl | [redacted]

[redacted]

[LinkedIn]

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)**

Dear Judge Caproni,

I met Oren through my work at a nonprofit organization dedicated to raising funds for the welfare and well-being of Israeli soldiers.

Oren served as Co-Chair of the 2017, 2019 and 2023 International Galas. In his role he demonstrated his commitment and dedication to the organization and to the soldiers we supported.

Through his efforts and personal involvement we were able to raise significant donations that supported our programs.

Oren was instrumental in bringing people together around this important cause and in creating meaningful support for our mission.

Sincerely

Dina Ben Ari
FIDF, Major Gift Officer (retired)

EXHIBIT
18
U.S. v. Alexander, 24 Cr. 676 (VEC)

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)

Dear Judge Caproni,

My name is Donna Neuman Wolf, and I am a 27-year-old physician assistant, wife, and mother to a young child. I am writing to share my personal experience with Oren, Tal, and Alon Alexander, who are my first cousins. Their mother, Orly Alexander, is my father's sister, and the Alexanders have been an important part of my life for as long as I can remember.

Oren, Tal, and Alon have not simply been my cousins; they have been some of my closest family and lifelong companions. We grew up together, sharing our childhoods, family celebrations, holidays, and countless memories. Because of how close our families have always been, I have had the opportunity to know them not just as adults, but as the people they were growing up.

They have always made me feel welcome, included, and supported. They have opened their homes to me and made me feel like part of their families. They have consistently been caring, thoughtful, and generous with their time and attention. I have carried that sense of closeness with me as I have grown older and started a family of my own.

I have also watched them grow into intelligent, dedicated, and hardworking adults. They have each pursued their responsibilities with focus and determination, and I have seen the effort they put into their families, careers, and personal commitments. They are capable, motivated, and thoughtful people who care deeply about those around them. Their intelligence and work ethic have always been evident to me, but so have their compassion, loyalty, and willingness to support the people they love.

Now, as a 27-year-old wife and mother, I have a different appreciation for what family means. I understand how precious it is to have the people you love present for the important moments in your life, especially the moments involving your children. Oren, Tal, and Alon are themselves beginning to build and grow beautiful families. I have seen their love for their families, and it is difficult for me to imagine their children growing up without the opportunity to have their fathers present for the ordinary moments and milestones that make up a childhood.

I have also grown up watching their parents give back to the people around them. Their generosity has never been limited to financial contributions. I have seen them give their time, their attention, their homes, and their support to others and to their communities. That example of caring for other people has been a part of our family for as long as I can remember, and it is

EXHIBIT
19
U.S. v. Alexander, 24 Cr. 676 (VEC)

one of the qualities that has shaped how I view the Alexander family. Oren, Tal, and Alon have inherited and reflected that same sense of responsibility, compassion, and concern for others.

I recognize that the Court is considering serious matters, and I do not intend to minimize the seriousness of the convictions or speak to matters that are properly before the Court. I can only speak honestly about the people I have known my entire life. The Oren, Tal, and Alon I know are my cousins who have been there for me, welcomed me and my family into their homes, and shared in many of the most important parts of my life. They are intelligent, caring, dedicated, hardworking, and deeply connected to their families.

What I hope Your Honor will consider is that a person can be more than the worst circumstances of his life. Oren, Tal, and Alon are sons, brothers, husbands, fathers, and cousins. They have families who love them and children who are just beginning their lives. They have also been an important part of my life for more than two decades. I believe they have the character, intelligence, determination, and capacity to learn from this experience and rebuild their lives in a positive and meaningful way.

I respectfully ask Your Honor to consider the people I have known them to be, their lifelong relationships with their families, the love and support their children need from them, and their capacity to rebuild their lives. I hope the Court will consider the lowest appropriate sentence and give them an opportunity, in time, to be present for their families and to work toward rebuilding their lives.

Thank you for taking the time to consider my perspective and for allowing me to share what Oren, Tal, and Alon have meant to me and to our family.

Respectfully submitted,

Donna Neuman Wolf

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Dear Your Honor,

My name is Irit Naymark. I am writing to you today because I have known the Alexander family for many years, watching their four children Niv, Tal, Oren, and Alon grow up. While Niv was already older when I first met the family, I watched Tal, Oren, and Alon grow from toddlers into adults.

I first met Orly at an after-school gym when our kids were very young, and we quickly became good friends.

Over the years, I watched the boys grow, and I remember Tal as a great talented tennis player.

I also met Shlomi's parents and got to meet Orly's mom during her visit. I saw her spending time with the boys, giving them quality grandma attention, and I could feel the warmth and love between them.

I stayed close with Orly through the years, and I knew that after Tal, Oren, and Alon graduated from college, they pursued their own interests and became very successful.

Over time, I also had the chance to meet Alon's wife Shani, Oren's wife Camila, and briefly, Tal's wife Ariel.

Orly is a lifelong friend, loving grandmother, humble and family-oriented.
She has always welcomed family and friends into her home with warmth, and she opened her door to support charities and help the needy.

It always seemed like Tal, Oren, and Alon are very close to their parents and family.

When I saw them, they were kind, polite, and very respectful towards me.

Even though after they moved from home I didn't see them much, I knew they kept close with their family by spending Friday Shabbat dinners together, celebrating all

EXHIBIT
20
U.S. v. Alexander, 24 Cr. 676 (VEC)

holidays, and going on vacations together.

It was also nice how they arranged a beautiful birthday party at their house when Orly turned 60 and made sure to invite all of Orly's friends.

Despite the criminal convictions, I still have great respect for Oren, Tal, and Alon because of all the many great qualities they have shown over the years.

Respectfully,

Irit Naymark

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Wednesday September 2nd 2026

Subject: Re: *United States v. Alexander, et al*, 24 Cr. 676 (VEC)

Dear Judge Caproni:

I am writing on behalf of Tal Alexander, whom I have known for approximately sixteen years.

I first came to know Tal around 2010 through social and professional circles in New York. At that time, we were acquaintances. There was an age difference between us, and we did not necessarily move within the same immediate group. However, we would see one another regularly at gallery openings, social gatherings and other curated events.

My impression of Tal during those years was consistently positive. He was charismatic, polished, polite and personable. Our interactions were always cordial and respectful, and I came to regard him as a gentleman.

Around 2016 or 2017, our paths crossed professionally when I worked on some of Tal's projects. This allowed me to know Tal on a very different level. I was no longer simply seeing him socially. I entered his working circle and saw firsthand how he operated when other people were relying upon him.

I found Tal to be sharp, dedicated, diligent, trustworthy and honest in my dealings with him. He was extremely detail-oriented and worked at a very fast pace. His life seemed to operate according to a schedule. He started his days early, exercised regularly and worked extraordinarily hard, while making himself available and accessible to the people around him. There was an order and discipline to the way he approached both his work and his life.

One quality stood out in particular: Tal had a remarkable ability to bring people together.

I experienced this personally. Tal brought me into some of his meetings and connected me directly with people when he believed doing so would help move a project forward. He did not create unnecessary barriers or try to control every relationship. He made the introduction, trusted the people involved and focused on achieving the goal.

He did the same for others. I watched him recommend people, refer people to one another and create opportunities for those around him. Importantly, he did not simply make an introduction and disappear. He remained involved in the process and cared about the result because he always wanted to ensure the best outcome.

That was what I came to think of as one of Tal's particular talents. He could see how different people might fit together and create a connection that felt almost seamless. There was an energy about him that attracted people and brought them together. In some ways, I thought of him as an architect: he could quickly see how the different pieces fit together, assemble the right people and get them working toward the same objective.

EXHIBIT
21
U.S. v. Alexander, 24 Cr. 676 (VEC)

Naturally, Tal was also demanding. He expected things to be done properly, efficiently and at a very high level. Yet he imposed those expectations on himself as much as on anyone around him. In my experience, he always delivered.

There was also something very curated about the environments Tal created and the people to whom he introduced you. He cared about quality, presentation and details. Whether it involved a client, a project or simply connecting two people, he wanted the experience to be right. The people I encountered who worked with him, worked for him or were his clients consistently reflected that same emphasis on professionalism and service.

Those qualities also transpired in the smaller interactions. Tal was considerate and courteous, treating people with respect and behaving as a gentleman. These may seem like ordinary details, but after knowing someone for many years, I believe the ordinary ways in which a person conducts himself and treats those around him tell you something meaningful about his character.

I understand that Tal now stands before the Court having been convicted of very serious offenses. What I can do is convey truthfully to the Court the Tal Alexander whom I personally knew and experienced over many years.

A conviction is necessarily an enormously consequential part of a person's life, but I respectfully hope that it does not become the only measure of the person before the Court. The Tal I knew was a gentleman, a disciplined and extraordinarily hardworking businessman, a father to his son, and someone with a genuine ability and desire to bring people together and help them succeed.

I respectfully ask Your Honor to consider those qualities and the entirety of the person I have described when determining Tal's sentence, and to extend whatever leniency the Court believes appropriate.

Respectfully,

Laurent Biron

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re: *United States v. Alexander, et al*, 24 Cr. 676 (VEC)

Dear Judge Caproni,

I respectfully submit this letter to the Court regarding the upcoming sentencing of Tal Alexander.

I have known Tal for approximately 10 years, and during that time I have known him as a dear friend and business associate. I realize the seriousness of the circumstances that have brought Tal before the Court, and I do not intend to minimize or excuse the conduct for which he is facing sentencing.

I would, however, like the Court to know about the PERSON I have known beyond the circumstances of this case.

I met Tal back in 2016 as he rented the property I was managing for my friends. Over the years, we became close friends, and I witnessed his character and human qualities on many occasions. He is a very kind, hard-working, and decent person. I will never forget his kindness and integrity when, during the COVID years, I needed financial help, and Tal, without any hesitation, offered his help and assistance.

My experience has shown me that Tal is capable of accepting responsibility, learning from difficult circumstances, and making positive contributions to those around him. I believe that the Court should consider these aspects of Tal's character when determining an appropriate sentence.

I also understand that the Court must consider the seriousness of the offense and the applicable law. I am not asking the Court to disregard those considerations. I am respectfully asking that the Court consider the complete picture of Tal Alexander, including his history, family circumstances, contributions to others, and the person I have known over the years.

I respectfully ask the Court to consider these circumstances at sentencing and to impose a sentence that recognizes both the seriousness of the offense and the individual circumstances of Tal.

Thank you for taking the time to consider my letter.

Respectfully submitted,
Garry Braverman
Garry Braverman
New York, NY
[redacted]

EXHIBIT
22
U.S. v. Alexander, 24 Cr. 676 (VEC)

Dear Honorable Judge,

My name is Michal Dagan , and I am writing this letter because I have known the Oren family and their three sons, Tal, Oren, and Alon, for approximately 12 years.

I am a very close friend of their family, and over all these years I have had the opportunity to know the boys personally and to see the kind of people they are and the relationships they have with their family, friends, and community.

Tal, Oren, and Alon have always shown great love and respect for their parents and for their families. They have been caring sons, husbands, brothers, and friends. I have personally seen how much they value their parents and the people close to them.

Oren , in particular, has always been a very positive influence in the Jewish community and in the Miami community. He has been generous with his time and resources and has always tried to do the right thing and help others. He has a wonderful group of friends who care deeply about him and who have been there to support him and his family.

I also want to share what these three men have meant to me and to my daughter over the past 12 years. They have always treated us with kindness, generosity, and respect. They have been incredibly good to both of us, and I will always be grateful for the friendship and support they have shown us.

I understand that the circumstances before the Court are extremely serious, and I do not write this letter to minimize the seriousness of the situation. I am only asking the Court to consider that these men are also individuals whom I have known for many years, and that I have personally experienced another side of who they are as family members, friends, and members of our community.

I hope that my personal experience and my knowledge of their character can be taken into consideration when the Court makes its decision.

Thank you very much for taking the time to read my letter and to consider my perspective.

Respectfully

Michal Dagan

Miami Florida

EXHIBIT
23
U.S. v. Alexander, 24 Cr. 676 (VEC)

Aug 28, 2026

The Honorable Valerie E. Caproni

United States District Judge

Southern District of New York

500 Pearl Street, Courtroom 20C

New York, NY 10007

Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)

Dear Judge Caproni:

My name is Zalman Duchman. For many years, I have devoted my professional life to the work of Colel Chabad, a charitable organization serving vulnerable people and families in Israel. Through this work, and through my years of service in the Jewish community, I have come to know people from every background and at many different moments in their lives. I write with respect for the Court and with full awareness that Oren Alexander has been convicted of serious offenses.

I have known Oren for many, many years, going back to his childhood, when I served as an associate rabbi at The Shul of Bal Harbor. My knowledge of him is therefore not based on a brief acquaintance or on recent events. I have known him across different stages of his life, and I have personally seen a side of him that I believe is important for the Court to consider as it undertakes the grave responsibility of sentencing.

Over the years, Oren has done many favors for me, both personally and professionally. He also gave his time to Colel Chabad as a volunteer, and was especially helpful in connection with our 2012 dinner. He did not assist us because there was publicity or personal advantage in doing so. He responded because there was a need and because he was in a position to help.

Some of the most meaningful acts of kindness I witnessed were private. They were not announced, photographed, or used to enhance his reputation. In several instances, the circumstances are known only to me and to the people he helped, and I do not believe it would be right to expose their private difficulties in a public letter. I can nevertheless attest, from firsthand knowledge, that Oren extended meaningful help to a significant number of people quietly, without seeking credit and without receiving any personal benefit. Those

EXHIBIT
24
U.S. v. Alexander, 24 Cr. 676 (VEC)

acts revealed generosity, loyalty, and a real instinct to respond when another person was in need.

I do not write to question the verdict, minimize the seriousness of the conduct, or excuse what occurred. I write because a human life cannot be understood only through its worst actions. The facts of this case are part of Oren's life, but they are not the entirety of his life. The good he has done does not erase the wrongdoing for which he was convicted. At the same time, that wrongdoing should not erase every good deed, every person he helped, or every genuine quality he demonstrated over many years.

As a rabbi and as someone who has spent his life caring for others, I believe deeply that justice must always leave room for mercy. Human beings are complicated. We are capable of good and of failure, and each of us hopes that when we are judged, the full measure of our life will be seen. Mercy does not deny accountability. It recognizes the possibility of remorse, growth, rehabilitation, and a future in which a person may still do good.

Oren is still a young man, and his future now hangs in the balance. I humbly ask the Court to consider the entirety of his life, including the private kindnesses and selfless acts that would otherwise remain unseen. I respectfully ask Your Honor to temper judgment with the greatest measure of mercy the law permits and to impose the lowest sentence the Court finds appropriate.

Thank you for considering my perspective and for the care with which the Court approaches this solemn decision.

Respectfully,

Zalman Duchman

**The Honorable Valerie E. Caproni**
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni:

My name is Ron Neuman, and I am writing on behalf of my first cousins, Alon, Tal, and Oren Alexander. I have known them for my entire life. They are approximately eight to ten years older than I am, and growing up, I knew them primarily through our close extended family. As I became an adult, I developed my own relationship with each of them, particularly with Alon, with whom I became very close.

The three of them have different personalities, but there are qualities I have consistently seen in them over the years. They are kind, ambitious, and fiercely independent. They have never been afraid to go against the grain or pursue a path simply because they believed in it. Those are qualities that I have admired in them and, in some ways, learned from myself.

More recently, becoming a parent has caused me to look at people differently. I now appreciate in a way I could not before what it means to be responsible for a child and how much of a parent's life becomes centered around his or her children. Through that lens, I have an even greater appreciation for the fathers my cousins are. I have seen how much they love their children and how important being fathers is to them.

I understand that a jury has convicted my cousins of very serious offenses, and I do not write this letter to challenge that verdict. I write because I have known them for my entire life, and I believe that the people standing before the Court are more than the conduct for which they have been convicted. They are real people whom I have known as sons, brothers, cousins, husbands, and fathers.

I believe deeply that they are capable of learning from what has happened, becoming better men because of it, and ultimately being positive forces in the lives of their children and families. I hope that, in determining the appropriate sentences, the Court will consider not only their convictions, but also their humanity, their capacity for growth, and the people they can still become.

Thank you for considering my perspective.

Respectfully,

**Ron Neuman**

EXHIBIT
25
U.S. v. Alexander, 24 Cr. 676 (VEC)

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

August 20, 2026

Re: *United States v. Alexander, et al, 24 Cr. 676 (VEC)*

Dear Your Honor,

My name is Irina Gegoutchadze, I am an employee at KS Services and have been working for the company for almost 18 years, grew within the company from a position of Accounting Clerk to now being Assistant Controller. My education background is Accounting and Finance and I have MBA degree in this field.

I am writing this letter about Alon Alexander, who I have had the privilege of knowing and working with for all these years. When you work such a long time together with someone, you learn not only about how they present themselves at work, but also what kind of person they are. Over these years, I have learned that Alon is a person of kindness, integrity, loyalty, and genuine heart.

Alon has always been professional, courteous and respectful when communicating with all kinds of people, would it be clients, vendors, fellow coworkers or subordinates. I know that folks who knew him personally would say that they saw nothing but kindness from Alon. Always willing to help when a person is in need or going through difficult times in their lives.

One of the stories that touched my heart is when one of the former employees had to be hospitalized and had no sources of income at the time while also being a single parent, so Alon helped cover their water bill and groceries while they were in the hospital. It may not have been a big amount of money for some people, but to that family in need it was; but it was not even about the money, it was the act of human kindness that was important.

As a teammate, Alon became someone I could truly count on as well. When I would deal with a challenging customer, he would always step in to help with either advice or directly engage in the conversation to resolve the situation. What always stood out and what I appreciated the most was the way he treated people—with patience, respect, and sincerity.

Alon is also a wonderful father. I had the pleasure of meeting his family, seeing how truly happy, affectionate and caring he is with his daughters.

Your honor, I truly hope that all good personal qualities that Alon does have are taken into consideration when making decision about sentencing.

Sincerely,

Irina Gegoutchadze

EXHIBIT
26
U.S. v. Alexander, 24 Cr. 676 (VEC)

August 27, 2026

The Honorable Valerie E Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**<u>Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)</u>**

Dear Judge Caproni,

My name is Vivian Cheung, and I have served as Financial Controller of Kent Security for the past twenty years. I am writing this letter on behalf of Alon Alexander, whom I have known both as a colleague and as someone, I have come to regard as family, in the hope that it will provide the Court with a fuller picture of his character.

I first met Alon in 2007, when he was still a college student. Over the years that followed, I watched him grow from a diligent student into the accomplished professional he is today. I remember how hard he studied for his bar exam, and how genuinely happy I was for him — and how proud everyone who knew him felt — when he passed the bar exam. It was a success he earned through sheer effort, and it was well deserved.

After completing law school, Alon joined Kent Security and we had worked closely together ever since. Although his position in the company was senior to mine, he never once let that distance define our working relationship. Instead, he treated me well with respect as a team. Throughout, he has been unfailingly polite, kind, and generous with his time and support.

What has always stood out to me most is Alon's integrity. On more than one occasion, when disagreements arose with customers, vendors, or other members of our team, Alon stood behind me — but only when my records and my position were correct. He has never been one to take sides for convenience; he stands up for what is right.

EXHIBIT
27
U.S. v. Alexander, 24 Cr. 676 (VEC)

I have also had the privilege of watching Alon as a husband and father. His wife and daughters visit the office from time to time, and anyone who sees him with them can tell how deeply he loves his family — it shows in his face and in the way he treats them. In our conversations, he has spoken warmly of his wife, and he has told me how much he hopes to grow their family further, so that his two daughters might one day have more siblings.

Alon's character extends to how he treats the people who work for him. He has consistently encouraged our company to invest more in recognizing and rewarding good employees, and it was in large part his advocacy that led us to raise the rewards we offer to our team. His generosity is not limited to words — he backs it up with action.

I have known Alon for nearly two decades, and in that time I have never known him to be anything other than honest, hardworking, kind, and devoted to his family and to the people around him. I respectfully ask the Court to consider the person I have described in this letter — the person I and so many others have come to know — as it determines the appropriate outcome in this matter. I would be glad to provide any further information the Court may find helpful.

Respectfully submitted,

Vivian Cheung
Controller, Kent Security

Hello, Honorable Judge:

My name is Golan Zigron, born in 1970. I was born and raised in Israel. Like every other Israeli, I served in the army and finished my service after 4 years. Since then, I have been working as a freelancer and today I own a small jewelry design business located in the place where I raised my children. My daughter's name is Shani Zigron. I raised her in the most respectful way and she worked as a successful model in Israel and also in the world. While she toured the modeling world almost everywhere possible, I accompanied her all over the world because I made sure she remained protected from the wider world and all the evil that exists in this world... Over the years, Shani grew and developed in the most successful way I could think of and of course started dating guys. I will never forget that the moment she met Alon, she of course examined everything around her as I taught her. And more than that, I remember Alon called me to ask me to go out with my daughter Shani. This was the first time a guy called me and ask me to go out with my daughter and since then he has treated me in a gentlemanly and respectful manner.

Despite the cultural differences between them, he is American and she is Israeli, they found common ground and managed to start a family and give birth to 2 lovely daughters, making me a proud grandfather. I would like to point out that my relationship with my daughter is an extraordinary one and I am the person she shares everything she goes through, both good and bad.. And I can attest to this that Shani loves Alon and appreciates him very much.

Shani and Alon's wedding was supposed to be in Israel on May 25, 2020 and everything was ready for the wedding. Shani and Alon were in the United States and then the Corona pandemic broke out. And in Judaism, if a date is set for a wedding, it is not acceptable to cancel it, so they changed all the plans and they got married in Miami without the presence of Shani's family and we did it over the phone. And in this case, Alon and his family, his parents and his brothers did everything so that we could come to be by Shani's side, my daughter, but without success. And again, Alon contacted me at the last minute and consulted with me about whether he would hold the wedding, and of course I agreed and said that we would celebrate together with the ocean separating us... and despite all this, a real connection was created between me and him, a connection that goes beyond these common interests and also of mutual love and respect, which I find incomprehensible to him. And after the birth of my first granddaughter a little over 5 years ago, I came to the US for the first time to visit both Alon and my lovely granddaughter, and in the process, my relationship with Alon and his brothers became a good one, and I could see what good people they were, who always had friends around them who wanted to be near them and asked for their help in every issue and matter, and they were always there for everyone. There are things that are difficult to express in writing, only by getting to know these people

EXHIBIT
28
U.S. v. Alexander, 24 Cr. 676 (VEC)

personally, who always know how to respect and speak in a proper way and go out of their way for other people. During one of my visits, I happened to be at a Thanksgiving dinner that is usually celebrated in the United States, and there I happened to meet many of the brothers' friends, and there was a moment when they all spoke and everyone praised Alon, Oren, and Tal, saying so many good things about them. It was truly a moving and genuine moment. The people spoke from the heart to the heart of everyone.

Unfortunately, we have reached this point where we have to write this letter, but I must point out that the person who treated and still treats my daughter as a gentleman This is behavior he learned at home from his parents' house and it is part of his personality and I can't imagine him acting differently in other situations. I can hear my granddaughter asking about her father in pain who acted as a great father while he was home and took care of their every need and gave them endless love. I can also hear my granddaughters talking to each other and praying that their father will come home. I can also hear the pain of my daughter wishing that her beloved husband would come home.. I can also see the pain in the eyes of the parents of the 3 children to come home. This pain is all around us all the time and all his friends will testify to this and we all pray all the time and every day that something good and real will happen and bring them home to his daughters and to his wife to their parents and everyone else... Amen

# Letter to the Honorable Valerie E. Caproni

**United States District Judge**
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Caproni:

My name is Shani Alexander. I am Alon's wife and the mother of our two daughters. I have shared nearly all of my adult life with him, and I respectfully ask that, when determining his sentence, you consider the person I know through the private, everyday moments of our life.

I never imagined that I would one day write a letter like this about my husband. I have started and stopped many times because I do not know how to put this pain into words. Still, it is important to me that Your Honor know who Alon is to the people who share their lives with him.

I met Alon when I was 21, while he was visiting Israel for his 30th birthday. Before our first date, I told him that I wanted him to pick me up from my home because it mattered to me that he make the effort to court me. He respected that and came to pick me up, then made sure I arrived home safely afterward. Long before he knew that I would become his wife and the mother of his children, he treated me with the same respect, care, and gentleness he gives me today.

Family was important to Alon from the beginning. When I came to the United States, he wanted me to meet his parents, and it was equally important to him to meet mine. He wanted to know the people who had shaped me and to welcome me into his family.

In March 2019, after we had been together for approximately a year and a half, Alon proposed to me early one morning. The proposal was a complete surprise. He had planned every detail, including having his parents and brothers nearby without my knowing. I still remember the moment he took out the ring and the emotion in both of our eyes.

I will never forget what Alon said that morning about joining two people and creating one family. Afterward, we celebrated over breakfast with his parents, brothers, aunts, and uncles. His brothers spoke about how happy they were for us. That morning showed me how seriously Alon understood the promise we were making to one another.

When the COVID pandemic began, we moved to Miami and lived with his brothers. We married on May 25, 2020, in a small wedding. We then found a home of our own because we wanted to have children and build a family together.

I became pregnant with our first daughter when I was 24 and with our second when I was 26. Our daughters are now four and five years old. I am 30, and nearly all of my adult life is a life I have built beside Alon.

During both pregnancies, Alon took care of me with the same attentiveness he later brought to fatherhood. He cooked for me and made sure I had healthy, nourishing food. His care for our daughters began before they were born, in the way he cared for their mother.

EXHIBIT
29
U.S. v. Alexander, 24 Cr. 676 (VEC)

Alon is someone people rely on. He is the person family and friends call when something goes wrong because they know he will answer and come. Some of my friends have chosen him as the emergency contact for their children. As a mother, I cannot think of a greater expression of trust. They trust Alon with the people most precious to them because they know he will protect and care for them.

I have also watched Alon turn that instinct to help into action. When a new Chabad rabbi came to Miami Beach and was trying to build a community, Alon brought furniture, introduced people to the rabbi, and helped bring more families into the community. When the group needed a larger space, Alon searched for possible locations with the rabbi and also went on his own.

After the rabbi found a potential space, Alon brought contractors to evaluate what it needed. He contributed to the new location and introduced the rabbi to other potential donors. He gave his time, resources, and connections because he wanted the community to have a place where it could grow.

Near his office in New York, Alon brought members of his staff to the Church of the Holy Apostles to cook for people in need. He cooked alongside them and then helped distribute the meals himself. He did not simply tell other people to help. He joined them in the work.

Alon has encouraged that same sense of responsibility in me. After our daughters were born, I felt lost because I could not immediately return to modeling. When I told him I was bored and did not know what to do with myself, he said, "Go help someone else." He told me that helping another person would give me more than simply finding a way to pass the time. He was right.

Alon introduced me to Lotus House, a women's shelter in Miami, where I began volunteering in the kitchen, sometimes weekly and sometimes twice a month. I continued until the trial began and I became overwhelmed by everything happening in our lives.

He also encouraged my involvement with Gift of Life and brought people to its annual gala events. Gift of Life is an organization that helps people with blood cancer and other diseases find matching donors who can help save their lives. One of the people he brought was his cousin, who was later identified as a matching donor and helped save another person's life. These stories may include things I did, but they reveal something essential about Alon: he wants the people around him to grow, to help, and to understand what they can give to others.

I know Alon most closely as a father. From the time our daughters were babies, he was fully involved in caring for them. He changed their diapers and helped me manage our home. He helped me at home and took part in organizing and managing the many things our family needed. He did not see these responsibilities as mine alone. He understood that we were raising our daughters and building our home together.

As they grew, he drove them to preschool and walked them all the way into their classrooms because it was important to him to see that they were safe and to greet their teachers each morning, always with a smile. He attended every parent meeting and read books aloud to the children in their classes. He wanted to understand our daughters' progress and needs and to be present for the daily details of their childhood. He does not only want to know the important milestones. He wants to be present for the daily details of their childhood.

Almost every day, Alon returned from work at approximately 5:30 because he did not want to miss dinner with us. Every morning, he prepared breakfast for the girls. He did not simply put food on a plate. He cooked for them as though he were a chef, paying attention to whether their food was healthy, nutritious, and made with clean ingredients.

Even now, while he is separated from us, he continues to care about their health. When he sees or hears information about children's nutrition, he sends it to me through email from the facility or tells me during our telephone calls. Even from where he is, he is still thinking about what they are eating, how they are growing, and how he can help me care for them.

In the mornings, we sat together while the girls ate and Alon prayed. I watched our daughters watch their father, learning from him without anyone needing to explain the lesson. It is such a simple moment, but to me, it is beautiful. They learn something from him without anyone having to explain it to them.

At night, he read them a bedtime story, but he never simply read the words. He gave every character a different voice, acted out the story, and did everything he could to make them laugh. These ordinary moments show the kind of father he is because he did them every day, with joy, simply because he loved being their father.

For almost two years, our daughters have lived without those daily moments. They miss him and ask about him every day. I fly to New York on Fridays to see Alon. Friday was always our family time, and now our daughters know it as the day their mother gets on an airplane to see their father.

They are only four and five years old. I still do not know how to explain something so complicated to children so young. I tell them that Daddy is going through "a challenge." It is the only explanation I have found that their little hearts can understand.

Judge Caproni, I understand the seriousness of the responsibility before you. I respect that responsibility, and I am not writing to tell the Court how to do its job. I am writing because Alon is my husband and my best friend, and because I know him in the moments no one else sees.

I know how he treats me when no one is around. I know the father who changed diapers, attended school meetings, prepared breakfast, and turned bedtime into a performance. I know the friend people call when they need help and the man who gives his time to his community. I know the person he is in the ordinary moments that will never appear in a headline or a courtroom.

Behind this case is also a family. There is a wife who loves her husband, and there are two little girls who do not understand courts, cases, headlines, or sentences. They only understand that they miss their father.

I respectfully ask, from the bottom of my heart, that when determining Alon's sentence, Your Honor see the whole person and consider the two young daughters who love him and need their father in their lives.

Thank you for taking the time to read my letter and for allowing me to share with you the real Alon.

Respectfully,

Shani Alexander

**The Honorable Valerie E. Caproni**

United States District Judge

Southern District of New York

500 Pearl Street, Courtroom 20C New York, NY 10007

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni,

My name is Yariv Gilat, and I am writing this letter to share my personal history with Oren, Tal, and Alon Alexander. I am a Project Manager residing in Florida.

I have known the Alexander family since approximately 1991. My sister is married to Gil Neuman, the brothers' uncle. At the time I first met the family, my immediate relatives were living abroad in Israel, leaving me without close family in the area during major holidays and milestones. Their mother, Orly Alexander, graciously opened her home to me, ensuring I always had a place at their family table for holiday gatherings.

Because of this, I have watched Oren, Tal, and Alon grow up over the past three decades. I recall playing soccer and hide-and-seek with them in the backyard when they were young children. Over the years, I have seen them mature into dedicated adults, husbands, and fathers. I have personally witnessed their deep commitment to their families, particularly Alon's devotion to his children.

Throughout the years, I have also personally attended charitable gatherings alongside the brothers where they actively contributed to and supported various community and humanitarian causes. I have seen firsthand their willingness to give back and leverage their resources to assist those in need, supporting organizations focused on youth mentorship, community welfare, and emergency relief efforts.

Despite the current legal circumstances and their convictions, I wanted to write to Your Honor to share the side of Oren, Tal, and Alon that I have known for over thirty years—a family who welcomed me when I was on my own, and who have consistently demonstrated strong family bonds, generosity, and genuine care for others.

I respectfully ask that Your Honor consider their long-standing personal character, their devotion to their families, and their history of supporting their community when determining the lowest appropriate sentence.

Respectfully submitted,

**Yariv Gilat**

EXHIBIT
30
U.S. v. Alexander, 24 Cr. 676 (VEC)

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)**

Dear Judge Caproni,

My name is Daniel Frenkel. I live in Israel and I work as a teacher for toddlers.

Since I was a small girl, I met Oren, Tal and Alon Alexander every year. Our families are connected from many years ago, so every visit to Israel, every family event, they were there. I grew up, they grew up, and we kept meeting — year after year after year.

What I remember most is that they never changed with us. Their lives in America became big and successful, but when they came to Israel they were the same boys. They hugged everyone. They remembered small details from the year before and asked about them. With our family they were never important people — they were just family.

My best memories are from those visits. Every time they came to Israel, they made sure to invite me — it was never me chasing them. We spent wonderful times together, and those days are some of my happiest memories from growing up. Alon especially stayed close to us always, and watching him as a father was something special — devoted, present, the kind of parent who is truly there for his children.

I know about their conviction and I do not take it lightly. But the person I saw year after year, my whole life, was kind and loyal to us, and I felt I had to tell the Court that too.

I ask the Court, with respect, for the lowest appropriate sentence. Thank you for reading my words.

Daniel Frenkel

EXHIBIT
31
U.S. v. Alexander, 24 Cr. 676 (VEC)

September 30, 2026

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re: *United States v. Alexander, et al, 24 Cr. 676 9VEC)*

Dear Judge Caproni:

We write this letter on behalf of Shani Alexander and her two lovely daughters, ages four and five. They are some of the kindest and most compassionate people that we know. Shani is a woman of great strength who will suffer but persevere through the challenges ahead of her. It is, however, with great sadness that we watch the two young girls navigate life without the presence of their caring father, Alon.

Alon was always an involved and dedicated father to his children and loving husband to his wife. Together, they set out to raise their kids with an upbringing rooted in morality, faith and community. Alon's presence within his family life was ubiquitous, and both Shani and Alon were an inseparable couple at school and kid's events.

Shani has now taken all parenting roles and responsibilities on her own shoulders. She is doing all that is possible. Alon's daughters are living with the void of their father's absence. These young girls are completely innocent in this process. Yet, they bear the wounds of their father and whatever punishment you decide. Thank you for your kind consideration.

Respectfully yours,

Katherine Rosen

Judd Rosen

EXHIBIT
32
U.S. v. Alexander, 24 Cr. 676 (VEC)

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni:

My name is Luis Gomez, and I respectfully submit this letter on behalf of my former colleague, Alon Alexander. I had the pleasure of working alongside Alon during his time with our team, and I am writing to share my personal experience with him and the character I observed during our professional relationship.

By way of background, I am a United States Navy veteran and have spent much of my professional career in human resources, operations, and executive leadership. I currently serve as an executive responsible for leading people and operations. I am also a parent. These different roles have given me a deep appreciation for accountability, integrity, professionalism, and, perhaps most importantly, how people treat those around them.

My military service taught me that character is demonstrated through actions, discipline, service, and respect for others. My experience as a human resources professional and executive has likewise required me to evaluate people and workplace conduct objectively, often in situations involving individuals from very different backgrounds and at different levels of an organization. Those experiences provide the perspective from which I write this letter.

During the time I worked alongside Alon, my interactions with him were consistently professional, respectful, and positive. I had the opportunity to observe him interacting with colleagues and others in the workplace, including both men and women. In my own experience, I never witnessed Alon behave toward me or others in a manner that caused me concern regarding his professionalism or respect for those around him.

One experience that has remained with me occurred in 2015, when I personally witnessed Alon participate alongside members of our Operations team in a community outreach effort at Holy Apostles Soup Kitchen, located at the Church of the Holy Apostles on 9th Avenue in Manhattan. Alon volunteered his time with our team to help serve members of the community in need. What stood out to me was that this was not part of his normal professional responsibilities. He was simply there alongside the rest of us, giving his time and participating in an effort intended to help others.

Having served in the military and later spent my career leading teams, I have always placed significant value on service and on people's willingness to contribute when there is no professional obligation to do so. Seeing Alon participate with our Operations team in that outreach effort gave me an opportunity to observe him outside the normal workplace setting. It remains one of the experiences I remember when reflecting on the person I knew professionally.

The Alon I knew was personable, composed, and respectful. He treated me well, communicated professionally, and was someone with whom I was comfortable working. My recollection of him is of a colleague who could interact constructively with different personalities and contribute positively within a team environment.

Given the circumstances that bring this letter before the Court, I believe it is particularly important that I be precise about what I can and cannot say. I cannot speak to events I did not witness or aspects of Alon's life that occurred outside of my experience with him. I can only speak truthfully about the person I

EXHIBIT
33
U.S. v. Alexander, 24 Cr. 676 (VEC)

personally encountered while working alongside him. During that period, I observed professionalism and respect toward people regardless of gender or background.

As someone who has spent years in human resources and leadership, I have learned to pay attention to everyday behavior. How someone treats colleagues, how they communicate when there is nothing to gain from the interaction, and whether they are willing to give their time to others can reveal meaningful aspects of their character. My professional experiences with Alon, including volunteering alongside him in 2015, left me with a positive impression in each of those respects.

I recognize the seriousness of Alon's conviction and do not offer my experiences to minimize the matters before the Court. I also understand that the Court has information and considerations far beyond the limited window through which I knew him. Nevertheless, I believe it is important that the Court hear an honest account of the Alon Alexander I personally knew.

As a veteran, former human resources professional, executive, and parent, I do not take lightly the decision to put my name behind a character letter. I am doing so because my firsthand experiences with Alon were consistently different from conduct I would associate with someone who lacked respect for others. The person I knew demonstrated professionalism, courtesy, a willingness to serve others, and respect in his interactions with me and in the interactions I personally witnessed.

I respectfully ask that the Court consider these observations, together with all of the other information before it, when determining an appropriate sentence and considering whether leniency is warranted.

Thank you, Your Honor, for taking the time to consider my perspective and for allowing me the opportunity to share my personal experience with Alon.

Respectfully,

9/23/2026

**Luis Gomez**
United States Navy Veteran
Executive – Operations & Leadership
Former Human Resources Professional
Parent

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York

**Re: Alon Alexander**

Dear Judge Caproni:

My name is Eyal Kadosh, and I am writing this letter regarding my neighbor, Alon Alexander. Alon became my neighbor around 2021, and during the years that I knew him as a neighbor, I had the opportunity to see a side of him that I believe is important for the Court to know before sentencing.

From the time Alon moved into our neighborhood, he made a real effort to bring the neighbors together and make our community safer. He encouraged the neighborhood to improve security and pushed for cameras to be installed throughout the area. He organized meetings so that neighbors could actually meet and know one another, and he created a WhatsApp group that allowed all of us to communicate and look out for each other.

For me, this was not just talk. I personally experienced how seriously Alon took the safety of his neighbors.

One day, while I was at the gym, the gate to my house was broken. Alon noticed people entering my property and immediately called me. Rather than simply ignoring what was happening, he confronted the situation and caused the individuals to leave. I believed at the time that they may have been attempting to steal another one of my cars. Whatever their intentions were, what I will always remember is that Alon saw something happening at my home while I was away and immediately acted to protect my property. He put himself in a potentially dangerous situation to help me.

That incident represents much of the Alon that I personally knew. Many of my memories of him involve helping neighbors, watching out for people's homes, communicating about security, and trying to create a neighborhood where people knew and protected one another.

I also came to know Alon as a husband and father. His wife, Shani, and their two beautiful young daughters were a major part of his life. I saw the love and attention he gave his children. Their home was often filled with family activities, friends coming over, barbecues, and children spending time together.

Since Alon has been away, I have also seen the effect his absence has had on his family. When I see Shani and the girls and speak with them, it is difficult not to see how much they miss him. The family I remember seeing together now feels incomplete. They are waiting and hoping for the day when Alon can be home with them again. Seeing his wife and young daughters going through this has been very

EXHIBIT
34
U.S. v. Alexander, 24 Cr. 676 (VEC)

difficult.

I understand that the Court is dealing with extremely serious matters, and I am not writing this letter to challenge the Court's findings or to minimize the seriousness of the case. I can only speak truthfully about the man I personally knew as my neighbor, the husband and father I observed with his family, and my own experiences with him.

When the Court considers Alon's sentence, I respectfully ask that it also consider this part of his life and character, as well as the impact his absence has had on his wife and young daughters. The Alon I personally knew was a father, husband and neighbor who brought people together, cared deeply about the safety of our community, and was willing to act when he believed one of his neighbors needed help.

Thank you for taking the time to read my letter and for considering my personal experience with Alon and his family as part of the information before the Court.

Respectfully,

Eyal Kadosh

Erez Maman
[redacted]

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Caproni:

My name is Erez Maman, and I am writing on behalf of my neighbor, Alon Alexander. I would like to share my personal experience with Alon and explain what his kindness has meant to me, my family, and our neighborhood.

I know Alon as a neighbor who made a real difference in my life at a time when I needed help. When my family and I moved into the neighborhood, we were trying to settle into a new home and find our place in a new community. There were many practical things to arrange, including finding reliable people to help maintain the house. When you are new to an area, even these everyday responsibilities can feel difficult. You do not yet know whom to call, whom to trust, or where to begin.

Alon helped make that transition easier. He took the time to connect me with people who could help care for and maintain our home. His assistance gave me a starting point and helped us feel more settled. What mattered to me was both the practical help and the welcome behind it. He made me feel that I had a neighbor I could turn to, someone who was willing to take time out of his own life to help my family get established.

That is why Alon became one of my favorite neighbors. My appreciation for him comes from the way he treated us personally. Moving into a house is one thing; feeling at home in a neighborhood is another. Alon helped us with both. I remember that kindness, and I believe it deserves to be described honestly and sincerely.

His efforts to bring people together extended beyond my family. Many of the neighbors lived close to one another without really knowing each other. Alon helped connect those households by bringing neighbors together for meet-and-greet gatherings, sometimes monthly and sometimes quarterly. These gatherings gave us a reason to stop, spend time together, and get to know the people living around us.

It may sound like a simple thing to arrange a neighborhood gathering, but someone has to make the effort. Someone has to care enough to reach out and help turn introductions into relationships. Alon was that person in our neighborhood. He understood the value of people knowing each other, and he helped create opportunities for those connections to grow.

For me, this is an important part of the person I have known. His contribution was visible in ordinary, everyday life: helping a new neighbor find the right people to maintain a home, making introductions, and bringing families together. These things matter because they shape how a community feels. They help people feel welcome and connected to the place where they live.

The connection between our families continues through our children. My children and Alon's children still play together every day. Their friendship remains a meaningful part of our lives and a continuing connection between our households.

EXHIBIT
35
U.S. v. Alexander, 24 Cr. 676 (VEC)

For approximately two years now, Alon's children have been without their father present in their daily lives. As a parent, and as a neighbor whose children spend so much time with his, I find that deeply sad. I do not want to speak for his children or pretend to know everything they feel. But I care about them, and I cannot describe our family's connection to Alon without acknowledging the long absence they have experienced.

Two years is a significant amount of time in a child's life. Children continue growing, learning, and changing throughout that time. Their everyday lives carry on, including the simple routine of playing with my children, while their father remains absent. I respectfully hope that their circumstances and their need for their father's presence receive compassionate consideration.

I understand that my perspective is a personal one. I can speak only about the Alon I have known and the experiences my family and I have had with him. I do not claim to know every part of his life or every matter others may be considering. My purpose in writing is to make sure that my own experience is heard: Alon welcomed us, helped us when we were new, and made a meaningful effort to connect the people around him.

When I think about him as a neighbor, I think about how much easier he made our arrival in the neighborhood. I think about the people he helped me find to maintain our home. I think about neighbors who came to know one another through the gatherings he helped bring together. And I think about our children, who continue to share their daily lives and friendships.

I am grateful for what Alon did for my family. The help he gave us has stayed with me, and his absence has not erased that gratitude. I felt it was important to put these experiences into words because they are part of his life and part of the impact he has had on others.

I respectfully ask that you give meaningful consideration to this account of Alon as a helpful neighbor, a person who brought families together, and a father whose children have been without his daily presence for approximately two years. I hope that my words offer a personal view of someone who made my family feel welcome and helped our neighborhood feel more like a community.

Thank you for taking the time to read my letter and consider my experience.

Sincerely,

Erez Maman
September 29, 2026

# CHARACTER LETTER FOR ALON ALEXANDER

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni,

My name is Itamar Cohen. I am 50 years old, an Israeli businessman and a former professional golfer. I represented Israel in golf and played professionally in the United States for approximately 15 years. Today, in addition to my business activities, I continue to represent Israel in senior amateur golf competitions around the world.

I am also the proud father of three children. Two of my children are currently serving as combat soldiers on the front lines in the Israel Defense Forces.

I have known Alon Alexander for nearly seven years, and during those years I have had the opportunity to know him not simply as an acquaintance, but as a close friend.

I would like to share several moments that I personally witnessed and that, to me, say a great deal about the kind of person Alon is.

## The Miami Golf Outing

One morning in Miami, Alon and I went to play golf together. Our tee time was at seven in the morning. Alon knew that I eat only kosher food, and he also knew that the golf course where we were playing did not have kosher food available.

After nine holes, we stopped briefly for something to eat. Without telling me anything beforehand, Alon had arranged for someone to bring me a kosher omelet and tomato sandwich so that I would have something to eat during our round.

It may sound like a very small gesture, but that is exactly why I remember it. I never asked him to do it. There was nothing for him to gain from doing it. He simply thought about his friend, remembered what was important to me, and quietly made sure that I was taken care of.

That is Alon.

## The Young Golfer in Caesarea

Several years ago, Alon and I were playing golf together at Caesarea Golf Club in Israel. When we reached one of the tees, there were two young boys from the club's junior golf program preparing to play in front of us.

Alon noticed that one of the boys was not wearing golf shoes and asked him why. The boy seemed embarrassed and did not answer.

I explained to Alon that the boy was part of a program that introduces children from families with limited financial means to golf, giving them an opportunity to spend their time in a positive and structured environment.

EXHIBIT
36
U.S. v. Alexander, 24 Cr. 676 (VEC)

Alon did not hesitate. He got into the golf cart, drove directly to the pro shop, and bought the boy a brand-new pair of golf shoes.

There was no discussion and no attempt to draw attention to what he was doing. He simply saw a young boy who needed something, and his immediate instinct was to help him.

That is Alon.

**The Soldiers in Tel Aviv**

On another occasion, Alon and I were having dinner at a restaurant on the beach in Tel Aviv. We were enjoying ourselves when Alon noticed a table of Israeli soldiers eating nearby.

At some point, the soldiers asked their waiter for the check. They were told that their bill had already been paid.

Alon had quietly taken care of their entire bill without telling the soldiers, without announcing it to anyone at our table, and without seeking any recognition for what he had done.

Nobody asked him to do it. He simply saw a group of young soldiers serving their country and decided, privately and spontaneously, that he wanted to do something kind for them.

That is Alon.

These three stories may appear to involve relatively simple gestures, but to me they reveal something important about Alon's character. In each instance, nobody asked him to do anything. There was no audience he was trying to impress and no benefit to him. His instinct was simply to notice another person and do something kind.

These are not stories I heard about Alon. They are moments I personally witnessed.

During the years I have known Alon, I have seen him as a father, a husband, a son, a brother and a friend.

Alon is a family man. Alon is a man of peace. Alon is a man of people. He cares deeply about the people around him. He has always treated me and my family with warmth, generosity and respect.

I understand the seriousness of the circumstances before the Court, and I do not write this letter to tell the Court how to do its job. I write only because I believe that when a person stands before a judge, the Court should also have the opportunity to hear from people who genuinely know that person and can speak about the human being they have known over many years.

In my Jewish faith, one of the most important days of the year is Yom Kippur, the Day of Atonement. It teaches us about responsibility, forgiveness, mercy and, most importantly, the possibility of redemption.

I believe that human beings should be judged for their actions, but I also believe deeply that a person's entire life and character should not be defined only by the worst chapter of his life.

The Alon Alexander I know is a man who loves his family, loves his friends, brings people together and has shown me personally, many times, what friendship, generosity and loyalty mean.

Alon is a friend I am not willing to give up on, and I never will.

I am proud to call Alon my friend.
I stand behind Alon.
And I stand behind every word I have written in this letter.
Every word I have said here is written in stone.

Thank you, Your Honor, for taking the time to read my letter and for considering my personal experience with Alon as you make your decision.

Respectfully,

**Itamar Cohen**

September 30, 2026

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)**

Dear Judge Caproni:

My name is Jordan Steffy, and I am writing in support of Oren, Tal, and Alon Alexander, whom I have known for more than twenty years.

By way of background, I am the founder of Attollo Prep, a nonprofit organization dedicated to developing and creating opportunities for young people, particularly students from underserved communities. I also serve in a number of business, philanthropic, and community leadership roles. I did not grow up with significant financial resources, and much of my life has been shaped by people who believed in me, opened doors for me, and showed me what was possible. The Alexander family has been among those people.

Over the course of more than two decades, the Alexander brothers and their family have become like a second family to me. I have watched Oren, Tal, and Alon work incredibly hard, build successful careers, bring people together, and inspire countless people around them. But what has always stood out most to me is their genuine enjoyment in seeing other people connect, succeed, and grow.

I experienced that generosity personally through my work with Attollo Prep. I remember reaching out to Alon before one of our fundraisers to ask if he would consider supporting the organization. His answer was immediately yes. But what has stayed with me all these years was not simply that he agreed to give. It was what he said along with it. He told me that he was honored to support us and that he was proud of the work we were doing.

That meant a great deal to me. When you are trying to build something from the ground up—particularly an organization devoted to creating opportunities for young people—you inevitably have moments when you wonder whether the work will succeed and whether other people truly see its value. Alon had a way of making me feel that the work we were doing mattered. There are relatively few people in life who make you feel that what you are building is important not just to you, but to your community and to society. He did that for me.

That encouragement was also backed by action. Over the years, the Alexanders have contributed tens of thousands of dollars to support our work and the young people we serve. Their support was never simply transactional. They believed in what we were trying to build and wanted to see it succeed. Their generosity affirmed for me that people who have been fortunate in life can use their resources, relationships, and encouragement to create opportunities for others.

Another memory that has stayed with me is attending Alon's law school graduation celebration. I remember looking around the room at his family and friends and being struck by the genuine love they had for one another. The Alexanders celebrated each other. They showed up for milestones, both big and small, and there was a closeness and sense of family that was unmistakable.

That may sound like a small observation, but it had a lasting effect on me. Because of my own background, I paid attention to examples of the kind of family and community I hoped to build one day. Seeing the way the Alexander family gathered around one another and celebrated each other made me want to recreate some of

EXHIBIT
37
U.S. v. Alexander, 24 Cr. 676 (VEC)

that same spirit within my own family. More than twenty years later, as a husband and father myself, that memory still means something to me.

These experiences are consistent with what I have witnessed from the brothers throughout our friendship. They have an extraordinary ability to connect people. They enjoy introducing people, creating relationships, celebrating the success of their friends, and helping people find opportunities. Over twenty years, I have seen them build a community around themselves that reaches far beyond business or professional success. People genuinely love being around them, and I believe much of that affection comes from the way they have made others feel welcomed, supported, and included.

For someone like me, who did not come from wealth or access, knowing their family had a meaningful impact on my life. I looked up to them. I saw people working relentlessly to create something for themselves while also being generous with what they had created. Their family welcomed me, encouraged me, and treated me as one of their own. Those experiences are part of my story and part of the person I became.

I understand the seriousness of the circumstances before the Court and that Oren, Tal, and Alon have been convicted of serious crimes. I do not write this letter to minimize those convictions, excuse their conduct, or suggest that the Court should disregard what occurred. I write because I have known these men for more than twenty years, and I believe it is important that the Court also hear from people who have experienced other dimensions of their lives and character.

The men I have known have been loyal friends, generous supporters, community builders, and people who have positively affected my life and the lives of many others. The good they have done does not erase the conduct for which they have been convicted. But I hope it can be considered as part of the full picture of who they are and the lives they have lived.

I respectfully ask the Court to consider these experiences, along with those shared by the many others whose lives they have touched, when determining an appropriate sentence. I hope the Court will extend whatever leniency it believes is appropriate and impose the lowest appropriate sentence under the circumstances.

Thank you for taking the time to consider my perspective and for allowing me to share what Oren, Tal, Alon, and their family have meant to me over the past twenty years.

Respectfully,

Jordan Steffy

Guy Blachman
[redacted]
Scarsdale, NY [redacted]
[redacted]
September 29, 2026

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re: United States v. Alexander, et al, 24 Cr. 676 (VEC)

Dear Judge Caproni,

My name is Guy Blachman. I am a software entrepreneur.

I met Alon Alexander in 2011, when he was a client of my company, MyBuilding. Over the years that followed, a business relationship became a friendship that has lasted to this day.
When I started Carson in 2017, Alon was one of our early investors. He was more than a source of capital. He introduced us to clients, and whenever I asked for help, he gave it.
Personally, Alon has been a loyal friend and a gentleman in every dealing I have had with him. He is devoted to his wife, Shani, and their two young daughters.

One example stays with me. In 2023, a close friend of mine who lived in Miami had a medical emergency involving one of his teenage sons. I asked Alon for help, and he immediately made calls to a Miami hospital to make sure my friend and his son received the best care.

I was shocked when I heard of the charges. They went against everything I have known of Alon in the last fifteen years. I understand the seriousness of the verdict and I do not write to minimize it. I write because the man I have known has shown me real generosity and decency, and I still hold him in respect. I respectfully ask the Court to consider these qualities and to impose the lowest sentence it finds appropriate.

Respectfully,

Guy Blachman

EXHIBIT
38
U.S. v. Alexander, 24 Cr. 676 (VEC)


20+
Sponsored
"Anthropic's Claude Cowork is an AI agent that actually works"
- WIRED
Try Claude
claude.ai
[redacted]
Hana Boulos
Dude, I'm pulled up in some ridiculous thing connected to you online for some rape with you and your brother. I need a fucking heads up. What the fuck I don't know who this person is. I'm just fucking taking it back.
See all
2w
If you accept, Hana Boulos will also be able to call you and may see info like your Active Status and when you've read messages. Choose who can message you
Block
Delete
Accept
[redacted]
990387&fbclid=IwZXh0bgNhZW0BMABhZGlkAasw5-dER4NicmlkETFBeVJCdmNRZ...
1:39 AM
2/26/2026
EXHIBIT
40
U.S. v. Alexander, 24 Cr. 676 (VEC)




EXHIBIT
41
U.S. v. Alexander, 24 Cr. 676 (VEC)



EXHIBIT
42
U.S. v. Alexander, 24 Cr. 676 (VEC)

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

Re: United States v. Alexander, et al., 24 Cr. 676 (VEC)

Dear Judge Caproni:

Thank you for reading this letter. It has been very difficult for me to write, and put this together, because I have felt that the only public information about my brothers' character has been through the trial. It is not an accurate portrayal of their character. To give the Court background, I am the original Alexander brother and the oldest. I am six years older than Tal and seven years older than Alon and Oren.

My brothers achieved heights in America most people only dream of. Tal and Oren worked in a highly competitive industry if not the most competitive in our country. And they got to the top and they died there. It was impressive by any stretch of the imagination. They are not and were not Scions of any fame, fortune, let alone real estate legacy as portrayed in the media. Our parents arrived in this country in 1975 on student visas and worked hard to achieve their version of the American dream. They still work hard and my brothers had it a little easier than I did being a little younger than me. My parents had more time and resources to spend on the three of them but it was not a foregone conclusion they would achieve any success of their own. Alon was more successful than Tal and Oren in my opinion early on. He got a law degree and started a branch of my parents security service provider business in New York at the same time. Tal and Oren were not well known at all in New York but they started to work as real estate brokers and found a little success here and there.

However, the buzz around them continued to grow and slowly so did their success in brokering real estate transactions. After college, they moved to New York and lived in a convertible two bedroom apartment together for at least five years before they started to earn enough money to rent a luxury home. They constantly entertained for their own sake and for the networking connections. It was so impressive it changed my life. I started to believe that anything was possible and that working for my parents was not the only option I had. Tal worked hard in youth in the competitive field of junior tennis on Florida. He managed to earn an athletic scholarship to a division one school. Tal has a big heart and is an emotional soul. He was selfish and his ego became large but he also taught us all how to live. A New Yorker in all sense of the word he took a liking to the finer things in life and he went out and worked hard for them. The most important part of their character is that they did spend a lot of time together being the life of the party. There was never not other people around being hosted and also at times other people paying the bills just to be around them.

EXHIBIT
47
U.S. v. Alexander, 24 Cr. 676 (VEC)

My brothers lives will never be the same. But neither will mine my parents and that's nothing still compared to their wives and children. Their wives miss them. Their children miss them. I beg of you to impose the lowest possible sentence on them.

Niv Alexander