# EXHIBIT 3

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 7, 2026

**BY EMAIL**
Ashley Geiser
U.S. Probation Officer Specialist
U.S. Probation Office, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,* 24 Cr. 676 (VEC)**

Dear Ms. Geiser:

The Government respectfully submits this letter to supplement its response to the objections raised by the defendants to the draft Presentence Investigation Reports ("PSR") in the above-captioned case. Specifically, this letter addresses the four-point enhancement pursuant to U.S.S.G. § 2A3.1(b)(1) as applied to Minor Victim-25 and Minor Victim-26. This letter also corrects an error in our original submission on page 33 relating to the enhancement as applied to Minor Victim-26.

**Minor Victim-25 (Paragraph 180 (Alon); Paragraph 200 (Oren); Paragraph 202 (Tal)):** The PSRs for Alon and Tal apply the enhancement because "Minor Victim-25 was drugged by the defendants." In contrast, the PSR for Oren applies the enhancement because "the defendant caused the victim to engage in a sexual act by using force against them." For Minor Victim-25, the Government believes that this enhancement is properly applied based on drugging, not force, as is done in Alon and Tal's draft PSRs, and we request that Oren's PSR be updated to conform with the other two.

**Minor Victim-26 (Paragraph 174 (Alon); Paragraph 206 (Oren), Paragraph 208 (Tal)):** All three PSRs apply the enhancement because "the defendant caused the victim to engage in a sexual act by using force against them." The position of the PSRs is correct, and the defendants' objections to this enhancement for the use of force against Minor Victim-26 should not result in any change to the PSR. (*See* Def. Obj. at 17).

As described in the Government's response to the defendants' factual objections to paragraphs 85-90 of Alon's PSR (Gov't Resp. at 12-13), which describe the assaults of Victim-9, Minor Victim-25, and Minor Victim-26, Minor Victim-26 testified, in painful detail, how Alon pressed her up against the sink in the hotel bathroom and "shov[ed] his fingers inside of [her], really hard, and really fast, and I could feel his nails scraping inside of me, and I could feel myself tearing, and it really hurt, and [being] so scared . . . so scared," before he then pushed her head down onto the

vanity and raped her from behind as she bled. (Tr. 1891-92). These actions encompass a significant use of force against Minor Victim-26 that merits the use-of-force Guidelines enhancement. (*See also* Gov't Resp. at 26).

The Government's initial response to the defendants' objections erroneously stated at page 33 that "[a]s to Minor Victim-26, the Government agrees the use-of-force enhancement is not applicable." This mistake resulted from confusing Minor Victim-26 with Minor Victim-25. The Government's correct position is the one taken in this letter: The U.S.S.G. § 2A3.1(b)(1) enhancement applies to both Minor Victim-25 and Minor Victim-26. For Minor Victim-25, the enhancement is based on drugging, and for Minor Victim-26, the enhancement may be based on either the use of force or drugging.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ___/s________________________
Kaiya Arroyo, Elizabeth A. Espinosa
Andrew Jones, Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381