AGNIFILO
INTRATER

October 20, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

**Re:** ***United States v. Alon Alexander, Oren Alexander & Tal Alexander*, 24 Cr. 676 (VEC)**

Dear Judge Caproni:

We submit this short letter to provide this Court with more information regarding Victoria Scott and Jennifer Sinnclair, who this Court has permitted to submit victim impact statements and speak at sentencing—despite the defense's contention that neither individual is a victim of the offenses of conviction.

Victoria Scott

Ms. Scott has sued Alon, Oren and Tal Alexander anonymously in New York, which is currently pending in the Southern District of New York. [redacted]. The defense is in possession of evidence at odds with her representations. If the government had called Ms. Scott, the defense would have elicited that Ms. Scott arrived at the brothers' apartment late on a Tuesday night at approximately midnight on May 25, 2016 and waited an hour for Alon Alexander. She called Alon at 1:09am, which is the time that she went into the brothers' apartment. Approximately 45 minutes later, Alon filmed a video with Ms. Scott to send to the mutual friend who introduced them. In that video, she says, "Thanks to you I found him." (*See* GX A-302-9.) She appears completely fine, happy, in fact. She does not look drugged, and is able to walk, talk and thank her friend for the introduction.

The defense would have established that this video was recorded after any sexual activity took place. The defense is in possession of Alon's Apple Health data, which shows that at the exact time the video was taken, Alon took 23 steps—the approximate distance from his bedroom to the front door of their apartment. Approximately a few minutes later, the Apple Health data reflects his last steps of the night, confirming that the video was taken *after* the sexual activity. There was no promise of dinner, there was no luring to Alon's apartment, there was no "thing of value," there was no drugged drink, and there was no stolen identification. This is a woman who drove to an apartment on a Tuesday night, arrived at midnight, stayed until Alon arrived at one in the morning, and departed less than one hour later—willingly and without incident.

Jennifer Sinnclair

With respect to Ms. Sinnclair, the Court recalled the [redacted] along with the high heels in the photographs she took of herself in the Las Vegas hotel room. We will not belabor that point. In addition, if she had testified, the defense would have shown that the correspondence leading to Ms. Sinnclair and her friend coming to the hotel was a text from Ms. Sinnclair's friend to Oren asking him "what are you up to today. . . ." Oren answered, "Having a PH party at cosmopolitan. Come." This is not a "thing of value." Additionally, after the alleged assault, the defense would have impeached Ms. Sinnclair's claim that she left immediately: the evidence shows that she instead waited in the hotel room for approximately two hours before leaving.

Additional Letters

As we prepare for October 27th, we realized that approximately ten letters were not included as exhibits in the sentencing memorandum. (*See* Ex. 48.) We respectfully request that the Court consider these letters in addition to the ones that have already been submitted.

Thank you for your consideration.

Respectfully submitted,

Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Jeanelle Gomez

*Attorneys for Alon Alexander*

Deanna Paul

*Attorneys for Tal Alexander*

cc: All counsel (via ECF and email)