**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 16, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,* S6 24 Cr. 676 (VEC)**

Dear Judge Caproni:

The Government respectfully submits this letter to briefly address issues raised in the defendants' letter from October 13, 2026 ("Def. Ltr."), including the issue of written and oral victim impact statements.

The defendants do not object to the submission of written victim impact statements or the expected oral victim impact statements that will be made on October 27, 2026. (*See* Dkt. 520 ("Def. Mem.") at 11, 117). Accordingly, the Court should receive all statements from victims who have submitted them to the Court already and who want to be heard at sentencing.[1] Though the defendants do not object to the Court receiving victim impact statements, they simultaneously ask that the Court in effect disregard them, at least for victims who have not testified. (*See* Def. Ltr. at 1-5; Def. Mem. at 113-17). The Court should not give the statements and accounts of these women such short shrift. Instead, the Court can and should consider the victim impact statements during sentencing and should afford the statements the weight the Court believes they deserve. *United States v. Eberhard*, 525 F.3d 175, 177 (2d Cir. 2008) ("The sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come.") (cleaned up). The defendants' citations to *United States v. Juwa*, 508 F.3d 694 (2d Cir. 2007), and *United States v. Dralle*, 175 F.4th 374 (2d Cir. 2026), do not suggest a different conclusion. (*See* Def. Mem. at 113). Those cases reaffirm the principle that "factual matters considered as a basis for [a] sentence must have some minimal indicum of reliability beyond a mere allegation." *Dralle*, 175 F.4th at 383 (quoting *Juwa*, 508 F.3d at 701). These cases held only that allegations contained only in a "bare-bones indictment," *Juwa*, 508 F.3d at 701, or in a police report where the Court "fail[ed] to make a determination as to the reliability of the information"

[1] The defendants' letter is wrong that the Court would have allowed the testimony of Victim-21 pursuant only to Federal Rule of Evidence 413. (*See* Nov. 24, 2025 Tr. at 62 (Court: "I think it's a close case, but I'm going to admit it as evidence of the conspiracy.")).

in the report, *Dralle*, 175 F.4th at 384, were insufficient but did not raise the burden beyond the "minimal indicum of reliability" standard. Although the Government does not anticipate asking the Court to make specific findings that were not proven at trial or described in the PSR, there is more than sufficient evidence to find that these assaults occurred. That evidence includes the victims' firsthand descriptions of these assaults in written and/or oral statements, the absence of any plausible incentive for these victims to speak falsely at sentencing, and the defendants' broader, proven pattern of sex trafficking and sexual abuse. The Court can and should also consider the scale of the harm that the defendants inflicted on scores of women, without needing to resolve the particulars of each claim. (*See* Def. Mem. at 1 (defendants, after being convicted of 19 collective counts of sex trafficking and sexual assault, offering only a non-specific apology "to the women they insulted or offended" for "conduct that was, at times, insensitive toward the feelings of certain women at certain times")). The Court should receive all written and oral victim impact statements and assign them appropriate weight at sentencing.

The letter also raised additional issues related to (1) the U.S.S.G. § 2A3.1(b)(6)(B) use-of-computer enhancement, (2) Probation's description of Tal as possessing the video of Oren raping Amelia Rosen, and [redacted] (Def. Ltr. at 6-10). *First*, the Government addressed the computer enhancement in its sentencing submission, which explained that as early as April 2009, Oren, Alon, Tal, and Mathew Lipman were all emailing about renting and inviting women to the house where Brooks was trafficked. (*See* Dkt. 521 ("Gov't Mem.") at 79-80 (citing GX 1008, 2C-104, B-303, B-304, A-407-3, A-408); *see also* Gov't Mem. at 42). In addition to this evidence that Alon and Tal had joined the conspiracy prior to Memorial Day weekend, their joint rape of a drugged Brooks in 88 Peconic that weekend provides further evidence of their earlier agreement. *See* U.S.S.G. § 1B1.3, app. n.3(B) ("[T]he court may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others."). And ultimately, the Court need not even find that Lipman himself was a member of the conspiracy, as the defendants willfully caused Lipman to recruit women and girls, including Brooks, to the house. (Gov't Mem. at 81). *Second*, the defense's issue with respect to Tal's PSR deals only with Probation's recommendation section and not the offense conduct section and thus does not need to be changed. [redacted]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ___/s________________________
Kaiya Arroyo, Elizabeth A. Espinosa
Andrew Jones, Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381