AO 245B (Rev. 11/25) Judgment in a Criminal Case (Form modified within District on November 19, 2025)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

UNITED STATES OF AMERICA
v.
Alon Alexander

## JUDGMENT IN A CRIMINAL CASE

Case Number: S6 24CR00676- 001 (VEC)

USM Number: 52665-511

Howard M. Srebnick
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☑ was found guilty on count(s) 1,3,4,5,10,11 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1594(c) | Conspiracy to Commit Sex Trafficking | 12/31/2008 | 1 |
| 18 U.S.C. §§1591(a) (b)(1), and 2 | Sex Trafficking by Force, Fraud, or Coercion (Victim-2) | 9/30/2016 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) open and underlying ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/27/2026
Date of Imposition of Judgment

Valerie Caproni
Signature of Judge

Valerie Caproni, U.S.D.J.
Name and Title of Judge

11.2.26
Date

DEFENDANT: Alon Alexander
CASE NUMBER: S6 24CR00676- 001 (VEC)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2422(a) and 2 | Inducement to Travel to Engage in Unlawful Sexual Act (Victim-2) | 9/30/2016 | 4 |
| 18 U.S.C. §§ 1591(a), (b)(2), and 2 | Sex Trafficking of a Minor (Minor Victim-3) | 5/31/2009 | 5 |
| 18 U.S.C. §§ 2241(a)(1), (b)(2), 3238, 7 and 2 | Aggravated Sexual Abuse by Force or Threat or Intoxicant (Victim-7) | 1/31/2012 | 10 |
| 18 U.S.C. §§ 2242(2)(B) 3238, 7 and 2 | Sexual Abuse by Physical Incapacitation (Victim-7) | 1/31/2012 | 11 |

DEFENDANT: Alon Alexander
CASE NUMBER: S6 24CR00676- 001 (VEC)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Thirty (30) years on Counts 1,3,5,10 and 11 to be served concurrently.
Twenty (20) years on Count 4 to be served concurrent to Counts 1,3,5,10 and 11.

☑ The court makes the following recommendations to the Bureau of Prisons:
Given the joint criminal conduct of this defendant and his co-defendant brothers (Oren Alexander, Reg. No. 52667-511 and Tal Alexander Reg. No. 50978-511), the Court recommends that the Bureau of Prisons consult with its sex offender specialists whether their tight familial bond and their history of being bad influences on each other would interfere with their ability to benefit fully from BOP treatment for sex offenders, such that they should be designated to separate facilities. To the extent the BOP decides to designate the three co-defendants to the same facility, the Court recommends they be designated to a facility in South Florida to facilitate family visits. The Court also notes that although defense counsel have represented that Oren and Alon Alexander are fraternal twins, they are very similar in appearance.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
- ☐ at __________ ☐ a.m. ☐ p.m. on __________ .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
- ☐ before 2 p.m. on __________ .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on __________ to __________

at __________ , with a certified copy of this judgment.

__________
UNITED STATES MARSHAL

By __________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Alon Alexander
CASE NUMBER: S6 24CR00676- 001 (VEC)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Ten (10) years on each count to be served concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Alon Alexander
CASE NUMBER: S6 24CR00676- 001 (VEC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone, other than your brother, has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date ________________

DEFENDANT: Alon Alexander
CASE NUMBER: S6 24CR00676- 001 (VEC)

## SPECIAL CONDITIONS OF SUPERVISION

Defendant must submit to a search of his person, property, residence, office, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), cell phones, and other devices or media used for electronic communications, data storage, cloud storage, or network storage. The probation officer may conduct a search only when there is reasonable suspicion that he has violated a condition of his supervision and that the areas to be searched contain evidence of the violation. The search must be conducted by a Probation Officer, although other law enforcement officers may assist. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.

Defendant must permit the Probation Office to install software that allows it to survey or monitor all activity on any electronic device that he will use during the term of supervision and that can access the internet (collectively, the "Devices"). The Probation Office is authorized to install such applications or software. The defendant must not tamper with or circumvent the monitoring capabilities. To ensure compliance with this condition, the defendant must allow the probation officer to exam any Device that is subject to monitoring on request. The defendant must notify any other person who uses the Device that it is subject to monitoring and examination. The defendant must provide the Probation Office advance notification if he plans to use any Device, and he may not use any Device without approval until compatibility with the monitoring software is determined and installation is completed. The defendant may access websites, chatrooms, messaging, and social networking sites only via the monitored Device's web browser unless the Probation Officer authorizes otherwise. The defendant must not create or access any internet service provider account or other online service using someone else's account, name, designation or alias. The defendant must not utilize any peer-to-peer or file sharing applications without the prior approval of his probation officer. The use of any Device in the course of employment will be subject to monitoring or restriction as permitted by the employer.

The defendant must undergo a sex-offense-specific psychological evaluation and participate in an outpatient sex offender treatment or outpatient mental health treatment program approved by the Probation Office. The defendant must abide by all rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing. The defendant must refrain from accessing websites, chatrooms, instant messaging, or social networking sites to the extent that the treatment program determines that such access would be detrimental to his ongoing treatment. The defendant must not view, access, possess, or download any pornography involving adults unless approved by the treatment provider. The defendant must waive his right of confidentiality in any records for mental health assessment and treatment received as a consequence of this judgment to allow the Probation Office to review the course of treatment and his progress with the treatment provider. The defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the treatment provider.

The defendant must not have deliberate contact with any child under 18 years of age, unless approved by the U.S. Probation Office. The defendant must not loiter within 100 feet of places regularly frequented by children under the age of 18, such as schoolyards, playgrounds, and arcades. The defendant must not view or access any web profile of users under the age of 18. This includes, but is not limited to, social networking websites, community portals, chat rooms or any other online environment that allows real time interaction with other users, without prior approval of his probation officer. The defendant may not view, access, possess, or download any sexually explicit material involving minors, including those created via morphing or other image creation format. The defendant must not view or possess any "visual depiction," however created, of "sexually explicit conduct" by a minor under the age of 18.

The defendant must not access any websites, chatrooms, instant messaging, or social networking sites where access is in violation of the terms of service given his criminal history.

The defendant must not have contact with any victim in this case. This includes any physical, visual, written, or telephonic contact with such persons. Additionally, he must not directly cause or encourage anyone else to have such contact with any victim.

The defendant must provide the probation officer with access to any requested financial information if he has not satisfied all financial penalties imposed in this case.

The defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

The defendant must report to the nearest Probation Office within 72 hours of release.

The defendant shall be supervised by the district of residence.

DEFENDANT: Alon Alexander
CASE NUMBER: S6 24CR00676- 001 (VEC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 600.00 | $ TBD | $ 300,000.00 | $ | $ 5,000.00 |

☑ The determination of restitution is deferred until 12/31/2026. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Alon Alexander
CASE NUMBER: S6 24CR00676- 001 (VEC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 305,600.00 due immediately, balance due

☐ not later than __________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
If all financial penalties have not been paid in full upon Defendant's release from prison, Defendant must pay at least 10% of his monthly gross income towards his financial obligations beginning 90 days after his release. If his income increases substantially, the Government can request that the percentage be increased.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
TBD

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.