# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

UNITED STATES OF AMERICA

- v. -

ALON ALEXANDER,

Defendant.

---------------------------------- x

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

S6 24 Cr. 676 (VEC)

WHEREAS, on or about January 15, 2026, ALON ALEXANDER (the "Defendant"), among others, was charged in eight counts of a twelve-count Superseding Indictment, S6 24 Cr. 676 (VEC) (the "Indictment"), with conspiracy to commit sex trafficking, in violation of Title 18, United States Code, Section 1594(c) (Count One); sex trafficking by force, fraud or coercion, in violation of Title 18, United States Code, Sections 1591 (a) and (b)(1), and (2) (Counts Three, Six, and Seven); inducement to travel to engage in unlawful sexual activity, in violation of Title 18, United States Code, Sections 2422(a) and 2 (Count Four); sex trafficking of a minor, in violation of Title 18, United States Code, Sections 1591(a) and (b)(2) and (2) (Count Five); aggravated sexual abuse by force or threat or intoxicant, in violation of Title 18, United States Code, Sections 2241(a)(1), (b)(2), 3238, 7, and 2 (Count Ten); and sexual abuse physical incapacitation, in violation of Title 18, United States Code, Sections 2242(2)(B), 3238, 7, and 2 (Count Eleven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Three, Five, Six, and Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1594, of any and all property, real and personal, involved in, used, or intended to be used to commit or facilitate the commissions of the offenses charged in Counts One, Three, Five, Six, and Seven of the Indictment; any and all property, real and personal,

constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One, Three, Five, Six, and Seven of the Indictment; and any all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in and proceeds traceable to the commission of the offenses charged in Counts One, Three, Five, Six, and Seven of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2428, of any and all property, real and personal, involved in, used, or intended to be used to commit or facilitate the commission of the offense charged in Count Four of the Indictment; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense charged in Count Four of the Indictment; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense and proceeds traceable to the commission of the offense charged in Count Four of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Ten and Eleven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2253, of any and all property, real and personal, used or intended to be used to commit or promote the commission of the offenses charged in Counts Ten and Eleven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Ten and Eleven of the Indictment;

WHEREAS, on or about March 9, 2026, the Defendant was found guilty, following a jury trial, of Counts One, Three, Four, Five, Ten, and Eleven of the Indictment;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the property the Government contends was involved in the offenses charged in Counts One, Three, Four, Five, Ten, and Eleven of the Indictment, as outlined in Exhibit A (the "Specific Property");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein; and

WHEREAS, if the Second Circuit reverses or vacates the Defendant's conviction on Counts One, Three, Four, Five, Ten or Eleven of the Indictment, then the Consent Preliminary Order of Forfeiture or Final Order of Forfeiture with respect to the Specific Property, as applicable, will not be vacated;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney James M. McDonald, United States Attorney, Assistant United States Attorneys Kaiya Arroyo, Elizabeth Espinosa, Andrew Jones, and Madison Smyser, of counsel, and the Defendant, and his counsel, Howard Srebnik, Esq., Jackie Perczek, Esq., and Jeanelle Gomez, Esq., that:

1. As a result of the offenses charged in Counts One, Three, Four, Five, Ten and Eleven of the Indictment, to which the jury found the Defendant guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant ALON ALEXANDER and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet website, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. If the Second Circuit reverses or vacates the Defendant's conviction on Counts One, Three, Four, Five, Ten or Eleven of the Indictment, then the Consent Preliminary Order of Forfeiture or Final Order of Forfeiture with respect to the Specific Property, as applicable, will not be vacated.

10. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[PAGE LEFT INTENTIONALLY BLANK]

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________ 11/12/2026
KAIYA ARROYO DATE
ELIZABETH ESPINOSA
ANDREW JONES
MADISON SMYSER

Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2226/-2216/-2249/-2381

ALON ALEXANDER

By: ______________________________ 11/13/26
ALON ALEXANDER DATE

By: Jeanelle Gomez 11/16/2026
HOWARD SREBNIK, ESQ. DATE
JACKIE PERCZEK, ESQ.
JEANELLE GOMEZ, ESQ.
Attorneys for Defendant
201 S. Biscayne Boulevard
Miami, FL 33131
(305) 371-6421

SO ORDERED:

______________________________ ______________
HONORABLE VALERIE E. CAPRONI DATE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## Specific Property

1. The following property seized from 3451 N. Meridian Avenue, Miami Beach, FL 33140, on or about December 11, 2024:

   a) 1B07:[1] Three SD Cards

      i. One Olympus xD-Picture Card (1GB)

      ii. One SanDisk Ultra MicroSDXC (64GB) and adapter

      iii. One Kingston MicroSDHC (4GB) and adapter

   b) 1B08: One Panasonic MicroSDHC (16GB) and SanDisk Card Reader

   c) 1B12: One Apple USB Dongle Model A1632 with SanDisk MobileMate USB 3.0 Reader and ADATA (64GB)

2. The following property seized from 2135 Lake Avenue, Miami Beach, FL 33140, on or about December 11, 2024:

   a) 1B15: One Apple Mac desktop with cord

   b) 1B16: One Motorola cellphone 50 / MP Quad Pixel

3. The following property seized from 432 Park Avenue, Apt 59C, New York, NY 10022, on or about December 11, 2024:

   a) 1B30: One Black WD hard drive

   b) 1B34: One Seagate hard drive

   c) 1B35: One Blue WD hard drive

   d) 1B36: Two Sony DV mini cassette tapes

4. 1B47: One black cellphone seized from the Defendant's cellblock in the Metropolitan Detention Center in Brooklyn, NY 11232, on or about March 18, 2025

5. 1B48: One black miniature cellphone seized from Alon and Tal Alexander's cellblock in the Metropolitan Detention Center in Brooklyn, NY 11232, on or about March 18, 2025

---

[1] Each item is identified by the FBI tracking number assigned to the item upon seizure.