**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/2026

November 16, 2026

MEMO ENDORSED

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*** **S6 24 Cr. 676 (VEC)**

Dear Judge Caproni,

The parties respectfully submit this joint letter regarding the judgments of convictions entered in the above-captioned case against defendants Alon Alexander, Oren Alexander, and Tal Alexander (the "Judgments"). (Dkts. 587-589). For the reasons outlined below, the parties ask the Court to amend each Judgment to identify the specific property that the defendants will forfeit, and the Government and counsel for Oren Alexander ask the Court to remove the assessment imposed on Oren pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act ("AVAA"), 18 U.S.C. § 2259(a)(3).

***Consent Preliminary Orders of Forfeiture***. As discussed in the Government's sentencing submission and in the Court's oral pronouncement of sentence on October 27, 2026, the parties have agreed on the forfeiture of certain of the defendants' electronic devices that were seized pursuant to searches of their residences on or about December 11, 2024, and while they were housed at the Metropolitan Detention Center in Brooklyn, New York. (*See* Dkt. 521 at 127; Oct. 27, 2026 Sentencing Tr. 190-192). The Consent Preliminary Orders of Forfeiture for Alon, Oren, and Tal Alexander, including an exhibit outlining the specific property to be forfeited, are attached to this letter as Attachments A, B, and C, respectively.

Each Judgment identifies the specific property forfeited by the defendants as "TBD." (Dkt. 587 at 8 (Tal); 588 at 8 (Alon); 589 at 8 (Oren)). Accordingly, and in accordance with the Court's oral pronouncement of sentence, the parties ask the Court to (1) amend the Judgments to incorporate the Consent Preliminary Orders of Forfeiture for each defendant and (2) incorporate by reference the attached exhibit outlining the specific forfeitable property on Page 8 of each judgment.

***AVAA Assessment as to Oren Alexander.*** The Court imposed a $50,000 on Oren Alexander pursuant to the AVAA, 18 U.S.C. § 2259(a)(3). (Dkt. 589 at 7). Section 2259(a)(3)

provides that "the court shall assess not more than $50,000 on any person convicted of a child pornography production offense." While Oren's conviction on Count 12 would ordinarily qualify him for this assessment, his conduct related to that count of conviction occurred in 2009, while the AVAA was passed in 2018. As a result, the parties request that the Court amend the judgment to remove the $50,000 assessment. *See* 18 U.S.C. § 2259B(d) ("It is the sense of Congress that individuals who violate this chapter prior to the date of the enactment of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, but who are sentenced after such date, shall be subject to the statutory scheme that was in effect at the time the offenses were committed.").

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s

Kaiya Arroyo
Elizabeth A. Espinosa
Andrew Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216
(212) 637-2249/-2381

Application GRANTED. The Court will make the parties' proposed amendments to the Judgments after the issue of restitution is resolved.

SO ORDERED.

11/19/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE